IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NORTH DAKOTA
WESTERN DIVISION

| | |
|---|---|
| FA ND CHEV, LLC and FA ND SUB, LLC<br><br>    Plaintiffs,<br><br>v.<br><br>Robert Kupper; Bismarck Motor Company; and BMC Marine LLC d/b/a Moritz Sport & Marine<br><br>    Defendants. | )<br>)  PROTECTIVE ORDER<br>)<br>)<br>)<br>)<br>)<br>)  Civil Action No. 1:20-cv-00138-DMT-CRH<br>)<br>)<br>)<br>)<br>)<br>) |

In order to protect information entitled to be kept confidential and to ensure that protection is afforded only to information entitled to protection, the Court hereby enters this Stipulated Protective Order ("Protective Order") pursuant to Fed. R. Civ. P. 26c)

**A.    Scope of the Protective Order**

1.    This Protective Order shall govern the protection and exchange of confidential documents, materials, and information disclosed, produced, given, or exchanged by and among the Parties and any non-parties in this case, including without limitation: documents and records produced, Fed. R. Civ. P. 26 disclosures by any Party, answers to interrogatories, responses to requests for admission, information obtained from inspection of premises or things, deposition testimony, information produced in any other form in response to discovery, and information disclosed pursuant to a subpoena or as part of any motions, briefs, or other filings. The terms "documents", "information", and "materials" used in this Protective Order refer to all such methods for the exchange of information described in this paragraph. This Protective Order applies to all Parties (and their attorneys, agents, and representatives) to this litigation and to non-parties who provide discovery information

pursuant to subpoenas from the Parties or as part of depositions in the case. It also applies to any individual who executes the attached *Exhibit I*.

**B.     Definitions**

3.      "Party" or "Parties" means a named party or parties in this case. "Person" means an individual or an entity. "Producer" means a Person who produces information via the discovery process in this case. "Recipient" means a Person who receives information via the discovery process in this case.

**C.     Designation and Protection of Confidential Information and Confidential Attorneys' Eyes Only Information**

4.      The Parties anticipate that discovery and disclosure will include the exchange of Confidential Information, including Confidential Attorneys' Eyes Only Information (as defined below in paragraphs 5 and 6, respectively). In the event a Party or non-party produces Confidential or Confidential Attorneys' Eyes Only Information, a Party may designate it in the following manner:

(a)    By imprinting the word(s) "Confidential" or "Confidential Attorneys' Eyes Only" on the first page or cover of any document produced, accompanied by a reference to the range(s) of Bates-numbered pages to which that designation refers;

(b)    By imprinting the word(s) "Confidential" or "Confidential Attorneys' Eyes Only" on each page of the document produced;

(c)    By imprinting the word "Confidential" or "Confidential Attorneys' Eyes Only" next to or above any response to a discovery request; and

(d)    With respect to transcribed testimony, by giving written notice to opposing counsel designating such portions as "Confidential" or "Confidential Attorneys' Eyes Only" no later than twenty-one (21) calendar days after receipt of the transcribed testimony. During the twenty-one (21) day period, counsel for the Parties shall treat the entire

transcript as if it had been designated as "Confidential" or "Confidential Attorneys' Eyes Only." Testimony that has been designated "Confidential" or "Confidential Attorneys' Eyes Only" on the record of the deposition shall be transcribed in a separate booklet marked accordingly on each page.

5. Any Party may designate as "Confidential" any documents, materials, and information provided or produced in the case, that the Party believes in good faith contains the following information: Sensitive commercial, proprietary, financial, business information, private information, and otherwise confidential information (collectively, the "Confidential Information").

6. Certain Confidential Information that constitutes sensitive personal confidential information or sensitive business or trade secrets that the designating Party believes in good faith is entitled to a higher level of protection because its disclosure of would be highly damaging to the Producer (the "Confidential Attorneys' Eyes' Only Information"), may be designated in writing by the Party as "Confidential Attorneys' Eyes Only."

7. A non-party that produces documents or appears for a deposition in this litigation, whether formally or informally, may designate documents, materials, or information as "Confidential" or "Confidential Attorneys' Eyes Only" pursuant to the standards described in the proceeding paragraphs. Further, if a Party determines in good faith that discovery documents, materials, or information produced by a non-party in the case contain Confidential Information or Confidential Attorneys' Eyes Only Information, that Party may so designate.

8. The categorization, designation, and restrictions on the use of information

3

designated as "Confidential" and "Confidential Attorneys' Eyes Only" are made without prejudice to further categorization, designation, and additional restrictions. In the event discovery proceeds into documents and information that a Party believes warrant further protections, the Parties will meet and confer to discuss appropriate additional protections. If they cannot agree on such protections, they may present the issue to the Court.

9.  Information is not entitled to be designated as Confidential Information or Confidential Attorneys' Eyes Only Information if it is generally disclosed in a printed publication disseminated to other Persons or entities; is generally known to the public; or was generally known to another Person or entity without obligation of confidentiality before the Producer disclosed it. Information is likewise not Confidential Information or Confidential Attorneys' Eyes Only Information if a Person lawfully obtained it independently of this litigation and that Person had the unrestricted right to do so when it was obtained by that Person.

10. A Producer may make documents or things containing Confidential Information or Confidential Attorneys' Eyes Only Information available for inspection and not mark them as "Confidential" or "Confidential Attorneys' Eyes Only" without forfeiting a claim of confidentiality, so long as the Producer causes copies of the documents or things to be marked in such a manner before providing them to the Recipient in hard copy or electronic form.

**D.     Use and Disclosure of Protected Material**

11. Information that is designated as "Confidential" or "Confidential Attorneys' Eyes Only" shall not be used for any purpose except for the prosecution or defense of this litigation unless authorized by further order of this Court. Nothing in this Protective Order shall preclude the Parties from requiring a separate protective order in any other litigation arising from the same or similar operative facts. But this restriction shall not apply to information that, at or prior to

4

their disclosure in this action, was generally known to the Recipients without obligation of confidentiality before the Producer disclosed it, is public knowledge, or which later becomes publicly disclosed by one having the unrestricted right to do so, or which is otherwise in the public domain.

12. A Party receiving information designated as "Confidential" shall treat such material as it treats its own Confidential Information, and shall use commercially reasonable efforts to prevent any inadvertent release of such Confidential Information.

13. Except as the Court may otherwise expressly direct and subject to the further conditions imposed by this Protective Order, information that is designated as "Confidential" may be disclosed only to:

(a) the Parties;

(b) in-house counsel for any Party;

(c) legal counsel of record for the Parties in this action;

(d) paralegals, assistants, clerks, secretaries, and other such personnel working under the supervision of legal counsel of record for the Parties in this action;

(e) expert witnesses and consultants, and their employees, hired by a Party to assist in the preparation and/or trial of the lawsuit, who agreed to be bound by the terms of this Protective Order by executing *Exhibit 1*;

(f) representatives, agents, officers, directors, or employees of the Parties to the extent such disclosure is necessary for the prosecution or defense of this litigation;

(g) the Court and its personnel;

(h) court reporters involved in transcribing proceedings in this matter;

(i) witnesses and potential witnesses who either (i) previously executed *Exhibit 1*; (ii) prepared the Confidential Information; (iii) have reviewed or seen the Confidential Information other than by virtue of the formal production of the Confidential Information in this litigation, or (iv) are the Person(s) about whom the Confidential Information pertains (and their counsel if in the context of a

        deposition or preparation for a deposition or trial);

    (j) employees of copying, imaging, and computer services providers for the purpose of copying, imaging, or organizing documents necessary to the prosecution or defense of this litigation, and who agreed to be bound by the terms of this Protective Order by executing *Exhibit 1*;

    (k) any other Person to whom disclosure is expressly authorized in writing by the Party or non-party who designated the information; and

    (l) Such other Persons by further order of the Court.

14.    Information that is designated as "Confidential Attorneys' Eyes Only" shall be treated in all respects as information designated as "Confidential,' with the added restriction that the information therein may not be disclosed by counsel of the Recipients to any Person other than:

    (a) legal counsel of record for the Parties in this action;

    (b) paralegals, assistants, clerks, secretaries, and other such personnel working under the supervision of legal counsel of record for the Parties in this action;

    (c) the Court and its personnel;

    (d) Court reporters involved in transcribing proceedings in this matter;

    (e) any retained or consulting expert, and their employees, hired by a Party to assist in the preparation and/or trial of the lawsuit, and who are not employed or otherwise associated with the Party, and have agreed to be bound by the provisions of this Protective Order;

    (f) Deposition witnesses who either (i) prepared the Confidential Attorneys' Eyes Only Information, (ii) have reviewed or seen the Confidential Attorneys' Eyes Only Information other than by virtue of the formal production in this litigation, or (iii) is the Person about whom the Confidential Attorneys' Eyes Only Information pertains; and

    (g) Any other Person or entity as to whom counsel for the designating Party or non-party agrees in writing.

15.    Prior to disclosing to any non-party any information designated as "Confidential or "Confidential Attorneys' Eyes Only" as permitted herein, and who must agree to the terms of the Protective Order (as set forth above), counsel for the disclosing Party shall provide the non-

party with a copy of this Protective Order, and obtain from the non-party a written acknowledgment in the form attached as *Exhibit 1*, stating that the non-party has read this Protective Order and agrees to be bound by its provisions. Counsel shall retain all such acknowledgments. If a non-party does not agree to be bound by this Protective Order, disclosure of the information at issue to such non-party is prohibited. However, nothing herein should be interpreted to mean that counsel accepts liability for, or indemnification on behalf of, the Parties or any third party with regard to that Party or third party's disclosure of such Confidential Information, including Confidential Attorneys' Eyes Only Information, in violation of this Protective Order.

### E.     Procedure for Filing Protected Material

16.     Any Party bound by this Protective Order that files a document with the Court containing information designated as "Confidential" or "Confidential Attorneys' Eyes Only," is authorized and required to file the document under seal. The Parties shall comply with the Court's procedures for filing documents under seal.

17.     The designation of documents to be filed under seal shall be made by placing on each page of the document (in such manner as will not interfere with its legibility) the words "FILED UNDER SEAL" in addition to any other designations under this Protective Order. Alternatively, the "FILED UNDER SEAL" designation shall be made on the first page or cover page of the document, accompanied by a reference to the range(s) of Bates-numbered pages to which that designation refers.

### F.     Challenges to Designations

18.     A Party may object to or challenge the designation of information as "Confidential" or "Confidential Attorneys' Eyes Only" by giving written notice to all Parties (including written notice to any non-party that has made the challenged designation). In

7

challenging the designation of any information as "Confidential" or "Confidential Attorneys' Eyes Only," the challenging party must identify in the written notice the document(s) or information challenged and must provide the legal basis for said challenge. The Part(ies) and non-part(ies) receiving the objection shall respond within ten (10) business days. If the Parties, including any non-parties that produced the information at issue, cannot resolve their challenges or objections within ten (10) business days from the notice of challenge, then the challenging Party may file with the Court a motion challenging the designation and bears the burden of going forward. Information designated as "Confidential" and "Confidential Attorneys' Eyes Only" which are subject to challenge shall maintain their designation and protected status under the terms of this Protective Order until such time as the Court rules on the challenge.

19.     A Party may elect to rescind or alter the designation of any information as "Confidential" or "Confidential Attorneys' Eyes Only" by providing written notice to all Parties of record of such election.

**G.     Inadvertent Production**

20.     If Confidential Information or Confidential Attorneys' Eyes Only Information is inadvertently produced without the legend (*e.g.*, "Confidential" or "Confidential Attorneys' Eyes Only") attached, or with an incorrect or improper designation, such information shall be treated nevertheless as Confidential Information or Confidential Attorneys' Eyes Only Information from the time the Producer advises the Recipient(s) in writing that such information should have been so designated. The Producer that made the inadvertent disclosure shall also provide all Parties with an appropriately labeled replacement document providing the designation or proper designation as the case may be. The Recipient(s) shall either return promptly or destroy the unmarked or incorrectly designated documents, and provide notice to the Producer of said return

or destruction.

21.     If a Party learns that, either by inadvertence or otherwise, it has disclosed Confidential Information or Confidential Attorneys' Eyes Only Information to any Person or in any circumstance not authorized under the Protective Order, that Party must immediately: (a) notify in writing counsel for the all Parties of the unauthorized disclosures, including all pertinent facts; (b) make every reasonable effort to prevent further unauthorized disclosure, including retrieving all copies of the Confidential Information or Confidential Attorneys' Eyes Only Information from the recipient(s) thereof; (c) inform the Person or Persons to whom unauthorized disclosures were made of all the terms of this Order; and (d) request such Person or Persons to execute the Acknowledgment attached hereto as *Exhibit I*. Compliance with the foregoing shall not prevent a Party from seeking further relief from the Court.

22.     The production of documents, electronically stored information, or information protected from disclosure under the attorney-client privilege, work product doctrine, or any other applicable privilege or immunity, whether produced inadvertently or otherwise, is not a waiver of the privilege or protection from discovery in this case or in any other federal or state proceeding.  This Protective Order shall be interpreted to provide the maximum protection allowed by Federal Rule of Evidence 502(d).  In the event such a disclosure is discovered, the receiving Party shall, without further reviewing the documents at issue, return all copies of such documents to the producing Party and shall not use such materials for any purpose. The return of any document to the inadvertently producing Party shall not preclude the receiving Party from moving the Court for a ruling that the document or information is not subject to any privilege or protection.

H.     **Return or Destruction of Protected Material**

23.    Within ninety (90) days after the final resolution of this action, including the expiration of any appellate review, all documents designated as "Confidential" and "Confidential Attorneys' Eyes Only" shall be returned to the Party or non-party that produced such documents, or destroyed. All counsel of record shall, upon request, make certification of compliance with this requirement and shall deliver the same to counsel for the Party or non-party that produced the documents not more than fourteen (14) business days after any such request.

24.    Notwithstanding the foregoing, counsel for each Party may retain an archival copy of all pleadings, motion papers, transcripts, legal memoranda, correspondence, and attorney work product, even if such materials contain information designated as "Confidential" and "Confidential Attorneys' Eyes Only." Any such archival copies that contain or constitute information designated "Confidential" or "Confidential Attorneys' Eyes Only" remain subject to this Protective Order.

I.     **Survival and Jurisdiction**

25.    The terms of this Protective Order shall survive any settlement, discontinuance, dismissal, judgment or other disposition of this action.

26.    Each Person that is shown information designated "Confidential" or "Confidential Attorneys' Eyes Only" or to whom such information is disclosed hereby submits him or herself to the personal jurisdiction of this Court, wherever he or she may reside, but only for the purpose of enforcing the terms of this Protective Order.

27.    Other than as addressed above in paragraph 22 as to inadvertent production, nothing in this Protective Order shall affect any question of attorney-client privilege, work product protection, or any other privilege or immunity, as these matters shall be governed by the

applicable law of privilege or immunity.

**J.      Legal Process**

28.     If a Party or non-party bound by the terms of this Protective Order is served with a subpoena, process, or court order issued in other litigation or similar proceedings, which order, process, or subpoena compels or requires disclosure of information designated in this case as "Confidential" or "Confidential Attorneys' Eyes Only", that Party or non-party must:

(a)     promptly notify the designating Party or non-party regarding the order or subpoena. Such notification must be in writing and shall include a copy of the subpoena or court order;

(b)     promptly notify the litigant that caused the subpoena or order to issue in the other litigation or proceedings that some or all of the material covered by the subpoena or order is subject to this Protective Order. Such notification must be in writing and must include a copy of this Protective Order;  and

(c)     reasonably cooperate in the protections and procedures the designating Party or non-party may reasonably wish to pursue, including but not limited to requesting the litigant in the other litigation or similar proceedings to sign *Exhibit I* agreeing to be bound by the terms of this Protective Order.

29.     If the designating Party or non-party timely objects or seeks a protective order in the other litigation or proceedings after being served a subpoena, process, or court order, the Party or non-party so served shall not be required to produce any information designated as "Confidential" or "Confidential Attorneys' Eyes Only" unless and until a determination is made by the court and only in compliance with any court order, unless the litigant seeking the information designated "Confidential" or "Confidential Attorneys' Eyes Only" has first obtained the designating Party's or non-party's permission. The designating Party or non-party shall bear the burden and expense of seeking protection of its own Confidential Information or Confidential Attorneys' Eyes Only Information and nothing in these provisions should be construed as authorizing or encouraging a Party or non-party bound by the terms of this Protective Order to disobey a lawful

directive from another court.

Dated this 19th day of March, 2021.

                                                So ordered:

                                                */s/ Clare R. Hochhalter*
                                                U.S. Magistrate Judge Clare R. Hochhalter
                                                United States District Court

Agreed to and submitted this 18th day of March, 2021.

          By: */s/ Anna S. Day*
             Maxwell N. Shaffer (PHV admission)
             Anna S. Day (PHV admission)
             Holland & Knight LLP
             1801 California Street, Suite 5000
             Denver, CO 80202
             (303) 974-6647
             maxwell.shaffer@hklaw.com
             anna.day@hklaw.com

             Robin Wade Forward (#05324)
             Stinson, LLP
             811 East Interstate Avenue
             Bismarck, ND 58503
             (701) 221-8603
             rob.forward@stinson.com

             Attorneys for Plaintiffs FA ND CHEV, LLC and FA ND SUB, LLC

Agreed to and submitted this 18th day of March, 2021.

             BAKKE GRINOLDS WIEDERHOLT

          By: */s/ Bradley N. Wiederholt*
             Randall J. Bakke (#03989)
             Shawn A. Grinolds (#05407)
             Bradley N. Wiederholt (#06354)
             Grant T. Bakke (#09106)
             300 West Century Avenue
             P.O. Box 4247
             Bismarck, ND 58502-4247
             (701) 751-8188
             rbakke@bgwattorneys.com
             sgrinolds@bgwattorneys.com
             bwiederholt@bgwattorneys.com
             gbakke@bgwattorneys.com

             Attorneys for Defendant Robert Kupper

Agreed to and submitted this 18th day of March, 2021.

        EVENSON SANDERSON PC

    By: */s/ Paul R. Sanderson*
       Paul R. Sanderson (#05830)
       1100 College Drive, Suite 5
       Bismarck, ND 58501
       (701) 751-1243
       psanderson@esattorneys.com

       Attorneys for Defendant Bismarck Motor Company

Agreed to and submitted this 18th day of March, 2021.

        NILLES LAW FIRM

    By: */s/ William Harrie*
       William Harrie (#04411)
       1800 Radisson Tower
       201 North Fifth Street
       P.O. Box 2626
       Fargo, ND 58108-2626
       (701) 237-5544
       wharrie@nilleslaw.com

       Attorneys for Defendant BMC Marine LLC d/b/a Moritz Sport & Marine

## EXHIBIT 1

### ACKNOWLEDGMENT

I certify that I have read and I understand the provisions of the Stipulated Protective Order ("Protective Order") entered on the ___ day of _____, 2020 by the Court in the civil lawsuit entitled *FA ND CHEV, LLC; and FA ND SUB, LLC v. Robert Kupper; Bismarck Motor Company: and BMC Marine LLC d/b/a Moritz Sport & Marine*, (Civil No. Civil No. 1:20-CV-00138-DMT-CRH) venued in the United States District Court for the District of North Dakota, Western Division.

As a condition precedent to my receipt and examination of information designated as "Confidential" or "Confidential Attorneys' Eyes Only" pursuant to the Protective Order, or of obtaining information derived from such, I agree that the Protective Order shall be deemed to be directed to and shall include me, and that I shall be bound by, shall observe, and shall comply with the terms and provisions of the Protective Order. I further agree that I shall be subject to the Court's enforcement and jurisdiction for any violation or attempted violation of the provisions of the Protective Order.

Dated: _____    _____
                                  Name (Printed)

                                  _____
                                  Relationship to this Litigation

**SUBSCRIBED AND SWORN BEFORE ME THIS ___ DAY OF _____, 20___**

_____
**Notary Public**