IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NORTH DAKOTA
WESTERN DIVISION

Civil No. 1:20-CV-00138-DMT-CRH

| | | |
|---|---|---|
| FA ND CHEV, LLC; and FA ND SUB, LLC | ) ) ) ) | |
| Plaintiff, | ) ) | **DEFENDANT ROBERT KUPPER'S COUNTERCLAIM AND JURY DEMAND** |
| v. | ) ) | |
| Robert Kupper; Bismarck Motor Company; and BMC Marine LLC d/b/a Moritz Sport & Marine, | ) ) ) ) | |
| Defendants. | ) | |

\*\*\*            \*\*\*            \*\*\*

COMES NOW Defendant and Counterclaim Plaintiff Robert Kupper and for his Counterclaim against Plaintiffs and Counterclaim Defendants FA ND CHEV, LLC and FA ND SUB, LLC, states and alleges as follows:

## PARTIES, JURISDICTION, AND VENUE

(1.)    Counterclaim Plaintiff Robert Kupper ("Kupper") is an individual residing in Mandan, North Dakota and is the previous owner of Kupper Chevrolet, Inc.

(2.)    Upon information and belief, Plaintiff and Counterclaim Defendant FA ND CHEV, LLC is a Delaware limited liability company of which Foundation Auto Holdings, LLC is a member. Upon information and belief, Foundation Auto Holdings, LLC is wholly owned by Foundation Automotive U.S. Corp. Upon information and belief, Foundation Automotive U.S. Corp. is a company incorporated in Delaware with a principal place of business in Canada.

- 1 -

**EXHIBIT**

**A**

tabbies

(3.)    Upon information and belief, Plaintiff and Counterclaim Defendant FA ND SUB is a Delaware limited liability company. Upon information and belief, Foundation Auto Holdings, LLC is the sole member of FA ND SUB. Plaintiffs and Counterclaim Defendants FA ND CHEV, LLC and FA ND SUB are hereinafter referred to as "Counterclaim Defendants[.]"

(4.)    Jurisdiction is proper in this Court pursuant to 28 U.S.C. § 1332(a)(1) because the parties are citizens of different states and the matter in controversy exceeds $75,000, exclusive of interest and costs.

(5.)    Venue is proper in this District pursuant to 28 U.S.C. § 1391(b)(2) because it is the District in which a substantial part of the events or omissions giving rise to the claims occurred.

## FACTUAL BACKGROUND

(6.)    On July 31, 2020, Counterclaim Defendants filed their *Complaint* (Doc. No. 1-2) and asserted, among other things, a breach of contract claim against Kupper related to the sale and purchase of five Chevrolet and Subaru motor vehicle and service businesses located in and around Mandan, North Dakota, as allegedly described in an Asset Purchase Agreement entered into between Foundation Automotive Corp. and Kupper Chevrolet, Inc. dated November 28, 2018, and subsequently amended. *Id.* at ¶¶ 1, 14. The sale and purchase was closed on June 21, 2019.

(7.)    The Asset Purchase Agreement was amended as described in a document entitled "First Amendment to Asset Purchase Agreement" ("First Amendment"), effective January 27, 2019, between Foundation Automotive Corp, as buyer, and Kupper Chevrolet, as seller. The First Amendment was executed by Kevin Kutschinski, President/CEO of Foundation Automotive Corp., and Robert Kupper, President of Kupper Chevrolet, Inc.

(8.)    Section 3 of the First Amendment entitled "**Purchase Price; Payment**" provides in relevant part:

Sections 2.1(d)-(e) are hereby deleted in their entirety and replaced with the following:

'(d)    The Maximum Earn Out Amount shall be subject to an earn out process subsequent to the Closing (the "Earn Out") as set forth in this Section 2.1(d). The opportunity for Seller to earn the Maximum Earn Out Amount shall have an indefinite period so long as the owners who own and control the Buyer as of the Effective Date (the "Owners") remain as majority owners and retain the ability to control the Buyer (the "Earn Out Period"). **In connection with the Earn Out, the Seller shall receive Seven Hundred Fifty Thousand Dollars ($750,000) per year (the "Base Earn Out Amount") when the Dealerships reach the normalized EBT threshold target of $2,500,000 for a calendar year.** Whether the Dealerships have met the EBT target shall be determined using the calculation methodology attached hereto as Exhibit D, which shall include both the Chevrolet and Subaru Dealerships. . . .

(e)    **In the event Buyer meets the EBT target identified above for a calendar year, Buyer shall pay Seller by wire transfer or other immediately available funds the Earn Out Amounts (subject to any offsets pursuant to Section 5.3 below) no later than fifteen (15) days following the completion of Buyer's annual reviewed accounting statements or May 1st of the following calendar year, whichever occurs sooner**. . . .[']

(9.)    Kupper filed his *Answer* (Doc. No. 11) to Counterclaim Defendants' *Complaint* on October 7, 2020.

(10.)    On or about August 3, 2021, Counterclaim Defendants produced to Kupper certain 2020 General Motors Dealer Operating Reports ("GM Reports") and certain 2020 Subaru Dealer Financial Statements ("Subaru Statements"). The GM Reports and Subaru Statements are required to be completed by Plaintiffs on a monthly basis and then provided to either GM and/or Subaru. The GM Reports and Subaru Statements outline Plaintiffs' financial position for each month.

(11.)    Counterclaim Defendants were the sole owners and operators of Kramer Chevrolet & Subaru for the entire year of 2020, as Kupper had sold and Counterclaim Defendants had purchased the dealership prior to that year on June 21, 2019.

(12.)    As evidenced by the 2020 GM Reports and Subaru Statements, Kramer Chevrolet & Subaru achieved normalized earnings before taxes greater than $2,500,000 for the 2020 calendar

year.  As a result, Counterclaim Defendants were obligated to pay Kupper a base earn out amount totaling $750,000 pursuant to Section 2(d) of the Purchase Agreement, as amended by Section 3 of the First Amendment. Pursuant to Section 2(e) of the Purchase Agreement, as amended by paragraph 3 of the First Amendment, that payment was required to be made by at the latest May 1, 2021.

(13.)   In violation of the express provisions of Sections 2.1(d) and 2.1(e) of the Purchase Agreement, as amended by Section 3 of the First Amendment, Counterclaim Defendants failed to pay Kupper the $750,000 base earn out amount by the required date or at any time thereafter.

(14.)   Pursuant to Section 9.7 of the Purchase Agreement, "in any proceeding or other attempt to enforce, construe or to determine the validity of this Agreement or any Related Agreement, the nonprevailing Party will pay the reasonable expenses of the prevailing Party, including reasonable attorneys' fees and costs."

(15.)   Counterclaim Defendants' material breach of the earn out provisions of the Purchase Agreement, as amended by the First Amendment, entitles Kupper to recovery of his reasonable expenses from Counterclaim Defendants', including reasonable attorneys' fees and costs.

## COUNT 1—BREACH OF CONTRACT

(16.)   Kupper incorporates herein by reference all prior paragraphs of this Counterclaim.

(17.)   The Purchase Agreement, as amended in relevant part by the First Amendment, is a valid contract between Kupper and Counterclaim Defendants.

(18.)   Counterclaim Defendants materially breached Section 2.1(d) and 2.1(e) of the Purchase Agreement, as amended by Section 3 of the First Amendment, by failing to pay Kupper the base earn out amount totaling $750,000 by May 1, 2021.

(19.)   As a result of Counterclaim Defendants' material breaches, Kupper has been damaged in an amount totaling $750,000, plus interest accruing since on or before May 1, 2021.

(20.)   To the extent Counterclaim Defendants continue to be in breach of Sections 2.1(d) and 2.1(e) of the Purchase Agreement, as amended by the First Amendment, Kupper also requests recovery of all future earn out payments as they become due and owing.

(21.)   As a result of Counterclaim Defendants' material breaches, Kupper is entitled to recovery from Counterclaim Defendants the reasonable expenses incurred by Kupper in this action, including attorneys' fees and costs.

## PRAYER FOR RELIEF

(22.)   WHEREFORE, Defendant and Counterclaim Plaintiff Robert Kupper prays for judgment against Plaintiffs and Counterclaim Defendants FA ND CHEV, LLC and FA ND SUB, LLC as follows:

1.   For judgment against FA ND CHEV, LLC and FA ND SUB, LLC, jointly and severally, and in favor of Robert Kupper in an amount to be proven at trial, but in excess of $750,000, plus interest;

2.   For judgment against FA ND CHEV, LLC and FA ND SUB, LLC, jointly and severally, and in favor of Robert Kupper, in the amount of Kupper's reasonable expenses incurred in this action, including reasonable attorneys' fees and costs.

3.   For costs and disbursements herein; and

4.   For such other relief as the Court may deem just and proper.

DEFENDANT AND COUNTERCLAIM PLAINTIFF ROBERT KUPPER HEREBY DEMANDS A JURY OF THE MAXIMUM SIZE ALLOWED BY LAW ON ALL ISSUES TRIABLE TO A JURY IN RELATION TO KUPPER'S COUNTERCLAIM.

Dated this ___ day of September, 2021.

BAKKE GRINOLDS WIEDERHOLT

By:_____

Randall J. Bakke (#03989)
Shawn A. Grinolds (#05407)
Grant T. Bakke (#09106)
300 West Century Avenue
P.O. Box 4247
Bismarck, ND 58502-4247
(701) 751-8188
rbakke@bgwattorneys.com
sgrinolds@bgwattorneys.com
gbakke@bgwattorneys.com

Attorneys for Defendant, Robert Kupper

## CERTIFICATE OF SERVICE

I hereby certify that on September __, 2021, a true and correct copy of the foregoing **DEFENDANT ROBERT KUPPER'S COUNTERCLAIM AND JURY DEMAND** was filed electronically with the Clerk of Court through ECF.

ATTORNEY FOR PLAINTIFF:

Robin Wade Forward (#05324)
Stinson, LLP
424 South Third Street, #206
Bismarck, ND 58504
rob.forward@stinson.com

Maxwell Shaffer
Andrew Albaugh
Holland & Knight LLP
1801 California Street, Suite 5000
Denver, CO 80202
maxwell.shaffer@hklaw.com
andrew.albaugh@hklaw.com

ATTORNEY FOR DEFENDANT BISMARCK MOTOR COMPANY:

Paul R. Sanderson (#05830)
Evenson Sanderson PC
1100 College Drive, Suite 5

- 7 -

Bismarck, ND 58501
psanderson@esattorneys.com

ATTORNEY FOR DEFENDANT BMC MARINE LLC D/B/A MORITZ SPORT & MARINE:

William Harrie (#04411)
Nilles Law Firm
1800 Radisson Tower
201 North Fifth Street
P.O. Box 2626
Fargo, ND 58108-2626
wharrie@nilleslaw.com

By: _____
        RANDALL J. BAKKE