## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF NORTH DAKOTA

| | | |
|---|---|---|
| FA ND Chev, LLC and FA ND SUB, LLC, | ) ) ) | |
| Plaintiffs, | ) ) | **ORDER** |
| vs. | ) ) ) | |
| Robert Kupper; Bismarck Motor Company; and BMC Marine LLC d/b/a/ Moritz Sport & Marine, | ) ) ) ) | Case No. 1:20-cv-138 |
| Defendants. | ) ) | |

On May 17, 2022, Plaintiffs FA ND CHEV, LLC, and FA ND SUB ("Plaintiffs" or "FA ND Entities") filed a Motion to Enforce the Stipulated Protective Order and a Motion for Sanctions. (Doc. Nos. 80, 81). They argue Defendant Robert Kupper ("Kupper") has been improperly using information disclosed under the terms of the protective order in a related case, BAPTKO, Inc. v. Foundation Automotive Corp., et al., No. 1:21-cv-183 ("BAPTKO litigation"). For the reasons that follow, Plaintiffs' Motion to Enforce the Stipulated Protective Order (Doc. No. 80) is **GRANTED**, and their Motion for Sanctions (Doc. No. 81) is **DENIED**.

## I.      BACKGROUND

This action arises following a business transaction involving the sale and purchase of motor vehicle and service businesses ("dealerships") in June 2019. The transaction consisted of Kupper selling five Chevrolet and Subaru dealerships located in and around Mandan, ND. This transaction also included non-competition and non-solicitation agreements between Kupper and Plaintiffs.

Plaintiffs allege that Kupper violated the agreements "almost immediately" by conspiring

1

"to take back" the business Kupper had sold to Plaintiffs. (Doc. No. 77). Plaintiffs assert Defendants engaged in recruiting multiple employees away from Plaintiffs, and that Kupper publicly defamed Plaintiffs' business reputation. (Id.). "Plaintiffs are alleging damages in the nature of lost profits, loss of goodwill, loss of valuable employees, loss of clients and customers, the impairment of Plaintiffs' future earning capacity, and damage to business reputation." (Doc. No. 69) (quotations omitted). Defendants deny these allegations and Kupper asserts that any employees who have left Plaintiffs' businesses did so because of Plaintiffs' mismanagement. (Id.).

On September 27, 2021, BAPTKO Inc. ("BAPTKO") filed the related complaint in the BAPTKO litigation. (Case No. 1:21-cv-183 Doc. No. 3). In that case, the FA ND Entities are defendants. Kupper argues the only reason the BAPTKO litigation was commenced was because the FA ND Entities objected to Kupper's motion for leave to file a counterclaim in this case based on his standing. (Doc. No. 82). In their response to his motion for leave to file a counterclaim, the FA ND Entities did argue Kupper lacked standing to bring the counterclaim in this litigation. (Doc. No. 51). Kupper eventually withdrew his motion to add a counterclaim and pursued the BAPTKO litigation instead. (Doc. No. 53).

## II.     LEGAL STANDARD

The relevant portion of the protective order states, "Information that is designated as 'Confidential' or 'Confidential Attorneys' Eyes Only' shall not be used for any purpose except for the prosecution or defense of *this* litigation unless authorized by further order of this Court." (Doc. No. 30) (emphasis added). The protective order also limits who the parties can disclose this information to, including the parties' attorneys, expert witnesses and consultants, the Court,

and others. (Id.). FA ND CHEV, LLC, FA ND SUB, LLC, Kupper, Bismarck Motor Company,

and BMC Marine LLC are the only parties to the protective order in this case. (Id.).

Rule 37(b)(2), Fed. R. Civ. P., allows a court to sanction a party for disobeying a

discovery order. The rule states,

(A) *For Not Obeying a Discovery Order.* If a party or a party's officer, director, or managing agent—or a witness designated under Rule 30(b)(6) or 31(a)(4)— fails to obey an order to provide or permit discovery, including an order under Rule 26(f), 35, or 37(a), the court where the action is pending may issue further just orders. They may include the following:

(i) directing that the matters embraced in the order or other designated facts be taken as established for purposes of the action, as the prevailing party claims;

(ii) prohibiting the disobedient party from supporting or opposing designated claims or defenses, or from introducing designated matters in evidence;

(iii) striking pleadings in whole or in part;

(iv) staying further proceedings until the order is obeyed;

(v) dismissing the action or proceeding in whole or in part;

(vi) rendering a default judgment against the disobedient party; or

(vii) treating as contempt of court the failure to obey any order except an order to submit to a physical or mental examination.
. . .

(C) *Payment of Expenses.* Instead of or in addition to the orders above, the court must order the disobedient party, the attorney advising that party, or both to pay the reasonable expenses, including attorney's fees, caused by the failure, unless the failure was substantially justified or other circumstances make an award of expenses unjust.

### III.    DISCUSSION

### A.    Compliance with the Protective Order

The FA ND Entities argue Kupper should be required to comply with the protective order. They argue Kupper violated the protective order when he shared information subject to the protective order with BAPTKO. To support this claim, the FA ND Entities point to exhibits BAPTKO filed in the related litigation that were marked "Confidential" or "Confidential Attorneys' Eyes Only" by the FA ND Entities. Kupper does not deny that he shared the information with BAPTKO. Instead, he argues BAPTKO "has a contractual right to the financial information at issue because absent access to such information, BAPTKO could never enforce its contractual earnout rights." He further asserts, "Although BAPTKO is a separate legal entity, considering Bob Kupper has always been its officer, sole owner and will ultimately be the sole beneficiary of any recovery by BAPTKO in relation to the earn out provision, they are essentially one and the same in relation to the earn out provision dispute."

The Court previously said, "The discovery process in this case has been complex and challenging for the parties to navigate amicably." (Doc. No. 161). That notion holds true with the underlying motion. Plaintiffs are correct BAPTKO is a separate legal entity and not a party to this lawsuit. While Kupper argues BAPTKO has a right to see the information it used in the related litigation, it did not follow the proper protocol to obtain that information. BAPTKO made the deliberate and voluntary choice to bring its claims in a separate lawsuit, instead of allowing the Court to rule on Kupper's motion to add a counterclaim. Because BAPTKO made this choice, the proper procedure to comply with the protective order would have been to obtain the

information at issue during the discovery process in the BAPTKO litigation or seek leave of the Court to use the information in the other lawsuit.

However, the Court recognizes the practical reality of the situation. Kupper asserts he is the sole owner and officer of BAPTKO. The litigation is also intricately intertwined with the BAPTKO litigation. It would be difficult for Kupper and Kupper's counsel to work on one lawsuit, "forget" information they know from that lawsuit, and then turn to the other lawsuit. Nevertheless, they are separate parties in separate lawsuits, and even though they are the same people it does not excuse their refusal to follow the proper procedures. Kupper agreed to be bound by the terms of the protective order. Therefore, he should have followed the rules he agreed to and waited until the information was turned over in discovery in the BAPTKO litigation or requested leave of the Court. The Court cautions Kupper to follow the proper procedures moving forward and advises him to review the protective order given his repeated attempts to circumvent it. (See Doc. No. 61).

**B.      Sanctions**

Plaintiffs ask the Court to sanction Kupper for violating the protective order. However, they do not define what sanctions they believe are appropriate. Instead, they state, "the Court should quell Kupper's misuse of Plaintiffs' confidential information and prohibit him from disclosing confidential materials in any manner–through use, disclosure, or otherwise–in the BAPTKO Litigation."

The Court does not believe sanctions are appropriate under Rule 37(b)(2). The FA ND Entities never responded to BAPTKO's motion to file some of the information under seal in the BAPTKO litigation. This information is the same information they now complain Kupper

5

inappropriately shared with BAPTKO. Although they are now distressed that Kupper shared this information with BAPTKO, they did not take the opportunity to respond when some of it was at risk of becoming public. (See BAPTKO litigation Doc. No. 24). Because of this, the Court does not believe sanctions are warranted and an award of expenses would be unjust.

## IV.    CONCLUSION

For the reasons articulated above, the Court **GRANTS** Plaintiffs' Motion to Enforce the Stipulated Protective Order (Doc. No. 80) and **DENIES** their Motion for Sanctions (Doc. No. 81).

**IT IS SO ORDERED.**
Dated this 25th day of January, 2023.

*/s/ Clare R. Hochhalter*
Clare R. Hochhalter, Magistrate Judge
United States District Court

6