**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NORTH DAKOTA**

| | |
|---|---|
| FA ND Chev, LLC; and<br>FA ND Sub, LLC<br><br>                              Plaintiffs,<br><br>vs.<br><br>Robert Kupper;<br>Bismarck Motor Company; and<br>BMC Marine LLC, d/b/a Moritz Sport &<br>Marine,<br><br>                              Defendants. | Case No. 1:20-cv-00138 |
| BAPTKO, Inc.,<br><br>                Plaintiff/Counter Defendant,<br><br>vs.<br><br>Foundation Automotive Corp., an Alberta<br>Corporation;<br>FA ND CHEV, LLC; and<br>FA ND SUB, LLC;<br><br>              Defendant/Counter Claimant | Case No. 1:21-cv-00183 |

**ORDER TO CONSOLIDATE CASES**

[¶1]    THIS MATTER comes before the Court after the Court ordered the Parties to show cause why the above-captioned cases should not be consolidated. FA ND Chev, LLC; and FA ND Sub, LLC (collectively, the "Plaintiffs") do not oppose the consolidation of the two lawsuits because the cases involve common questions of law and fact and will require the same legal determination

regarding the interpretation of the same contractual provisions. Robert Kupper; Bismarck Motor Company; and

BMC Marine LLC, d/b/a Moritz Sport & Marine (collectively, the "Defendants") are in agreement these cases should be consolidated but they raise concerns about maintaining the current trial date in the FA ND Chev case, completing discovery and dispositive motions in the BAPTKO case, allowing discovery completed in either case be binding as to all parties, and the potential need for a cautionary instruction to the jury. Likewise, BAPTKO, Inc. ("BAPTKO") is in agreement with consolidation and raises the same concerns as Defendants. Foundation Automotive Corp., an Alberta Corporation; FA ND CHEV, LLC; and FA ND SUB, LLC (collectively, the "Defendants-Counterclaim Plaintiffs") agree the cases should be consolidated and ask the Court to conduct additional scheduling proceedings and reset deadlines to allow for additional fact and expert discovery necessary to bring the disputed issues in the BAPTKO case in line with FA ND Chev case.

[¶2]    Rule 42(a) of the Federal Rules of Civil Procedure, provides the Court discretion to consolidate cases when the actions "involve common questions of law or fact" and "to avoid unnecessary cost or delay." Fed. R. Civ. P. 42(a); E.E.O.C. v. HBE Corp, 135 F.3d 543, 550 (8th Cir. 1998). "The primary purpose of consolidation is to promote convenience and judicial economy." Millman v. United Tech., Corp., No. 1:16-cv-312, 2017 WL 1165081 at *3 (N.D. Ind. Mar. 28, 2017).

[¶3]    The Court has considered the record in these matters and concludes consolidation is appropriate. The two actions arise out of essentially the same facts and circumstances and will require the same legal determinations regarding the interpretation of the same contractual provisions. Separate trials would create unnecessary burdens for both the Parties and witnesses.

- 3 -

Consolidation will also conserve the resources of the Parties and the Court. Therefore, the Court **ORDERS** the following:

1. The above-captioned cases shall be **CONSOLIDATED**;

2. Case Number 1:20-cv-00138 is designated as the lead case;

3. All future filings shall **only be filed in the lead case** (Case Number 1:20-cv-00138); and

4. The Caption of all future filings shall include the lead Case Number, 1:20-cv-00138.

[¶4]    The Parties are directed to meet and confer to propose a new scheduling plan for the Court's review. The Parties shall also discuss adopting a new protective order or vacating the current protective order to resolve the recurrent protective order issues. The Parties shall email the new proposed plan to Magistrate Judge Clare R. Hochhalter by June 1, 2023, so the Court may hold a scheduling conference for the consolidated case.

[¶5]    **IT IS SO ORDERED.**

DATED May 11, 2023.

Daniel M. Traynor, District Judge
United States District Court