IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NORTH DAKOTA

| | |
|---|---|
| FA ND Chev, LLC, and<br>FA ND Sub, LLC,<br><br>                                Plaintiffs,<br><br>vs.<br><br>Robert Kupper; Bismarck Motor Company;<br>and BMC Marine LLC, d/b/a Moritz Sport &<br>Marine,<br><br>                                Defendants. | Case No. 1:20-cv-00138 |

**ORDER DENYING MOTIONS FOR LEAVE TO FILE UNDER SEAL**

**INTRODUCTION**

[¶1]   THIS MATTER comes before the Court on nine Motions for Leave to File Under Seal filed by the Parties. Doc. Nos. 141, 147, 153, 159, 203, 208, 225, 227, and 242. Responses have been filed relating to the Motions for Leave to File Under Seal found at Docket Entries 141, 203, 208. Doc. Nos. 148, 213, 219, 220. For the reasons set forth below, each Motion for Leave to File Under Seal is **DENIED**.

**BACKGROUND**

[¶2]   The Defendants ask the Court to file certain documents under seal:

- Their Memorandum in Support of Defendant Robert Kupper's Motion to Compel Discovery and for Sanctions;
- Deposition transcript of Derek Slemko taken August 30, 2022;
- Deposition transcript of Sherry Moos taken on October 25-26;
- Representative financial documents producted by Plaintiffs (bates labeled FAND0029162-29174; 29222-29225; 46164; 46314-46316; 47778; 47963, 47971-47972);
- KPMG Project Drives (bates labeled FAND0045033-45089);
- 2017 and 2018 Bonus Information (bates labeled FAND 0041321-41322);
- Deposition transcript of Kevin Kutschinski (Volume I) taken on August 29, 2022;

-1-

- Deposition transcript of Kevin Kutchinski (Individual) taken on August 31, 2022;
- Deposition transcript of Kelsey Hanson taken on August 24, 2022; and
- Deposition Exhibit 63;

Doc. No. 141.

- Memorandum in support of Defendant Robert Kupper's Motion to Compel Discovery and for Sanctions;
- Deposition transcript of Shane Hill taken on August 25, 2022;
- Deposition transcript of Robert Kupper taken on August 23, 2022;
- Deposition transcript of Whitney Wilkens taken on November 3, 2022;
- Deposition transcript of Derek Slemko (Volume 2) taken on November 9, 2022.

Doc. No. 153.

- Memorandum in Opposition to Plaintiffs' Motion for Sanctions against Defendant Robert Kupper;
- Deposition exhibit 114 which includes discussion related to topics designated confidential or confidential-attorneys' eyes only by Plaintiffs.

Doc No. 159.

- Memorandum of Law in Support of Defendant Robert Kupper's Motion for Summary Judgment;
- Deposition transcript of Kevin Kutschinski Volume 2 taken on August 30, 2022;
- Deposition transcript of Robert Kupper taken on August 23, 2022;
- Deposition transcript of Kelsey Hanson taken on August 24, 2022;
- Deposition transcript of Charles Kramer taken on September 1, 2022;
- Deposition transcript of Brien Fried taken on October 26, 2022;
- Deposition transcript of Sherry Moos taken on October 25-26, 2022;
- Deposition transcript of Whitney Wilkens (Volumes I and II) taken on November 3 and December 22, 2022;
- Deposition transcript of Kevin Kutschinski (Individual) taken on August 31, 2022; Deposition transcript of Monte Clair taken on September 2, 2022;
- Plaintiff's first supplemental responses to Defendant Robert Kupper's first set of interrogatories dated August 9, 2021, along with its attached Exhibit C;
- Deposition transcript of Shane Hill taken on August 25, 2022;
- Deposition transcript of Rodney Sandvig taken on August 25, 2022;
- Deposition transcript of Shawn Weekes taken on November 17, 2022;
- Expert Report of James Leslie dated January 30, 2023;
- Deposition transcript of Jason Ronsberg taken on July 19, 2022;
- Deposition exhibit 25 which contains information designated by Plaintiffs as confidential;
- Email from Terry Weszner to Brittany Shearer of Foundation Auto dated September 29, 2021 (FAND0049532-49535);
- Deposition transcript of Derek Slemko (Volume I) taken on November 8, 2022;

- Deposition exhibit 186 which contains information that has been designated by General Motors as confidential;
- Deposition exhibit 198 which contains information that has been designated by Plaintiffs as confidential
- Deposition transcript of Kevin Kutschinski (Volume I) taken on August 29, 2022;
- Deposition exhibit 101, General Motors 2021 year-end dealer operating report dated December 31, 2021;
- Deposition exhibit 102, 2021 year-end Subaru dealer financial statement dated December 31, 2021;
- General Motors 2018 year-end dealer operating report dated December 31, 2018 (bates labeled FAND009025);
- 2018 year-end Subaru dealer financial statement dated December 31, 2018 (bates labeled FAND0009057);
- General Motors 2022 year-end dealer operating report dated December 31, 2022 (bates labeled FAND0099370);
- 2022 year-end Subaru financial statement dated December 31, 2022 (bates labeled FAND0099378);
- Expert report of Ginger A. Knutsen dated December 30, 2022;
- Deposition transcript of Ginger A. Knutsen taken on February 28, 2022;
- Deposition exhibit 179, due diligence – priority checklist;
- Deposition exhibit 90, General Motors dealer operating report dated September 30, 2018;
- Deposition exhibit 182, summary bonuses paid by Plaintiffs to Kramer employees from 2019-2021.

Doc. Nos. 208-211. Defendants ask the Court for leave to file each of the documents noted above under seal because they have been marked either confidential, highly confidential, and/or attorneys' eyes only under the stipulated protective order. Plaintiffs contend disclosure of the confidential information would create a advantage for their competitors as it gives a detailed picture into Plaintiffs' operations.

[¶3]   Defendant BMC Marine LLC d/b/a Moritz Sport & Marine, ("Moritz Sport & Marine") requests the following be filed under seal:

- Transcript of the Deposition of Charles Kramer;
- A series of emails ending with an email dated May 11, 2022, and sent from Kelsey Hanson to Robert Kupper;
- A series of text messages, with the first visible date being a February 19, 2020 exchange between Robert Kupper and Kevin Kutschinski;
- Transcript Deposition of Monte Clair;

- Volume 3 of the transcript of the Plaintiffs, FA ND CHEV, LLC and FA ND SUB, LLC, taken through their 30(b)(6) designee, Kevin Kutschinski;
- Moritz Sport's Memorandum of Law in Support of Summary Judgment.

Doc. No. 203. As grounds, Moritz Sport & Marine contend they have been marked or contain information that has been marked confidential by Plaintiffs or Defendant Robert Kupper. Plaintiffs contend the protective order mandates filing these documents under seal and they contain proprietary information not known to other individuals.

[¶4]   Plaintiffs move for leave to file the following documents under seal:

- Response in Opposition to Defendant Robert Kupper's Motion to Compel Discovery and Sanctions.

Doc. No. 147.

- Response in Opposition to Defendant BMC marine LLC d/b/a Moritz Sport & Marine's Motion for Summary Judgment and several supporting exhibits.

Doc. No. 225.

- Response in Opposition to Defendant Robert Kupper's Motion for Summary Judgment and several supporting exhibits.

Doc. No. 227. As grounds for filing each of the above documents under seal, Plaintiffs assert the documents and deposition transcripts contain information that has been designated confidential or attorney's eyes only pursuant to the stipulated protective order. In other words, Plaintiffs put forth the same arguments they have each time they have requested their documents be sealed. They maintain disclosure of the materials marked confidential will disclose financial and proprietary business information that could place Plaintiffs at a significant disadvantage in their future business operations.

[¶5]   Finally, Defendant Robert Kupper seeks permission to file the following under seal:

- Reply Memorandum of Law in Support of Defendant Robert Kupper's Motion for Summary Judgment;
- Deposition transcript of Sherry Moos taken on October 25-26;

- Deposition transcript of Shawn Weekes taken on November 17, 2022;
- Deposition transcript of Shane Hill taken on August 25, 2022;
- Deposition transcript of Charles Kramer taken on September 1, 2022;
- Deposition transcript of Derek Slemko (Volume I) taken on November 8, 2022;
- Deposition exhibit 90, September 2018 General Motors Dealer Operating Report;
- Deposition transcript of Sherry Moos taken on May 11, 2023 in the consolidated case;
- Deposition transcript of Steve Hewitt taken on April 5, 2023;
- Deposition transcript of Kevin Kutschinski taken on August 31, 2022;
- Text messages dated September 30, 2019 between Kelsey Hanson and Robert Kupper;
- Deposition transcript of Robert Kupper taken on August 23, 2022;
- Deposition transcript of Kelsey Hanson taken on August 24, 2022; and
- Deposition exhibit 58A, email from Justin Rambur dated February 7, 2020 to Kevin Kutschinski, Chuck Kramer, and Terry Weszner.

Doc. No. 242. As grounds for filing each document or exhibit under seal, the Defendant states they have each been marked as either Attorneys' Eyes Only, Confidential, or Highly Confidential based upon the Protective Order dated March 19, 2021 (Doc. No.30). Id.

## DISCUSSION

[¶6]   It is well-established the public has a common-law right of access to judicial records. Nixon v. Warner Communications, Inc., 435 U.S. 589, 597 (1978). While the Eighth Circuit has rejected a "strong presumption" in favor of public access, United States v. Webbe, 791 F.2d 103, 106 (8th Cir. 1986), it has instructed, "only the most compelling reasons can justify non-disclosure of judicial records." In re Neal, 461 F.3d 1048, 1053 (8th Cir. 2006) (internal quotation marks omitted). "[E]ven where a party can show a compelling reason why certain documents or portions thereof should be sealed, the seal itself must be narrowly tailored to serve that reason." Shane Group, Inc. v. Blue Cross Blue Shield of Mich., 825 F.3d 299, 305 (6th Cir. 2016) (citing Press-Enter. Co. v. Super. Ct. of Cal., 464 U.S. 501, 509-11 (1984)).  Therefore, the party seeking sealing must "analyze in detail, document by document, the propriety of secrecy, providing reasons and legal citations." Baxter Int'l, Inc. v. Abbott Labs, 297 F.3d 544, 548 (7th Cir. 2002). Ultimately,

it is the district court "who is in the best position to recognize and weigh the appropriate factors on both sides of the issue." Webbe, 791 F.2d at 107.

[¶7]	The Court has reviewed each document the Parties claim require sealing and concludes no Party has provided a compelling reason the documents should be filed under seal. The documents are central to resolving the pending motions before the Court. As noted by the Seventh Circuit, "dispositive documents in any litigation enter the public record notwithstanding any earlier agreement.  How else are observers to know what the suit is about or assess the judges' disposition of it?" Id.

[¶8]	The Court finds Baxter Int'l instructive. There, the Seventh Circuit was confronted with a joint request to maintain certain documents relevant to the appeal under seal. Id. at 545. The grounds for maintaining the documents under seal were (1) the parties agreed to their confidentiality and (2) "the documents contained commercially sensitive information." Id. No further details were included in the request. Id. Judge Easterbrook writing for the court noted, "[s]ecrecy is fine at the discovery stage, before the material enters the judicial record." Id. However, the grounds that the parties agreed to the secrecy, and they were commercially sensitive documents were insufficient to justify maintaining them under seal. Id. at 546. According to Judge Easterbrook, such documents must be maintained publicly "unless they meet the definition of trade secrets or other categories of bona fide long-term confidentiality." Id. at 545.

[¶9]	Much like Baxter Int'l, the parties here essentially assert (1) the discovery order permits filing the documents under seal because they are marked confidential or attorney's eyes only and (2) they contain commercially sensitive information that could negatively impact the businesses if publicly disclosed. The Court concludes these grounds are conclusory and not compelling reasons to seal the documents. See In re Neal, 461 F.3d at 1053.  This case is about sensitive business

dealings between each of the Parties. The Court appreciates this sensitivity, but as the Court has repeatedly concluded in this matter, the protective order itself does not justify filing documents under seal.

[¶10] Furthermore, the fact that the documents are commercially sensitive is unpersuasive under the circumstances. Essentially, the parties have posited the purported protected proprietary materials contained sensitive information. While the Parties have attempted to provide more detailed explanation of their rationale, what has been provided is essentially the same explanations provided in past briefing. From the beginning of this case, the Court has been concerned with the Parties conducting this litigation in secret. At the outset, the Court permitted this case to proceed under seal until such time as the Answers were filed in order to determine the propriety of secrecy. Once the answers were filed, the Court inquired whether this case should be open to the public. After briefing, the Court unsealed this case because it deemed the case not so sensitive as to warrant strict confidentiality. Despite the unsealing of this case, the Parties have essentially attempted to continue to litigate this matter in secret.

[¶11] The Court again reminds the Parties the Federal Courts are public forums. See Doc. No. 62, ¶ 5. If the Plaintiffs or Defendants desire to keep this matter private, they may still take this matter to private arbitration to resolve their differences. At its core, this case is a contractual dispute between those involved. The documents and depositions submitted by Parties to file under seal go to the heart of the dispute. As repeatedly noted in prior orders, if this matter were to go to trial, the courtroom would be open to the public. The documents Parties now seek to file under seal would, if entered into the record, be filed in open court without restriction. If the matter does not go to trial, the public may never know the full extent of the basis of the various motions and filings the parties seek to maintain under seal. This could also potentially keep the Court's rationale in

deciding the Motion for Summary Judgment out of public scrutiny. Under the circumstances, the Court concludes parties' reasons are insufficient to justify filing the proposed documents under seal. See Baxter Int'l, 297 F.3d at 545-46 (explaining an agreement to keep matters confidential and a general assertion the documents are "commercially sensitive" are insufficient grounds to overcome the presumption that court records are open to the public).

## CONCLUSION

[¶12]   For the reasons set forth above, the Motions for Leave to File under Seal are **DENIED**. The Parties are directed to file each document publicly without restriction.

[¶13]   **IT IS SO ORDERED.**

DATED July 11, 2023.

Daniel M. Traynor, District Judge
United States District Court