IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NORTH DAKOTA
WESTERN DIVISION

| | | |
|---|---|---|
| FA ND CHEV, LLC and FA ND SUB, LLC | ) ) ) | **AMENDED PROTECTIVE ORDER** |
| Plaintiffs, | ) ) | |
| v. | ) ) | Civil Action No. 1:20-cv-00138-DMT-CRH |
| Robert Kupper; Bismarck Motor Company; and BMC Marine LLC d/b/a Moritz Sport & Marine | ) ) ) ) | |
| Defendants. | ) ) | |
| BAPTKO, Inc., | ) ) | |
| Plaintiff and Counterclaim Defendant, | ) ) | |
| v. | ) ) | |
| Foundation Automotive Corp, an Alberta Corporation, FA ND CHEV, LLC, and FA ND SUB, LLC | ) ) ) ) | |
| Defendants and Counterclaimants | ) ) | |

In order to protect information entitled to be kept confidential and to ensure that protection is afforded only to information entitled to protection, the Court hereby enters this Amended Protective Order ("Protective Order") pursuant to Fed. R. Civ. P. 26(c).

**A.     Procedural Background**

1. This consolidated action involves two related cases, styled *FA ND CHEV, LLC, et al. v. Robert Kupper, et al.* (the "Kupper Litigation"), and *BAPTKO, Inc. v. Foundation Automotive Corp., et al.* (the "BAPTKO Litigation," and collectively with the Kupper Litigation, the "Consolidated Cases").

2.     On March 19, 2021, the Court adopted the Parties' proposed Stipulated Protective Order in the Kupper Litigation. (Doc. 30.)

3.     On May 11, 2023, the Court consolidated the two cases. (Doc. 218.)

4.     As of the date of entry of this Amended Protective Order, discovery in the Kupper Litigation has concluded and discovery in the BAPTKO Litigation is underway.

5.     In an effort to avoid further discovery disputes, the Parties agree that: (1) discovery completed in the Kupper Litigation applies and can be used in the BAPTKO Litigation; and (2) discovery taken or to be taken in the BAPTKO Litigation only applies in the BAPTKO Litigation.

6.     As set forth herein, this Amended Protective Order shall apply in both the Kupper Litigation and the BAPTKO Litigation.

**B.     Scope of the Protective Order**

7.     This Protective Order shall govern the protection and exchange of confidential documents, materials, and information disclosed, produced, given, or exchanged by and among the Parties and any non-parties in the Consolidated Cases, including without limitation: documents and records produced, Fed. R. Civ. P. 26 disclosures by any Party, answers to interrogatories, responses to requests for admission, information obtained from inspection of premises or things, deposition testimony, information produced in any other form in response to discovery, and information disclosed pursuant to a subpoena or as part of any motions, briefs, or other filings. The terms "documents", "information", and "materials" used in this Protective Order refer to all such methods for the exchange of information described in this paragraph.

8.     This Protective Order applies to all Parties (and their attorneys, agents, and representatives) in the Consolidated Cases and to non-parties who provide discovery information pursuant to subpoenas from the Parties or as part of depositions in the Consolidated Cases. It also applies to any individual who executes the attached *Exhibit 1*.

**C.     Definitions**

9.     "Party" or "Parties" means a named party or parties in the Consolidated Cases. "Person" means an individual or an entity. "Producer" means a Person who produces information via the discovery process in these Consolidated Cases. "Recipient" means a Person who receives information via the discovery process in these Consolidated Cases.

**D.     Designation and Protection of Confidential Information**

10.     The Parties in the Consolidated Cases anticipate that discovery and disclosure will include the exchange of Confidential Information. In the event a Party or non-party produces Confidential Information, a Party may designate it in the following manner:

(a)     By imprinting the word(s) "Confidential" on the first page or cover of any document produced, accompanied by a reference to the range(s) of Bates-numbered pages to which that designation refers;

(b)     By imprinting the word(s) "Confidential" on each page of the document produced;

(c)     By imprinting the word "Confidential" next to or above any response to a discovery request; and

(d)     With respect to transcribed testimony, by giving written notice to opposing counsel designating such portions as "Confidential" no later than twenty-one (21) calendar days after receipt of the transcribed testimony. During the twenty-one (21) day period, counsel for the Parties shall treat the entire transcript as if it had been designated as "Confidential." Testimony that has been designated "Confidential" on the record of the deposition shall be transcribed in a separate booklet marked accordingly on each page.

11.     Any Party may designate as "Confidential" any documents, materials, and information provided or produced in the Consolidated Cases, that the Party believes in good

faith contains the following information: Sensitive commercial information, proprietary information, financial information, private information, and otherwise confidential information (collectively, the "Confidential Information").

12. A non-party that produces documents or appears for a deposition in the Consolidated Cases, whether formally or informally, may designate documents, materials, or information as "Confidential" pursuant to the standards described in the proceeding paragraphs. Further, if a Party determines in good faith that discovery documents, materials, or information produced by a non-party in the Consolidated Cases contain Confidential Information, that Party may so designate.

13. The categorization, designation, and restrictions on the use of information designated as "Confidential" are made without prejudice to further categorization, designation, and additional restrictions. In the event discovery proceeds into documents and information that a Party believes warrant further protections, the Parties will meet and confer to discuss appropriate additional protections. If they cannot agree on such protections, they may present the issue to the Court.

14. Information is not entitled to be designated as Confidential Information if it is generally disclosed in a printed publication disseminated to other Persons or entities; is generally known to the public; or was generally known to another Person or entity without obligation of confidentiality before the Producer disclosed it. Information is likewise not Confidential Information if a Person lawfully obtained it independently of these Consolidated Cases and that Person had the unrestricted right to do so when it was obtained by that Person.

15. A Producer may make documents or things containing Confidential Information available for inspection and not mark them as "Confidential" without forfeiting a claim of confidentiality, so long as the Producer causes copies of the documents or things to be marked in

such a manner before providing them to the Recipient in hard copy or electronic form.

**E.    Use and Disclosure of Protected Material**

16. Information that is designated as "Confidential" shall not be used for any purpose except for the prosecution or defense of these Consolidated Cases unless authorized by further order of this Court. Nothing in this Protective Order shall preclude the Parties from requiring a separate protective order in any other litigation arising from the same or similar operative facts. But this restriction shall not apply to information that, at or prior to their disclosure in these Consolidated Cases, was generally known to the Recipients without obligation of confidentiality before the Producer disclosed it, is public knowledge, or which later becomes publicly disclosed by one having the unrestricted right to do so, or which is otherwise in the public domain.

17. A Party receiving information designated as "Confidential" shall treat such material as it treats its own Confidential Information, and shall use commercially reasonable efforts to prevent any inadvertent release of such Confidential Information.

18. Except as the Court may otherwise expressly direct and subject to the further conditions imposed by this Protective Order, information that is designated as "Confidential" may be disclosed only to:

    (a) the Parties;

    (b) in-house counsel for any Party;

    (c) legal counsel of record for the Parties in these Consolidated Cases;

    (d) paralegals, assistants, clerks, secretaries, and other such personnel working under the supervision of legal counsel of record for the Parties in these Consolidated Cases;

    (e) expert witnesses and consultants, and their employees, hired by a Party to assist in the preparation and/or trial of these Consolidated Cases, who agreed to be bound by the terms of this Protective Order by executing *Exhibit 1*;

    (f) representatives, agents, officers, directors, or employees of the Parties to the

    extent such disclosure is necessary for the prosecution or defense of these Consolidated Cases;

(g) the Court and its personnel;

(h) court reporters involved in transcribing proceedings in these Consolidated Cases;

(i) witnesses and potential witnesses who either (i) previously executed *Exhibit 1*; (ii) prepared the Confidential Information; (iii) have reviewed or seen the Confidential Information other than by virtue of the formal production of the Confidential Information in these Consolidated Cases, (iv) are the Person(s) about whom the Confidential Information pertains (and their counsel if in the context of a deposition or preparation for a deposition or trial);

(j) employees of copying, imaging, and computer services providers for the purpose of copying, imaging, or organizing documents necessary to the prosecution or defense of these Consolidated Cases, and who agreed to be bound by the terms of this Protective Order by executing *Exhibit 1*;

(k) any other Person to whom disclosure is expressly authorized in writing by the Party or non-party who designated the information; and

(l) Such other Persons by further order of the Court.

19. Other than as allowed in this Protective Order, prior to disclosing to any non-party any information designated as "Confidential" as permitted herein, and who must agree to the terms of the Protective Order (as set forth above), counsel for the disclosing Party shall provide the non-party with a copy of this Protective Order, and obtain from the non-party a written acknowledgment in the form attached as *Exhibit 1*, stating that the non-party has read this Protective Order and agrees to be bound by its provisions. Counsel shall retain all such acknowledgments. If a non-party does not agree to be bound by this Protective Order, disclosure of the information at issue to such non-party is prohibited. However, nothing herein should be interpreted to mean that counsel accepts liability for, or indemnification on behalf of, the Parties or any third party with regard to that Party or third party's disclosure of such Confidential Information in violation of this Protective Order.

F.  **Procedure for Filing Protected Material**

20.  Any Party bound by this Protective Order that wishes to file a document with the Court containing information designated as "Confidential" must explore all alternatives to seeking leave to file a document under seal.

21.  To that end, any Party bound by this Protective Order that wishes to file a document with the Court containing information designated as "Confidential" by another Party shall send a written request to the designating Party. To avoid ambiguity as to whether a request has been made, the written request must recite that the request to disclose is being made in accordance with this Paragraph 21 of the Protective Order (the "Disclosure Request"). The Parties shall, in good faith, attempt to resolve the matter informally within ten (10) days of the date of service of the Disclosure Request, and specifically, must confer during that timeframe to determine whether they can agree upon non-confidential redacted or excerpted pages for filing so as to avoid the need to file under seal, or whether the designating Party will withdraw the "Confidential" designation.

22.  If such attempts do not resolve the matter by agreement, the Party seeking to file the Confidential Information shall file a motion or stipulated motion for leave file the Confidential Information under seal. The motion for leave to file under seal, even if it is a stipulated motion, must include a certification that the filing Party has met and conferred with the designating Party in an attempt to reach agreement on the need to file the document under seal, to minimize the amount of material filed under seal, and to explore alternatives to filing under seal.

23.  For any and all motions for leave to file Confidential Information under seal, the Parties shall comply with the Court's procedures for filing documents under seal.

**G.     Challenges to Designations**

24.     A Party may object to or challenge the designation of information as "Confidential" by giving written notice to all Parties (including written notice to any non-party that has made the challenged designation). In challenging the designation of any information as "Confidential," the challenging party must identify in the written notice the document(s) or information challenged and must provide the legal basis for said challenge. The Part(ies) and non-part(ies) receiving the objection shall respond within ten (10) business days. If the Parties, including any non-parties that produced the information at issue, cannot resolve their challenges or objections within ten (10) business days from the notice of challenge, then the challenging Party may file with the Court a motion challenging the designation and bears the burden of going forward. Information designated as "Confidential" which is subject to challenge shall maintain its designation and protected status under the terms of this Protective Order until such time as the Court rules on the challenge.

25.     A Party may elect to rescind or alter the designation of any information as "Confidential" by providing written notice to all Parties of record of such election.

**H.     Inadvertent Production**

26.     If Confidential Information is inadvertently produced without the legend (*e.g.*, "Confidential") attached, or with an incorrect or improper designation, such information shall be treated nevertheless as Confidential Information from the time the Producer advises the Recipient(s) in writing that such information should have been so designated. The Producer that made the inadvertent disclosure shall also provide all Parties with an appropriately labeled replacement document providing the designation or proper designation as the case may be. The Recipient(s) shall either return promptly or destroy the unmarked or incorrectly designated

documents, and provide notice to the Producer of said return or destruction.

27. If a Party learns that, either by inadvertence or otherwise, it has disclosed Confidential Information to any Person or in any circumstance not authorized under the Protective Order, that Party must immediately: (a) notify in writing counsel for the all Parties of the unauthorized disclosures, including all pertinent facts; (b) make every reasonable effort to prevent further unauthorized disclosure, including retrieving all copies of the Confidential Information from the recipient(s) thereof; (c) inform the Person or Persons to whom unauthorized disclosures were made of all the terms of this Order; and (d) request such Person or Persons to execute the Acknowledgment attached hereto as *Exhibit 1*. Compliance with the foregoing shall not prevent a Party from seeking further relief from the Court.

28. The production of documents, electronically stored information, or information protected from disclosure under the attorney-client privilege, work product doctrine, or any other applicable privilege or immunity, whether produced inadvertently or otherwise, is not a waiver of the privilege or protection from discovery in these Consolidated Cases or in any other federal or state proceeding.  This Protective Order shall be interpreted to provide the maximum protection allowed by Federal Rule of Evidence 502(d).  In the event such a disclosure is discovered, the receiving Party shall, without further reviewing the documents at issue, return all copies of such documents to the producing Party and shall not use such materials for any purpose. The return of any document to the inadvertently producing Party shall not preclude the receiving Party from moving the Court for a ruling that the document or information is not subject to any privilege or protection.

I. **Return or Destruction of Protected Material**

29. Within ninety (90) days after the final resolution of these Consolidated Cases, including the expiration of any appellate review, all documents designated as "Confidential" shall

be returned to the Party or non-party that produced such documents, or destroyed.

30. Notwithstanding the foregoing, counsel for each Party may retain an archival copy of all pleadings, motion papers, transcripts, legal memoranda, correspondence, and attorney work product, even if such materials contain information designated as "Confidential." Any such archival copies that contain or constitute information designated "Confidential" remain subject to this Protective Order.

### J. Survival and Jurisdiction

31. The terms of this Protective Order shall survive any settlement, discontinuance, dismissal, judgment or other disposition of these Consolidated Cases.

32. Each Person that is shown information designated "Confidential" or to whom such information is disclosed hereby submits him or herself to the personal jurisdiction of this Court, wherever he or she may reside, but only for the purpose of enforcing the terms of this Protective Order.

33. Other than as addressed above in Paragraph 28 as to inadvertent production, nothing in this Protective Order shall affect any question of attorney-client privilege, work product protection, or any other privilege or immunity, as these matters shall be governed by the applicable law of privilege or immunity.

### K. Legal Process

34. If a Party or non-party bound by the terms of this Protective Order is served with a subpoena, process, or court order issued in other litigation or similar proceedings, which order, process, or subpoena compels or requires disclosure of information designated in these Consolidated Cases as "Confidential," that Party or non-party must:

    (a) promptly notify the designating Party or non-party regarding the order or subpoena. Such notification must be in writing and shall include a copy of the

        subpoena or court order;

(b)    promptly notify the litigant that caused the subpoena or order to issue in the other litigation or proceedings that some or all of the material covered by the subpoena or order is subject to this Protective Order. Such notification must be in writing and must include a copy of this Protective Order;  and

(c)    reasonably cooperate in the protections and procedures the designating Party or non-party may reasonably wish to pursue, including but not limited to requesting the litigant in the other litigation or similar proceedings to sign *Exhibit 1* agreeing to be bound by the terms of this Protective Order.

35.    If the designating Party or non-party timely objects or seeks a protective order in the other litigation or proceedings after being served a subpoena, process, or court order, the Party or non-party so served shall not be required to produce any information designated as "Confidential" unless and until a determination is made by the court and only in compliance with any court order, unless the litigant seeking the information designated "Confidential" has first obtained the designating Party's or non-party's permission. The designating Party or non-party shall bear the burden and expense of seeking protection of its own Confidential Information and nothing in these provisions should be construed as authorizing or encouraging a Party or non-party bound by the terms of this Protective Order to disobey a lawful directive from another court.

Dated this 31st day of August, 2023.

                                                            So ordered:

                                                            */s/ Clare R. Hochhalter*
                                                            Clare R. Hochhalter, Magistrate Judge
                                                           United States District Court

So stipulated:

Dated this 29th day of August, 2023.

                        By:    */s/ Anna S. Day*
Anna S. Day (Pro Hac Vice)
Kensye N. Wood (Pro Hac Vice)
HOLLAND & KNIGHT LLP
1801 California Street, Suite 5000
Denver, Colorado 80202
(303) 974-6647
Anna.Day@hklaw.com
Kensye.Wood@hklaw.com

Maxwell N. Shaffer (Pro Hac Vice)
LELAND SHAFFER LLP
8694 E. 28th Avenue
Denver, Colorado 80238
(720) 556-1872
Maxwell.Shaffer@lelandshaffer.com

Robin Wade Forward (#05324)
STINSON LLP
811 East Interstate Avenue
Bismarck, ND 58503
(701) 221-8603
rob.forward@stinson.com

*Attorneys for Plaintiffs FA ND CHEV, LLC and FA ND SUB, LLC and Defendants-Counterclaimants Foundation Automotive Corp, an Alberta Corporation, FA ND CHEV, LLC, and FA ND SUB, LLC*

Dated this 29th day of August, 2023.

BAKKE GRINOLDS WIEDERHOLT

By:    */s/ Randall J. Bakke*
Randall J. Bakke (#03989)
Shawn A. Grinolds (#05407)
300 West Century Avenue
P.O. Box 4247
Bismarck, ND 58502-4247
(701) 751-8188
rbakke@bgwattorneys.com
sgrinolds@bgwattorneys.com

*Attorneys for Defendant Robert Kupper and Plaintiff-Counterclaim Defendant BAPTKO, Inc.*

Dated this 29th day of August, 2023.

ES ATTORNEYS

By: */s/ William Behrmann*
William Behrmann (#07579)
Ryan Joyce (#09549)
1100 College Drive, Suite 5
Bismarck, ND 58501
(701) 751-1243
wbehrman@esattorneys.com
rjoyce@esattorneys.com

*Attorneys for Defendant Bismarck Motor Company*

Dated this 29th day of August, 2023.

NILLES LAW FIRM

By: */s/ Anthony Anderson*
William Harrie (#04411)
Anthony Anderson (#08744)
Nicholas Mino (#09902)
1800 Radisson Tower
201 North Fifth Street
P.O. Box 2626
Fargo, ND 58108-2626
(701) 237-5544
wharrie@nilleslaw.com
aanderson@nilleslaw.com
nmino@nilleslaw.com

*Attorneys for Defendant BMC Marine LLC d/b/a Moritz Sport & Marine*

## **EXHIBIT 1**

## ACKNOWLEDGMENT

I certify that I have read and I understand the provisions of the Amended Protective Order ("Protective Order") entered on the ___ day of _____, 2023 by the Court in the civil lawsuits entitled *FA ND CHEV, LLC; and FA ND SUB, LLC v. Robert Kupper; Bismarck Motor Company; and BMC Marine LLC d/b/a Moritz Sport & Marine* and *BAPTKO, Inc. v. Foundation Automotive Corp.; FA ND CHEV, LLC; and FA ND SUB, LLC* (Civil No. Civil No. 1:20-CV-00138-DMT-CRH), venued in the United States District Court for the District of North Dakota, Western Division.

As a condition precedent to my receipt and examination of information designated as "Confidential" pursuant to the Protective Order, or of obtaining information derived from such, I agree that the Protective Order shall be deemed to be directed to and shall include me, and that I shall be bound by, shall observe, and shall comply with the terms and provisions of the Protective Order. I further agree that I shall be subject to the Court's enforcement and jurisdiction for any violation or attempted violation of the provisions of the Protective Order.

Dated: _____    _____
                                                                Name (Printed)

                                                                _____
                                                                Relationship to this Litigation

**SUBSCRIBED AND SWORN BEFORE ME THIS ___ DAY OF _____, 20___**

                                                                _____
                                                                **Notary Public**