IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NORTH DAKOTA

| | |
|---|---|
| FA ND Chev, LLC, and<br>FA ND Sub, LLC,<br><br>             Plaintiffs,<br><br>vs.<br><br>Robert Kupper; Bismarck Motor Company;<br>and BMC Marine LLC, d/b/a Moritz Sport &<br>Marine,<br><br>             Defendants. | Case No. 1:20-cv-00138 |

### ORDER DENYING WITHOUT PREJUDICE MOTION *IN LIMINE*

[¶1]	THIS MATTER comes before the Court on a Motion *in Limine* filed by Defendant Robert Kupper ("Kupper") and Plaintiff/Counter-Defendant BAPTKO, Inc. ("BAPTKO") (collectively, "Kupper Parties") on July 15, 2024. Doc. No. 370. Plaintiffs FA ND Chev, LLC, FA ND SUB, LLC, and Defendant/Counter-Plaintiff Foundation Automotive Corp. (collectively, "Foundation Parties") filed a Response on August 19, 2024. Doc. No. 374. The Kupper Parties filed a Reply on August 26, 2024. Doc. No. 376. For the reasons set forth below, the Motion *in Limine* is **DENIED without prejudice**.

[¶2]	The Kupper Parties ask the Court to exclude certain documents sent to Kupper by David Sikkenga ("Sikkenga") between September 19 and 20, 2022 (Doc. Nos. 306-3, 306-4) ("Sikkenga Documents"). As grounds, the Kupper Parties assert the documents are unreliable, lack foundation, are incomplete, not probative of any claim or defense, and would unfairly prejudice the Kupper Parties, confuse the issues, mislead the jury, cause undue delay, and waste trial time. The documents relate to the Foundation Parties' claim that Kupper allegedly failed to keep the proper

rolling inventory during the timeframe set forth in the Asset Purchase Agreement. The Foundation Parties argue the Sikkenga Documents are admissible and exclusion at this time would be premature and improper.

[¶3] "The court may exclude relevant evidence if its probative value is substantially outweighed by a danger of one or more of the following: unfair prejudice, confusing the issues, misleading the jury, undue delay, wasting time, or needlessly presenting cumulative evidence." Fed. R. Evid. 403. "Evidence is relevant if: (a) it has any tendency to make a fact more or less probable than it would be without the evidence; and (b) the fact is of consequence in determining the action." Fed. R. Evid. 401. District courts have "broad discretion" in deciding motions *in limine*. Kozlov v. Associated Wholesale Grocers, Inc., 818 F.3d 380, 396 (8th Cir. 2016); see also United States v. Duggar, 76 F.4th 788, 794-96 (8th Cir. 2023) (applying abuse of discretion standard of review of trial evidentiary issues).

[¶4] At this point in the litigation, it would be improper to exclude the Sikkenga Documents. The grounds asserted by the Kupper Parties implicate the factual context of trial. Without that necessary framework, it would be imprudent for the Court to determine the Sikkenga Documents' reliability, foundation, whether they are complete, probative, or prejudicial, confusing, misleading, causing delay, or wasting time. After a careful review of the record, it is clear the Kupper Parties' arguments at this time do not go to the admissibility of the Sikkenga Documents. Rather, the argues are best reserved for the jury to decide the weight and credibility of the Sikkenga Documents. However, it would be premature to rule one way or the other on the admissibility of the Sikkenga Documents because trial may show they ought to be excluded from or included in the record.

[¶5]     Accordingly, for the reasons set forth above, the Kupper Parties' Motion *in Limine* is **DENIED without prejudice**. The Kupper Parties may reraise the objections during trial at the time the introduction of the Sikkenga Documents as evidence is sought.

[¶6]     **IT IS SO ORDERED.**

DATED August 27, 2024.

_____
Daniel M. Traynor, District Judge
United States District Court