**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF NORTH DAKOTA**

| | |
|---|---|
| FA ND Chev, LLC, and<br>FA ND Sub, LLC,<br><br>                        Plaintiffs,<br><br>vs.<br><br>Robert Kupper; Bismarck Motor Company;<br>and BMC Marine LLC, d/b/a Moritz Sport &<br>Marine,<br><br>                       Defendants. | Case No. 1:20-cv-00138 |

---

**ORDER DENYING MOTION FOR RECONSIDERATION AND**
**GRANTING MOTION FOR CLARIFICATION**

---

[¶1]    THIS MATTER comes before the Court on a Motion for Reconsideration or, alternatively, a Motion for Clarification filed by Foundation Automotive Corp., FA ND Chev, LLC, and FA ND Sub, LLC (collectively, "Foundation Parties") on August 30, 2024. Doc. Nos. 378, 384. Robert Kupper and BAPTKO, Inc., filed a Response on September 4, 2024. Doc. No. 380.

[¶2]    The Foundation Parties ask the Court to reconsider its Order on the numerous Motions for Summary Judgment claiming the Court did not address the Foundation Parties' excuse of performance affirmative defense when it granted BAPTKO's Motion for Summary Judgment on the issue of whether the Foundation Parties paid under the earnout provision of the First Amendment to the Asset Purchase Agreement ("First Amendment").

[¶3]    The Court addressed the issues raised in the briefing and concluded the remaining issue is "[h]ow much that breach of contract offsets the Foundation Parties' obligation to pay BAPTKO under the Earnout Provision in the Consolidated Case (BAPTKO's Breach of Contract in the Lead

-1-

Case).” Doc. No. 373, ¶ 88(3). As previously decided, “[t]here is no question of fact for the jury to decide whether F[oundation] Parties' breach the contract. The remaining question is essentially one for damages.” Id.

[¶4]    Whether the Foundation Parties were excused from their payment obligations is a question that is essentially related to damages. The Court limited its grant of Summary Judgment to the undisputed fact that Foundation Parties failed to pay under the First Amendment. Whether and to what extent the Foundation Parties must pay, however, are fact questions preserved in the Order. The setoff and excuse arguments are essentially the same: Foundation Parties should not have to pay under the setoff provision because BAPTKO had its own breaches. There are no contradictions between the Court's holding in the Order on Motions for Summary Judgment and permitting the Foundation Parties to raise the issue of excuse of performance at trial. Whether the jury will be instructed on this affirmative defense ultimately depends on the evidence as it comes in at trial and the Court will not decide that question at this time.

[¶5]    The Motion for Reconsideration is **DENIED** and Motion for Clarification is **GRANTED**.

[¶6]    **IT IS SO ORDERED.**

DATED September 10, 2024.

Daniel M. Traynor, District Judge
United States District Court