**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NORTH DAKOTA**

FA ND Chev, LLC, and
FA ND Sub, LLC,

                         Plaintiffs,

vs.

Robert Kupper et al.,

                         Defendants.

BAPTKO, Inc.,

                 Plaintiff and
       Counterclaim Defendant,

vs.

Foundation Automotive Corp. et al.,

              Defendants and
           Counterclaimants.

Case No. 1:20-cv-00138

---

**ORDER DENYING KUPPER PARTIES' MOTIONS IN LIMINE**

---

[¶1]   THIS MATTER comes before the Court on four Motions in Limine filed by Defendant Robert Kupper and Plaintiff/Counter-Defendant BAPTKO, Inc. (collectively, "Kupper Parties"). Doc. Nos. 381, 387, 392, 397. Plaintiffs FA ND Chev, LLC, FA ND SUB, LLC, and Defendant/Counter-Plaintiff Foundation Automotive Corp. (collectively, "Foundation Parties") filed Responses on September 18, 2024, Doc. No. 394; September 24, 2024, Doc. No. 402; October 2, 2024, Doc. No. 413; and October 4, 2024, Doc. No. 414. Kupper Parties filed Replies on

September 25, 2024, Doc. No. 403; October 1, 2024, Doc. No. 412; October 9, 2024, Doc. No. 417; and October 11, 2024, Doc. No. 428. For the reasons set forth below, the Court makes the following rulings on the Kupper Parties' Motions in Limine:

- Motion in Limine to Exclude Evidence Regarding Undisclosed Economic Damages Relating to Alleged Solicitation of Kelsey Hanson and Justin Rambur, Doc. No. 381, is **DENIED as moot.**
- Motion in Limine to Exclude Testimony of Ginger Knutsen, Doc. No. 387, is **DENIED without prejudice**.
- Motion in Limine to Exclude Evidence Regarding Undisclosed Economic Damages Relating to Alleged Disclosure of Confidential Details About the Asset Purchase Transaction, Doc. No. 392, is **DENIED as moot**.
- Motion in Limine to Exclude Evidence Regarding Economic Damages Relating to Used General Motors Vehicles and New and Used Subaru Vehicles, Doc. No. 397, is **DENIED without prejudice**.

## **DISCUSSION**

### I.  **Motion in Limine to Exclude Evidence Regarding Undisclosed Economic Damages Relating to Alleged Solicitation of Kelsey Hanson and Justin Rambur**

[¶2]    The Kupper Parties ask the Court to exclude undisclosed computation of damages relating to the alleged solicitation of Kelsey Hanson and Justin Rambur. Doc. No. 382. The Foundation Parties have represented to the Court they will not seek to introduce undisclosed evidence, which makes this motion moot. See Doc. No. 394, p. 2. Any further objection to evidence that goes towards damage calculations may be objected to within the course of the trial.  Therefore, because the Foundation Parties do not intend to introduce this evidence at trial, the Court **DENIES as moot** the Motion to Exclude Evidence Regarding Undisclosed Economic Damages Relating to Alleged Solicitation of Kelsey Hanson and Justin Rambur.

### II.  **Motion in Limine to Exclude Testimony of Ginger Knutsen**

[¶3]    The Kupper Parties argue Ginger Knutsen ("Knutsen") should be preclude from testifying as an expert witness because she does not possess sufficient accounting or other expertise in the automotive dealership industry. Doc. No. 388. The Foundation Parties argue she is a forensic

accountant and not an automotive expert and these issues go toward evidentiary weight and not admissibility. Doc. No. 402, pp. 2–3.

[¶4]    Rule 702 of the Federal Rules of Evidence sets forth the standard for expert testimony and provides as follows:

> A witness who is qualified as an expert by knowledge, skill, experience, training, or education may testify in the form of an opinion or otherwise if:
> (a) the expert's scientific, technical, or other specialized knowledge will help the trier of fact to understand the evidence or to determine a fact in issue;
> (b) the testimony is based on sufficient facts or data;
> (c) the testimony is the product of reliable principles and methods; and
> (d) the expert has reliably applied the principles and methods to the facts of the case.

Fed. R. Evid. 702. The Eighth Circuit Court of Appeals has established three prerequisites that must be satisfied for expert testimony to be admitted under Rule 702:

> First, evidence based on scientific, technical, or other specialized knowledge must be useful to the finder of fact in deciding the ultimate issue of fact.  This is the basic rule of relevancy. Second, the proposed witness must be qualified to assist the finder of fact.  Third, the proposed evidence must be reliable or trustworthy in an evidentiary sense, so that, if the finder of fact accepts it as true, it provides the assistance the finder of fact requires.

Lauzon v. Senco Prods., Inc., 270 F.3d 681, 686 (8th Cir. 2001) (cleaned up).

[¶5]    The Court will not exclude Knutsen's opinions under Rule 702. The Court has reviewed the record relating to this Motion and concludes it is more likely true than not true that Knutsen's opinions were based on sufficient data and are reliable. See Fed. R. Evid. 702. In general, she is a qualified expert to provide testimony as to lost profits and other damages based on her knowledge and experience. See American Auto. Ins. Co. v. Omega Flex, Inc., 783 F.3d 720, 726 (8th Cir. 2015) ("Gaps in an expert witness's qualifications or knowledge generally go to the weight of the witness's testimony, not its admissibility." (quoting Robinson v. GEICO Gen. Ins. Co., 447 F.3d 1096, 1100 (8th Cir.2006))). Knutsen has a Bachelor of Arts in Accounting and Business

Administration from Augustana. Doc. No. 334-6, p. 51. She is a Certified Public Accountant, Accredited Business Valuator, Certified Fraud Examiner, and certified in Financial Forensics. Id. Knutsen has over 25 years of experience in accounting, tax, and audit. Id. She reviewed a significant number of documents and laid out her findings in multiple reports. The Court further finds her opinions are more than likely relevant and useful. Fed. R. Evid. 702. Her opinions directly relate to matters in this case, namely the damages that have already been deemed difficult to determine and reserved for a jury to decide. See Doc. No. 373, pp. 34–35.

[¶6]    Having made these conclusions, the Court notes it does not comment on the weight or credibility associated with her findings. The Kupper Parties are free to raise these same arguments to discredit the weight and credibility the jury should give to her opinions. See Olson v. Ford Motor Co., 481 F.3d 619, 626 (8th Cir. 2007) ("The Supreme Court has been clear about how infirmities in expert testimony should be exposed: 'Vigorous cross-examination, presentation of contrary evidence, and careful instruction on the burden of proof are the traditional and appropriate means of attacking shaky but admissible evidence.'" (quoting Daubert v. Merrell Dow Pharm., Inc., 509 U.S. 579, 596 (1993))). But the fact of the matter is Knutsen's opinions are, by a preponderance of the evidence, admissible under Rule 702. See Fed. R. Evid. 702, 2023 Amendments (noting the standard for admissibility under Rule 702 "is the preponderance of the evidence standard that applies to most of the admissibility requirements set forth in the evidence rules."). The Court will give them due consideration at trial. Accordingly, the Kupper Parties' Motion in Limine to Exclude Expert Testimony of Ginger Knutsen, Doc. No. 387, is **DENIED without prejudice.**

III.    **Motion in Limine to Exclude Evidence Regarding Undisclosed Economic Damages Relating to Alleged Disclosure of Confidential Details About the Asset Purchase Transaction**

[¶7]    The Kupper Parties ask the Court to exclude undisclosed computation of damages relating to the alleged disclosure of confidential details about the asset purchase transaction to others. Doc. No. 393, p. 2. The Foundation Parties have represented to the Court they will not seek to introduce undisclosed evidence, which makes this motion moot. See Doc. No. 413, p. 2. Any further objection to evidence that goes towards damage calculations may be objected to within the course of the trial. Therefore, because the Foundation Parties do not intend to introduce this evidence at trial, the Court **DENIES as moot** the Motion to Exclude Evidence Regarding Undisclosed Economic Damages Relating to Alleged Disclosure of Confidential Details About the Asset Purchase Transaction. Doc. No. 392.

IV.    **Motion in Limine to Exclude Evidence Regarding Undisclosed Economic Damages Relating to Used General Motors Vehicles and New and Used Subaru Vehicles**

[¶8]    The Kupper Parties argue that even though no damages have been alleged concerning Used General Motors vehicles and new and used Subaru vehicles, these numbers were used in Expert Knutsen's report and should be excluded. Doc. No. 398, pp.7–8. The Foundation Parties argue this motion is duplicative of the motion to exclude Knutsen's testimony and the issues are better reserved for trial. Doc. No. 414, p. 2.

[¶9]    Evidence is admissible if it is relevant and "has any tendency to make a fact more or less probable than it would be without the evidence" and "the fact is of consequence in determining the action." Fed. R. Evid. 401. Evidence can be excluded "if its probative value is substantially outweighed by" concern over "unfair prejudice, confusing the issues, misleading the jury, undue delay, wasting time, or needlessly presenting cumulative evidence." Fed. R. Evid. 403. Unfairly prejudicial evidence is "so inflammatory on [its] face as to divert the jury's attention from the

material issues in the trial." <u>United States v. Adams</u>, 401 F.3d 886, 900 (8th Cir. 2005) (quoting <u>United States v. Shoffner</u>, 71 F.3d 1429, 1433 (8th Cir. 1995)). "Generally, the balance of Rule 403 weighing should be struck in favor of admission." <u>Smith v. Tenet Healthsystem SL, Inc.</u>, 436 F.3d 879, 885 (8th Cir. 2006).

[¶10]   The Court will not exclude this evidence under Rule 403. The Court does not find the extraneous information unfairly prejudicial or confusing to the jury. <u>See</u> <u>Adams</u>, 401 F.3d at 900. The Court notes it does not comment on the weight or credibility associated with the report including these figures. The Kupper Parties are free to raise these same arguments to discredit the weight and credibility the jury should give to the report when determining damages.

[¶11]   Accordingly, for the reasons set forth above, the Kupper Parties' Motion in Limine to Exclude Evidence Regarding Economic Damages Relating to Used General Motors Vehicles and New and Used Subaru Vehicles is **DENIED without prejudice**. Doc. No. 397. The Kupper Parties may reraise their objections during trial at the time the report is introduced into evidence.

[¶12]   **IT IS SO ORDERED.**

DATED October 15, 2024.

Daniel M. Traynor, District Judge
United States District Court

- 6 -