**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF NORTH DAKOTA**

| | |
|---|---|
| FA ND Chev, LLC, and<br>FA ND Sub, LLC,<br><br>                    Plaintiffs,<br><br>vs.<br><br>Robert Kupper et al.,<br><br>                    Defendants.<br>—————————————————<br>BAPTKO, Inc.,<br><br>               Plaintiff and<br>      Counterclaim Defendant,<br><br>vs.<br><br>Foundation Automotive Corp. et al.,<br><br>             Defendants and<br>            Counterclaimants. | Case No. 1:20-cv-00138 |

**ORDER GRANTING MOTION TO SET INTEREST**

[¶1]    THIS MATTER comes before the Court on the Kupper Parties' oral motion made during the course of trial. The issue was argued by both Parties during trial.

[¶2]    The Kupper Parties argue the matter of prejudgment interest is a matter of contract and should not be given to the jury. They additionally argue that the interest rate is a matter of statute since there is no rate given in the contract. The Foundation Parties agree.

- 1 -

[¶3]    The North Dakota Supreme Court has held that "[w]hether interest is to be paid in a contract action is a question of law to be determined from the contract, and not a question of fact for the jury." Agri Indus., Inc. v. Franson, 2018 ND 156, ¶ 10, 915 N.W.2d 146 (quoting Felco, Inc. v. Doug's North Hill Bottle Shop, Inc., 1998 ND 111, ¶ 25, 579 N.W.2d 576). North Dakota law dictates:

> Every person who is entitled to recover damages certain or capable of being made certain by calculation, the right to recover which is vested in the person upon a particular day, also is entitled to recover interest thereon from that day, except for such time as the debtor is prevented by law or by the act of the creditor from paying the debt.

N.D.C.C. § 32-03-04. North Dakota law also requires that "[i]nterest for any legal indebtedness must be at the rate of six percent per annum unless a different rate . . . is not contracted for in writing." N.D.C.C. § 47-14-05.

[¶4]    Here, there is a contract dispute, which dictates that interest be determined by the Court. See Franson, 2018 ND 156, ¶ 10. According to the Asset Purchase Agreement Amendment, the right to recover vested in Kupper Parties if they met the EBT target "no later than fifteen (15) days following the completion of Buyer's annual reviewed accounting statements or May 1st of the following calendar year." Doc. No. 44-2, p. 2. The Asset Purchase Agreement and its Amendment do not contract for an interest rate. See Doc. Nos. 44-1–44-2. Because the interest rate is not contracted for in writing, the interest rate is set at six percent per annum. N.D.C.C. § 47-14-05.

[¶5]    For the foregoing reasons, the issue of interest will not be sent to the jury. In accord with this Court's Order on Summary Judgment, Doc. No. 373, Kupper Parties prevailed on the breach of contract claim regarding earnout payments. The Kupper Parties are entitled to prejudgment interest on the amount awarded. The interest is calculated by the Court from the day such payments

- 3 -

were due in accord with the contract. The Parties agree with the interest accrual indicated below as of November 4, 2024:

| Year | Daily Interest 6%/yr | No. of Days | Interest Total |
| --- | --- | --- | --- |
| 2020 | $ 123.29 | 1,283 | $ 158,178.08 |
| 2021 | $ 123.29 | 918 | $ 113,180.22 |
| 2022 | $ 123.29 | 553 | $ 68,179.37 |
| 2023 | $ 123.29 | 188 | $ 23,178.52 |

Ex. D591. The daily rate of interest is $493.16 ($123.29 x 4) as of November 4, 2024.

[¶6]   **IT IS SO ORDERED.**

DATED October 29, 2024.

Daniel M. Traynor, District Judge
United States District Court