**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NORTH DAKOTA**

| | |
|---|---|
| FA ND Chev, LLC, and<br>FA ND Sub, LLC,<br><br>Plaintiffs,<br><br>vs.<br><br>Robert Kupper et al.,<br><br>Defendants.<br>_____<br><br>BAPTKO, Inc.,<br><br>Plaintiff and<br>Counterclaim Defendant,<br><br>vs.<br><br>Foundation Automotive Corp. et al.,<br><br>Defendants and<br>Counterclaimants. | Case No. 1:20-cv-00138 |

**ORDER REGARDING MOTIONS FOR
JUDGMENT AS A MATTER OF LAW**

[¶1]    THIS MATTER comes before the Court on several oral motions for directed verdict by both Kupper Parties and Foundation Parties at trial.

[¶2]    Federal Rule of Civil Procedure 50 states that a motion for judgment as a matter of law can be granted "[i]f a party has been fully heard on an issue during a jury trial and the court finds that a reasonable jury would not have a legally sufficient evidentiary basis to find for the party on that issue."

- 1 -

[¶3]    At the close of Foundation Parties' case, Kupper Parties moved for directed verdict on several issues. On the issues of failure to disclose bonus schedules and solicitation of Kelsey Hanson, Foundation Parties conceded evidence had not come into the trial record to support these claims. Therefore, these claims are **DISMISSED**. On the issue of solicitation of Justin Rambur, while there was some evidence in the record for solicitation, there is no evidence in the record alleging damages as a result of that solicitation. Damages is an essential element of breach of contract and therefore that claim is **DISMISSED**. Both Parties moved for directed verdict as to the issue of breach of confidentiality. The record does have some evidence that Bob Kupper spoke with third parties about the sale. Those parties may or may not have been his agents and Foundation Parties may have waived the claim of confidentiality by including third parties in certain confidential meetings. However, the Court finds this is an issue of fact for the jury and **DENIES** both motions.

[¶4]    Additionally, Foundation Parties moved under Rule 15(d)(2) for trial by consent on the claim of fraud, alleging they had submitted evidence for a claim into the record without objection from Kupper Parties for misleading information in disclosure statements from Bob Kupper. However, Federal Rules of Civil Procedure Rule 9 requires the claim of fraud to be specially plead with specificity. The evidence presented was not "new," but was known by the Parties through the course of discovery. Therefore, the motion is **DENIED**.

[¶5]    For the foregoing reasons, the reasons stated on the record, and as argued by counsel for the Parties, the Court finds as follows:

- Kupper Parties' Motion for Directed Verdict as to:
  - Main Case Count I - Breach of Contract, specifically the solicitation of Kelsey Hanson and Justin Rambur, is **GRANTED** and the claim is **DISMISSED with prejudice**. Doc. No. 3.

- 3 -

- o Counterclaim I – Breach of Contract, specifically failure to disclose bonus schedules, is **GRANTED** and the claim is **DISMISSED with prejudice**. Doc. No. 50.
    - o Counterclaim I – Breach of Contract, specifically disclosure of confidential details, is **DENIED**.
- Both Parties' Motions for Directed Verdict as to Counterclaim I – Breach of Contract, specifically failure to maintain inventory levels, are **DENIED**.
- Foundation Parties' motion for trial by consent for the claim of fraud is **DENIED**.

[¶6]    **IT IS SO ORDERED.**

DATED November 1, 2024.

Daniel M. Traynor, District Judge
United States District Court