IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NORTH DAKOTA

| | |
|---|---|
| FA ND Chev, LLC, and<br>FA ND Sub, LLC,<br><br>          Plaintiffs,<br><br>vs.<br><br>Robert Kupper et al.,<br><br>          Defendants.<br><hr><br>BAPTKO, Inc.,<br><br>         Plaintiff and<br>      Counterclaim Defendant,<br><br>vs.<br><br>Foundation Automotive Corp. et al.,<br><br>         Defendants and<br>         Counterclaimants. | Case No. 1:20-cv-00138 |

### ORDER GRANTING, IN PART, AND DENYING, IN PART,
### MOTION FOR COSTS AND ATTORNEYS' FEES

#### INTRODUCTION

[¶ 1]  THIS MATTER comes before the Court on Kupper Parties' Motions for Bill of Costs, Bill of Costs Per Agreement, and Attorneys' Fees filed on November 20, 2024. Doc. Nos. 492–94. Foundation Parties filed a Response on December 11, 2024. Doc. No. 515. Kupper Parties filed a Reply on December 24, 2024. Doc. No. 520.

## STATUTORY COSTS

[¶ 2]    "[F]ederal law governs an award of costs." Dunne v. Res. Converting, LLC, 991 F.3d 931, 941 (8th Cir. 2021). Rule 54(d) of the Federal Rules of Civil Procedure provides costs other than attorneys' fees "should be allowed to the prevailing party" absent a prohibition by federal statute, rule, or court order. A district court has considerable discretion in awarding costs. Jet Midwest Int'l Co., Ltd. v. Jet Midwest Grp, LLC, 93 F.4th 408, 422 (8th Cir. 2024). The costs to be awarded as a matter of course under Rule 54(d)(1) are listed in 28 U.S.C. §1920. If a federal statute only allows the recovery of "costs," then Section 1920 must be read in conjunction with 28 U.S.C. § 1821. Rimini St., Inc. v. Oracle USA, Inc., 586 U.S. 334, 339 (2019). Section 1821 address per diem and mileage amounts for witnesses in attendance at any court of the United States. 28 U.S.C. § 1821. "Federal courts are bound by the limitations on expenses set out in 28 U.S.C. § 1821 and § 1920 in the absence of explicit statutory or contractual authorization for the taxation of an expense as costs." Jet Midwest, 93 F.4th at 422 (quoting Johnson Tr. Of Operating Eng'rs Loc #49 Health & Welfare Fund v. Charps Welding & Fabricating, Inc., 950 F.3d 510, 527 (8th Cir. 2020) (cleaned up)).

[¶ 3]    Local Rule 54.1 requires a party seeking an award of costs to provide

> a verified statement of costs that contains, for each category of costs being claimed, a detailed breakdown of each item of claimed costs within the category with sufficient description that the item can be readily understood, together with a brief citation to the statutory or other legal authority that provides for recovery of the category of claimed costs, and any supporting documents that will be relied upon to establish the claims of costs.

D.N.D. Civ. Loc. R. 54.1.

[¶ 4]    Section 1920 provides the court may tax the following as costs:

(1) Fees of the clerk and marshal;
(2) Fees for printed or electronically recorded transcripts necessarily obtained for use in the case;

>  (3) Fees and disbursements for printing and witnesses;
>  (4) Fees for exemplification and the costs of making copies of any materials where the copies are necessarily obtained for use in the case;
>  (5) Docket fees under section 1923 of this title; and
>  (6) Compensation of court appointed experts, compensation of interpreters, and salaries, fees, expenses, and costs of special interpretation services under section 1828 of this title.

28 U.S.C. § 1920. Although a prevailing party is presumptively entitled to recover costs allowed by 28 U.S.C. § 1920, the submitted bill of costs should always be given careful scrutiny. Koppinger v. Cullin–Schiltz and Assocs., 513 F.2d 901, 911 (8th Cir. 1975). Kupper Parties requested $65,772.42. Doc. No. 492.

## I.   Transcripts

[¶ 5]   Kupper Parties request $63,318.02 in costs related to depositions. Doc. No. 492, p. 2. Foundation Parties argue $2,206.28 for syncing video depositions is not allowable. Doc. No. 515, p. 14. Kupper Parties agree and argue it is recoverable as a contractual cost. Doc. No. 520, p. 12. Syncing video depositions is not recoverable under Section 1920. See Wilansky v. Morton Cnty., No. 1:18-cv-00236, 2024 WL 4264192, ¶ 16 (D.N.D. Sept. 23, 2024). The Court will address these costs under that section and will assess the remaining $61,111.74.

[¶ 6]   When recovering transcript costs, courts look to whether the "depositions reasonably seemed necessary at the time they were taken." Zotos v. Lindberg School Dist., 121 F.3d 356, 363 (8th Cir. 1997) (cleaned up) (quoting Manildra Milling Corp. v. Ogilvie Mills, Inc., 76 F.3d 1178, 1184 (Fed. Cir. 1996)). Whether the depositions at issue here were used in obtaining judgment in favor of a party is immaterial. Smith v. Tenet Healthsystem SL, Inc., 436 F.3d 879, 889 (8th Cir. 2006) ("[E]ven if a deposition is not introduced at trial, a district court has discretion to award costs if the deposition was necessarily obtained for use in [a] criminal case and was not purely investigative." (cleaned up)).

[¶ 7] Foundation Parties argue four depositions were unnecessary and should not be taxable. Doc. No. 515, p. 17. Kupper Parties argue they had no opportunity to interview these individuals outside of a deposition because they were employed by Foundation Parties. Doc. No. 520, p. 14.

[¶ 8] Depositions can only be taxed when they are "necessarily obtained for use in [a] case" and not "purely investigative." Zotos v. Lindbergh Sch. Dist., 121, F.3d 356, 363 (8th Cir. 1997) (quoting Slagenweit v. Slagenweit, 63 F.3d 719, 720 (8th Cir. 1995) (per curiam)). Necessity is judged by what "reasonably seemed necessary at the time [the depositions] were taken." Id. (quoting Manildra Milling Corp. v. Ogilvie Mills, Inc., 76 F.3d 1178, 1184 (Fed. Cir 1996)).

[¶ 9] The claims in this case included the allegation that Robert Kupper defamed Foundation Parties to their employees and induced Foundation Parties employees to quit their jobs in violation of the Asset Purchase Agreement. Doc. No. 3. The Court finds the depositions at issue to be reasonably necessary at the time they were taken, which was years before trial. Therefore, costs will be taxable.

[¶ 10] Foundation Parties argue the video depositions of Brian LoBaugh and Derek Slemko were unnecessary because Mr. Slemko had been deposed in a representative capacity and Mr. LoBaugh was not an employee of Foundation Parties. Doc. No. 515, p. 19. Kupper Parties argue they were needed for impeachment purposes at trial. Doc. No. 520, p. 15.

[¶ 11] Printed and electronically recorded transcripts of the same deposition are recoverable as long as both were necessary for use in the case. Stanley, 784 F.3d at 465. Kupper Parties do not detail why it needed Mr. Slemko in his individual capacity or why Mr. LoBaugh was considered reasonable to depose at the time. Therefore, the Court finds the video depositions of Brian LoBaugh and Derek Slemko, in his individual capacity, as unnecessary and $2,982.50 is not taxable.

[¶ 12] The Court has reviewed the entire record and concludes the other depositions were reasonably necessary at the time they were taken.

## II.  Ancillary Deposition Costs

[¶ 13] Foundation Parties argue $2,600.72 should be disallowed because processing and compliance costs are not taxable without proof of necessity. Doc. No. 515, pp. 16–17. Kupper Parties argue these costs are recoverable as a contractual cost. Doc. No. 520, p. 14. The Eighth Circuit has held that shipping and handling fees are not taxable. Smith, 436 F.3d at 889. Some of these charges are listed specifically as "shipping charges," while all reasonably pertain to the "handling" of information for transcription. Therefore, $2,600.72 will be assessed as a contractual cost.

[¶ 14] Foundation Parties argue the cancellation fee for Ginger Knutsen is not recoverable. Doc. No. 515, pp. 19–20. Cancellation fees are not contemplated in Section 1920. Kupper Parties do not respond to this argument and, therefore, $295.00 is not taxable.

## III.  Witnesses

[¶ 15] Kupper Parties requested $1,586 for Printing and Witness fees. Doc. No. 492, p. 7. However, the Court calculated the total for the same charges to be $1,556.

[¶ 16] Foundation Parties argue process server fees amounting to $1,116.00 are not provided for under Section 1920. Doc. No. 515, pp. 14–15. Kupper Parties agree and argue they are recoverable as a contractual cost. Doc. No. 520, p. 13. Process service fees are not recoverable under Section 1920. Crues v. KFC Corp., 768 F.2d 230, 234 (8th Cir. 1985). The Court will address these fees under that section and will assess here the remaining $440.00 in witness fees.

[¶ 17]  Foundation Parties argue the costs for three witnesses who did not testify at trial and rescheduling deposition costs for Monte Clair are not taxable. Doc. No. 515, pp. 15–16. Kupper

Parties argue that time limitations prevented them from calling Sherry Moos and Shawn Weekes, calling Chris Schneider was made unnecessary when Foundation Parties called him themselves, and Monte Clair's rescheduling was beyond their control. Doc. No. 520, pp. 13–14.

[¶ 18]   Witness fees are not ordinarily taxed if the witnesses do not testify unless the testimony was material. United States v. Adams, 996 F.3d 514, 522 (8th Cir. 2021). Testimony does not become immaterial simply because outside circumstances rendered the testimony unnecessary. Id. at 522–23. In Adams, the government was going to call a witness but could not because of time constraints. Id. The testimony was material to the admissibility of certain records and calling the witness was a condition of a stipulation to entering the documents as evidence. Id. The Eighth Circuit affirmed the district court in allowing these fees to be taxed. Id. In Stanley v. Cottrell, Inc., counsel planned to call a witness to rebut expert testimony. 784 F.3d 454, 467–68 (8th Cir. 2015). However, the expert did not testify to certain topics and therefore there was no need to have a rebuttal witness. Id. The Eighth Circuit affirmed taxing the witness fee.

[¶ 19]   Here, Kupper Parties intended to call Sherry Moos and Shawn Weekes as witnesses, but time limitations prevented them. Doc. No. 520, p. 13. These witnesses were both employees of the businesses in question and had personal knowledge of some of the events discussed at trial. Therefore, the Court finds their testimony material and their witness fees taxable. As for Chris Schneider, Foundation Parties called the witness in their case and therefore it was unnecessary for Kupper Parties to call him separately. Id. at 13. Mr. Schneider was a key witness in the case. Therefore, the witness fee for Mr. Scheider is taxable even though Kupper Parties did not need to call him to the stand. Lastly, Section 1920 does not contemplate cancellation or rescheduling fees and therefore, $120.00 is not recoverable for costs related to Mr. Clair's deposition.

### IV.     Copies for Trial

[¶ 20]   Kupper Parties request $818.40 in printing costs for creating binders of exhibits for the evidentiary hearing and for trial. Doc. No. 492, p. 7. Foundation Parties do not contest this amount. Costs for making copies used in the case are specifically contemplated in Section 1920(4). Therefore, the Court finds this cost taxable.

### V.     Conclusion

[¶ 21]   Kupper Parties request a total of $65,772.42 under Section 1920. The Court found as non-taxable: charges for syncing video depositions ($2,206.28), process service fees ($1,116.00), and "shipping and handling" fees relating to depositions ($2,600.72), unnecessary video depositions ($2,982.50), and cancellation and rescheduling fees ($415). Further the amount is reduced by $30 reflecting a typo. Supra ¶ 15. The Court finds the remaining costs taxable: deposition fees ($55,233.52), witness fees ($320), and printing costs ($818.40). In total, the Court finds $56,371.92 in costs and fees taxable under Section 1920.

## CONTRACTUAL COSTS AND FEES

[¶ 22]   In an Asset Purchase Agreement ("Agreement") between Foundation Automotive Corp. and Kupper Chevrolet, Inc., the entities contracted that if litigation was necessary to enforce the Agreement "the nonprevailing Party will pay the reasonable expenses of the prevailing Party, including reasonable attorneys' fees and costs." BAPTKO, Inc. v. Foundation Automotive Corp. et al, Case No. 1:21-cv-00183, Doc. No. 3-1, p. 27. Kupper Parties request $2,257,336.72 in attorneys' fees, $154,478.79 in expert costs and expenses, and $6,555 in costs paid directly by Kupper Parties.[1] Doc. No. 493, p. 4. Kupper Parties also assert several costs not allowed by Section

---

[1] Kupper Parties also list $30,597.37 in copying, research, and travel costs but state this amount is included in the request for attorneys' fees. Doc. No. 493, p. 4.

1920 are reasonable costs under the Agreement. Doc. No. 520, pp. 12, 13, 17 ($2,206.28 for syncing video depositions, $1,116.00 in process service fees, and $2,600.72 in deposition "shipping and handling fees").

### I.  Parties to the Agreement

[¶ 23] Foundation Parties argue Robert Kupper should not recover attorneys' fees in his individual capacity because he was not individually a party to the Agreement. Doc. No. 515, p. 8. Kupper Parties argue the fees were paid by BAPTKO, not Mr. Kupper. Doc. No. 520, pp. 6–7. Further, they argue Mr. Kupper was a party through the non-solicitation and confidentiality clauses of the Agreement. Id.

[¶ 24] The Agreement states the "Parties" to the Agreement are the "Buyer," defined as Foundation Automotive Corp., and "Seller," defined as Kupper Chevrolet, Inc., while Mr. Kupper was listed as the "Seller Principal" or "Individual." BAPTKO, Inc. v. Foundation Automotive Corp. et al, Case No. 1:21-cv-00183, Doc. No. 3-1, pp. 1, 5, 39. However, in Section 4.1(d) "Knowledge of Seller" includes knowledge of "Bob Kupper," not Kupper Chevrolet, Inc. Id. at 7. Foundation Parties brought claims against Mr. Kupper and BAPTKO brought claims against Foundation Parties, which were combined into the present consolidated case. Foundation Parties argued at trial their non-performance of the contract with BAPTKO was excused by Mr. Kupper's alleged violation of the non-solicitation and confidentiality agreements. BAPTKO's efforts to enforce its contract necessarily included defending Mr. Kupper as an individual. Further, Mr. Kupper is not being personally reimbursed. BAPTKO paid the expenses detailed in these motions and BAPTKO is being reimbursed. Therefore, the Court finds any amounts spent defending Mr. Kupper are recoverable under the Agreement.

## II. Attorneys' Fees

[¶ 25] In this diversity case, "North Dakota law governs the award of attorneys' fees." Continental Res., Inc. v. Fisher, 102 F.4th 918, 929 (8th Cir. 2024). The North Dakota Supreme Court has approved two methods of determining reasonable attorneys' fees: (1) "the lodestar method" and (2) use of an itemized bill and affidavit. Id. The Parties agree the lodestar method is appropriate.

[¶ 26] Under the lodestar method, when deciding whether and to what extent to award attorneys' fees, courts look to the number of the hours reasonably spent on a case times a reasonable hourly rate. Burlington v. Dague, 505 U.S. 557, 559 (1992). Courts have considerable discretion when determining reasonable attorneys' fees. Hensley v. Eckerhart, 461 U.S. 424, 437 (1983). "The trial judge should weigh the hours claimed against his knowledge, experience and expertise of the time required to complete similar activities." Gilbert v. City of Little Rock, 867 F.2d 1063, 1066 (8th Cir. 1989). In North Dakota, courts consider eight factors:

> (1) the time and labor required, the novelty and difficulty of the questions involved, and the skill requisite to perform the legal service properly;
> (2) the likelihood, if apparent to the client, that the acceptance of the particular employment will preclude other employment by the lawyer;
> (3) the fee customarily charged in the locality for similar legal services;
> (4) the amount involved and the results obtained;
> (5) the time limitations imposed by the client or by the circumstances;
> (6) the nature and length of the professional relationship with the client;
> (7) the experience, reputation, and ability of the lawyer or lawyers performing the services; and
> (8) whether the fee is fixed or contingent.

Fisher, 102 F.4th at 930–31 (quoting Big Pines, LLC v. Baker, 2021 ND 70, ¶ 18, 958 N.W.2d 480).

### a. Time, Difficulty, and Skill

[¶ 27] Foundation Parties argue Kupper Parties have inflated their attorney hours, both through duplicative billing and through unnecessary work and request an evidentiary hearing on the matter. Doc. No. 515, pp. 10–11.

[¶ 28] This case has a docket of over 500 entries over five years, and another docket in the consolidated case. The Court has no doubt this extended litigation took the 1,920.1 hours Mr. Bakke charged. See Doc. No. 520, p. 6. All other attorneys bill a total of 964.1 hours over the same time period. Id. Considering the breadth of representation from Foundation Parties and the voluminous record, the Court finds no "over-lawyering" as Foundation Parties argue. Therefore, the Court denies Foundation Parties request to hold a hearing and finds this factor weighs in favor of a full award.

### b. Precluded Employment

[¶ 29] It is apparent that Counsel for Kupper Parties were precluded from other employment by taking this case. A significant amount of time was expended on this case that resulted in the loss of other potential employment for their counsel. This factor weighs in favor of a full award.

### c. Local Rate

[¶ 30] Foundation Parties argue the rate Kupper Parties request is unreasonable because it is not the actual rate charged and it was a rate deemed unreasonable in previous negotiations. Doc. No. 515, pp. 6–7. Kupper Parties argue the rates are reasonable, but in the alternative, provides the Court with the amounts actually charged in the case. Doc. No. 520, pp. 5–6.

[¶ 31] As a general rule, a reasonable hourly rate is the prevailing market rate, that is, "the ordinary rate for similar work in the community where the case has been litigated." Emery v. Hunt, 272 F.3d 1042, 1048 (8th Cir. 2001). The party seeking attorneys' fees bears the burden of

producing sufficient evidence "that the requested rates are in line with those prevailing in the community for similar services by lawyers of reasonably comparable skill, experience and reputation." Blum v. Stenson, 465 U.S. 886, 895 n.11 (1984). The district court is in the best position to understand what services are reasonable and what hourly rates are appropriate in the relevant market. Al-Birekdar v. Chrysler Grp., LLC, 499 F. App'x 641, 648 (8th Cir. 2013) (holding the district court did not abuse its discretion in reducing the requested hourly rates).

[¶ 32] In North Dakota, courts look to the reasonable rate of similar work in the state of North Dakota. Deadwood Canyon Ranch, LLP v. Fidelity Expl. & Prod. Co., Case No. 4:10-cv-081, 2014 WL 11531553, at *3 (D.N.D. June 26, 2014). Therefore, the Court declines to apply the rate of Foundation Parties out-of-state counsel. The actual rates charged are: $175 for paralegals and $300–$400 for attorneys. Doc. No. 520, p. 6. The Court finds the range reasonable for North Dakota. Therefore, the Court will examine the requested fees at these rates.

### d. Amount Involved and Results Obtained

[¶ 33] The jury awarded $3,364,195.67 to BAPKTO in this case. Doc. No. 490. The requested attorneys' fees total $1,387,954.22. Doc. No. 520, p. 7. The amount is reasonable considering the number of hours expended, the number of issues and parties involved, and the results obtained.

### e. Counsel's Reputation and Ability[2]

[¶ 34] Counsel for Kupper Parties is a reputable lawyer and skilled in his field. He advocated well for his clients during trial and received a good result. This factor weighs in favor of a full award.

---

[2] The factors of time limitations and relationship with the client do not appear to be significant to this case and are excluded from analysis. Further, as to the final factor, the Court notes the fee was not contingent.

### f. Discrepancy and Documentation

[¶ 35] Kupper Parties submitted a "Quick Report" detailing charges to BAPTKO from August 17, 2020, to November 7, 2024. Doc. No. 521. This report states BAPTKO was billed a total of $1,558,208.92. Id. at 7. Kupper Parties note the discrepancy of this amount from the requested $1,387,954.22, saying the report includes costs that are otherwise reported. Doc. No. 520, p. 7 n.2.[3]

[¶ 36] Try as the Court might, it cannot make these numbers match up with the numbers listed in the tables in Doc. Nos. 493 and 520. Further, it seems this report lists charges for expert witness fees that Kupper Parties request separately under non-taxable costs but did not reduce under the requested attorneys' fee amount. See Doc. Nos. 493, 520. Therefore, the Court will use its own calculations.

[¶ 37] The attorneys' fees billed to BAPTKO total $1,558,208.92. Doc. No. 521. The Court deducts the starting value of the report ($125,720), the non-taxable amount requested ($161,033.79), and the taxable amount requested ($65,692.42). See Doc. Nos. 493, 520, 521. The remaining balance for attorneys' fees totals $1,205,762.71.

[¶ 38] Poor documentation regarding the accrued fees also warrants a reduction. See Jensen v. Clarke, 94 F.3d 1191, 1203, 1204 (8th Cir. 1996) (affirming a 10% reduction for poor documentation). It is not the Court's job to be a "pig[] hunting for truffles" in the record. Murthy v. Missouri, 144 S. Ct. 1972, 1992 n.7 (2024). While Kupper Parties provided over 600 pages of documentation, this was ultimately unhelpful in reconciling the amount requested and the amount billed. Further, the duplicative reporting of costs and fees under three motions compounded the Court's difficulty in reconciliation, especially considering the responses merged discussion of all

---

[3] The Court wonders why an amount for the total number of hours billed by attorneys and paralegals need be reduced by costs at all. Doc. No. 520, p. 6.

three. See Doc. Nos. 492–96, 515, 520–21. Therefore, the Court finds a percentage reduction of 10% is warranted. $120,576.27 will be deducted from the final award, bringing the final total of attorneys' fees to $1,085,186.44.

### g. Conclusion

[¶ 39]  Upon review of all eight factors, the Court finds they favor a full award of attorneys' fees. Considering the discrepancies and poor documentation, the Court's calculation of the total is reduced by 10%. Therefore, the total awarded is $1,085,186.44.

### III. Contractual Costs

[¶ 40]  Kupper Parties further request costs under the Agreement. Doc. No. 493, pp. 2–4. Foundation Parties argue these expenses are either unrecoverable or documentation is too vague for recovery and request a hearing to determine the proper scope of the costs. Doc. No. 515, pp. 12–13.

[¶ 41]  The Agreement states the prevailing party will be reimbursed all "reasonable expenses," including "attorneys' fees and costs." BAPTKO, Inc. v. Foundation Automotive Corp. et al, Case No. 1:21-cv-00183, Doc. No. 3-1, p. 27. Contract interpretation requires use of the plain meaning when the terms are not defined, with the goal being to identify the intent of the parties. See In re Estate of Moore, 2018 ND 221, ¶ 8, 918 N.W.2d 69. Here, the contract was for sale of a business. The intent of the provisions was to make sure the Parties adhered to the contract by giving a penalty for having to enforce it through litigation, which is exactly what happened in this case. Foundation Parties did not adhere to the contract and BAPTKO resorted to litigation.

[¶ 42]  Foundation Parties argue the terms do not contemplate expanding the scope of recoverable fees beyond what is allowed by statute. Doc. No. 515, pp. 11–12. They rely on a case from Alabama; however, the court in that case had to "construe the language of the contract against [the

plaintiff] as the party that drafted it." Natures Way Marine, LLC v. Everclear of Ohio, Ltd., No. CIV.A 12-316-CG-M, 2015 WL 1757116, at *8 (S.D. Ala. Apr. 17, 2015). Here, the Parties jointly drafted the contract. BAPTKO, Inc. v. Foundation Automotive Corp. et al, Case No. 1:21-cv-00183, Doc. No. 3-1, p. 29.

[¶ 43] The intent of the Parties was to "make it hurt" not to abide by the contract or, to put it another way, to make sure the non-breaching party got the full benefit of the bargain without having to incur additional legal fees. Limiting the fees to a statutory maximum would not serve this purpose. Therefore, the Court interprets "reasonable expenses" to include all expenses incurred in litigation while enforcing the contract.

[¶ 44] Kupper Parties request that fees incurred since trial and during an appeal be judged recoverable. Doc. No. 520, p. 15. Foundation Parties did not respond to this argument. The Court declines to make a ruling on costs for an appeal that has not occurred and unproven costs. Kupper Parties may make future motions for further costs and fees if they occur.

[¶ 45] The Court has reviewed the entire record and finds documentation sufficient. Kupper Parties are awarded $166,956.79 in reasonable expenses under the Agreement: $154,478.79 in expert witness fees; $6,555.00 for Cross Sell Reports and ISG Background Searches; $2,206.28 for syncing video depositions, Doc. No. 520, p. 12; and $1,116.00 process service fees, id. at 13; $2,600.72 in deposition "shipping and handling" fees, id. at 17.

## CONCLUSION

[¶ 46] For the reasons set forth above, Kupper Parties' Motion for Costs and Attorneys' Fees and Costs is **GRANTED**, **in part**, **and DENIED**, **in part**. The Clerk of Court is directed to amend the judgment to award Kupper Parties attorneys' fees in the amount of $1,085,186.44 and costs totaling $223,328.71. All other terms of the judgment shall remain in place.

[¶ 47]  **IT IS SO ORDERED.**

DATED April 7, 2025.

_____
Daniel M. Traynor, District Judge
United States District Court