STATE OF NORTH DAKOTA                                        IN DISTRICT COURT

COUNTY OF MORTON                            SOUTH CENTRAL JUDICIAL DISTRICT

CIVIL NO. 30-2025-CV-00652

|  |  |  |
|---|---|---|
| BAPTKO, Inc. and Robert Kupper | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | |
| | ) | **AMENDED COMPLAINT AND** |
| FA ND CHEV, LLC; FA ND SUB, LLC; | ) | **JURY DEMAND** |
| EAGAL3 LLC; EAGAL4 LLC; PMKC | ) | |
| Mandan LLP; Starion Bank, and Bravera | ) | |
| Bank, | ) | |
| | ) | |
| Defendants. | ) | |

***                        ***                        ***

[|1]    COME NOW Plaintiffs BAPTKO, Inc. ("BAPTKO") and Robert Kupper ("Kupper"), and

for their amended complaint against FA ND CHEV, LLC ("FA ND CHEV"), FA ND SUB, LLC

("FA ND SUB"), EAGAL3 LLC ("EAGAL3"); EAGAL4 LLC ("EAGAL4"), PMKC Mandan

LLP ("PMKC"), Starion Bank, and Bravera Bank state and allege as follows:

**THE PARTIES**

[TJ2]    Plaintiff BAPTKO is a North Dakota corporation having its principal place of business at

400 First Street NE, Mandan, North Dakota 58554. Plaintiff Kupper is the owner of BAPTKO.

[Tf3]    Defendant FA ND CHEV is a foreign limited liability company having its principal place

of business at 211 Highland Cross Dr., Suite 260, Houston, Texas 77073.

[TJ4]    Defendant FA ND SUB is a foreign limited liability company having its principal place of

business at 211 Highland Cross Dr., Suite 260, Houston, Texas 77073.

[Tf5]    Defendant EAGAL3 is a North Dakota limited liability company having its principal place

of business at 1112 Missouri Ave., Bismarck, North Dakota 58504.

- 1 -

**EXHIBIT 10**

[Tf6]    Defendant EAGAL4 is a North Dakota limited liability company having its principal place of business at 1112 Missouri Ave., Bismarck, North Dakota 58504.

[Tf7]    Defendant PMKC is a North Dakota limited liability partnership having its principal place of business at 1112 Missouri Ave., Bismarck, North Dakota 58504.

[Tf8]    Defendant Starion Bank is North Dakota State Bank. Upon information and belief, Starion Bank owns a mortgage interest in a portion of the real estate associated with the Mandan Dealerships, as defined below.

[TJ9]    Defendant Bravera Bank is a North Dakota State Bank. Upon information and belief, Bravera Bank owns a mortgage interest in a portion of the real estate associated with the Mandan Dealerships, as defined below.

## JURISDICTION AND VENUE

[Tfl0]    This Court has jurisdiction pursuant to N.D.C.C. § 27-05-06 and venue is appropriate pursuant to N.D.C.C. §§28-04-01 and 28-04-04.

## FACTUAL ALLEGATIONS

**Failure to Pay Under Earn Out Provision of Foundation Asset Purchase Agreement**

[|11]    Plaintiff BAPTKO, as seller, and Foundation Automotive Corp., an Alberta corporation ("Foundation Automotive"), as buyer, entered into an Asset Purchase Agreement dated November 28, 2018 (as so amended, the "Foundation APA").

[1112]    Pursuant to the Foundation APA, BAPTKO agreed to sell, and Foundation Automotive agreed to purchase, substantially all of the assets of BAPTKO used in the operations of Chevrolet and Subaru motor vehicle sales and service businesses located in Mandan, North Dakota (the "Mandan Dealerships"), including but not limited to real property, personal property, and goodwill.

[$13]   The Foundation APA was amended, in part, pursuant to a document entitled "First Amendment to Asset Purchase Agreement" ("First Amendment"), effective January 27, 2019, between BAPTKO, as seller, and Foundation Automotive, as Buyer. Foundation Automotive subsequently assigned its rights and obligations under the Foundation APA, as amended, to Defendants FA ND CHEV and FA ND SUB.

[|14]   The Foundation APA, as amended by the First Amendment, includes an earn out provision. In that regard, Section 3 of the First Amendment entitled "Purchase Price; Payment" provides in relevant part:

> Sections 2.1(d)-(e) are hereby deleted in their entirety and replaced with the following:
>
> '(d) The Maximum Earn Out Amount shall be subject to an earn out process subsequent to the Closing (the "Earn Out") as set forth in this Section 2.1(d). The opportunity for Seller to earn the Maximum Earn Out Amount shall have an indefinite period so long as the owners who own and control the Buyer as of the Effective Date (the "Owners") remain as majority owners and retain the ability to control the Buyer (the "Earn Out Period"). **In connection with the Earn Out, the Seller shall receive Seven Hundred Fifty Thousand Dollars ($750,000) per year (the "Base Earn Out Amount") when the Dealerships reach the normalized EBT threshold target of $2,500,000 for a calendar year.** Whether the Dealerships have met the EBT target shall be determined using the calculation methodology attached hereto as Exhibit D, which shall include both the Chevrolet and Subaru Dealerships. . . .
>
> (e) **In the event Buyer meets the EBT target identified above for a calendar year, Buyer shall pay Seller by wire transfer or other immediately available funds the Earn Out Amounts (subject to any offsets pursuant to Section 5.3 [indemnification provision] below) no later than fifteen (15) days following the completion of Buyer's annual reviewed accounting statements or May 1st of the following calendar year, whichever occurs sooner. . . . .[']**

(bold added). Pursuant to the amended Sections 2.1(d)- (e) of the Foundation APA, BAPTKO was entitled to an earn out payment of $750,000 for each calendar year in which the Mandan Dealerships combined reached the normalized EBT target of $2.5 million for a calendar year,

calculated using the methodology described in Exhibit D to the APA, and to be paid no later than May 1 of the following calendar year.

[¶15]   Following the closing on the sale, utilizing the methodology described in Exhibit D to the Foundation APA, the Mandan Dealerships combined surpassed the normalized EBT target of $2.5 million for the calendar years ending December 31, 2020, December 31, 2021, December 31, 2022, and December 31, 2023. BATPKO was therefore entitled to receipt of an earn out payment of $750,000 for each of those calendar years, to be paid no later than May 1, 2021, May 1, 2022, May 1, 2023, and May 1, 2024 (totaling $3 million).

[$16]   Despite the earn out provision being triggered for each calendar year from 2020 to 2024, Defendants FA ND CHEV and FA ND $UB have never paid BAPTKO any earn out money whatsoever.

[¶17]   Pursuant to Section 9.7 of the Foundation APA, "in any proceeding or other attempt to enforce, construe or to determine the validity of this Agreement or any Related Agreement, the nonprevailing Party will pay the reasonable expenses of the prevailing Party, including reasonable attorneys' fees and costs."

### Federal Lawsuit to Recover Unpaid Earn Out Amounts

[$18]   On September 27, 2021, BAPTKO commenced a federal lawsuit against Foundation Automotive, FA ND CHEV, and FA ND SUB in the United States District Court for the District of North Dakota, Western Division (Case No. 1:21-cv-00183), alleging breach of contract, and seeking to recover unpaid earn out amounts plus interest, costs, disbursements, expenses, and attorneys' fees. This litigation was later consolidated with a federal lawsuit filed by FA ND CHEV and FA ND SUB against Kupper, Bismarck Motor Company, and BMC Marine LLC d/b/a Moritz

Sport & Marine in the United States District Court for the District of North Dakota, Western Division (Case No. l:20-cv-00183).

[¶19]   In the consolidated federal case, the Court issued an oral order on October 28, 2024, awarding BAPTKO $3 million against Foundation Automotive, FA ND CHEV, and FA ND SUB relating to unpaid earn out amounts. On October 29, 2024, the Court issued a written order, further awarding BAPTKO prejudgment interest in the amount of $123.29 per day at a rate of 6% for a total of $364,195.67. Following a jury trial, in which FA ND CHEV and FA ND SUB lost all of their remaining claims against BAPTKO and Kupper, the Court entered Judgment in favor of BAPTKO on November 7, 2024 *(Exhibit A).* On April 7, 2025, the Federal Court issued an Amended Judgment *(Exhibit B),* awarding Kupper and BAPTKO attorneys' fees in the amount of $1,085,186.44 and costs in the amount of $223,328.71. The total judgment against FA ND CHEV and FA ND SUB is $4,672,710.82, plus interest. The November 7, 2024 Judgment has been filed as a foreign judgment in North Dakota State District Court, South Central Judicial District, Morton County, North Dakota, Case No. 30-2024-cv-01337.

[¶20]   While Foundation Automotive, FA ND CHEV, and FA ND SUB have filed an appeal of the judgment in the federal case to the Eighth Circuit Court of Appeals, they have never sought a stay of execution of judgment pending the appeal, and have never provided a bond or other security to secure a stay of execution. The automatic 30-day stay of execution provided by Federal Rule of Civil Procedure 62 has lapsed.

**Transfers Made with Actual Intent to Hinder, Delay, or Defraud BAPTKO as a Creditor**

[¶21]   In October 2023, the CEO of Foundation Automotive (parent company FA ND CHEV and FA ND SUB), Kevin Kutschinski ("Kutschinski"), testified in his deposition (which was played at trial in the federal case without objection) that he had no interest in selling the Mandan

Dealerships because he liked the cash flow and the Mandan Dealerships had been a good investment for Foundation Automotive.

[^[22]    Kupper and BAPTKO have learned that shortly prior to Kutschinski's deposition, FA ND CHEV and FA ND SUB had already divested themselves of their ownership interest in the real estate where the Mandan Dealerships are located. During the course of the federal case, FA ND CHEV and FA ND SUB sold the real estate associated with the Mandan Dealerships to CARS-DB12 L.L.C and CARS-DB5, L.P.

[T[23]    Kupper and BAPTKO have also learned that, shortly after judgment was entered in the federal case, FA ND CHEV and FA ND SUB sold the remaining Mandan Dealership assets, including personal property and goodwill, to EAGAL3 LLC and EAGAL4 LLC. As part of the sale of the Mandan Dealerships, the real estate was transferred back to FA ND CHEV and FA ND SUB from CARS-DB12 L.L.C and CARS-DB5, L.P., and was then assigned to PMKC. (Upon information and belief, EAGAL3 LLC, EAGAL4 LLC, and PMKC are related entities associated with the Eide Automotive Group. Those three parties are hereafter collectively referred to as the "Eide Parties"). Upon information and belief, the Mandan Dealerships, including the associated real property, personal property, and goodwill, are owned and operated by the Eide Parties.

[^[24]    Derek Slemko is the Chief Financial Officer of Foundation Automotive (parent company FA ND CHEV and FA ND SUB). According to a Declaration of Derek Slemko (*Exhibit C*) recently filed in the federal case, "As for the proceeds of from the sale of the Mandan Dealerships, [they] primarily allocated the funds toward satisfying existing loans and financing arrangements – including floor plans, transaction costs, and fees payable to Haig and other lenders. After satisfying the obligations of our lenders, the remaining amount available as liquidity to Foundation was

nominal." Despite significant efforts by Kupper and BAPTKO, FA ND CHEV and FA ND SUB have failed to disclose where, or to who, the money paid by the Eide Parties was transferred.

**The Eide Parties did Not Take the Assets in Good Faith or for Reasonably Equivalent Value**

[$25]   The Eide Parties did not take the assets in good faith. At all relevant times, they knew of the existence of Kupper and BAPTKO's legal claims, knew of the federal case, and knew they were obtaining substantially all the assets of FA ND CHEV and FA ND SUB used in the operation of the Mandan Dealerships, mere weeks after a substantial judgment was entered against FA ND CHEV and FA ND SUB. The Eide Parties took steps to attempt to shield themselves from legal liability. According to the Declaration of Derek Slemko *(Exhibit C),* "Between September and December 2024, [Foundation Automotive] worked with legal counsel, each original equipment manufacturer ("OEM") (i.e., Chevrolet and Subaru), and Eide to prepare the necessary documentation to complete the transaction. Throughout the negotiation process, we provided disclosures regarding pending litigation between the Foundation Parties, BAPTKO, and Robert Kupper, as part of our normal-course contractual disclosure obligations. Since the transaction was structured as an asset deal where the Foundation Parties retained all liabilities, Eide was not particularly concerned about the litigation."

[$26]   The Eide Parties did not take the assets for reasonably equivalent value. Kutschinski (CEO of Foundation Automotive) testified in his deposition (which was played at trial in the federal case without objection) that Jesse Peterson (President/CEO of Eide Automotive Group) made a verbal proposal to purchase the Mandan Dealerships for $25 to $26 million in 2021, which Kutschinski rejected because he liked the cash flow of the Mandan Dealerships. Kutschinski not only rejected the $25 million to $26 million offer but made a counteroffer for a much higher number. Kutchinski testified the Mandan Dealerships had been a good investment for Foundation Automotive.

**COUNT I**
**VOID TRANSACTIONS UNDER UNIFORM VOIDABLE TRANSACTIONS ACT**
**(N.D.C.C. Ch. 13-02.1)**

[27]   Plaintiff realleges and incorporate by reference the allegations contained in all prior paragraphs.

[28]   The transfers of the real estate associated with the Mandan Dealerships to CARS-DB12 L.L.C and CARS-DB5, L.P., then back to FA ND CHEV and FA ND SUB and later to PMKC, were made with the actual intent to hinder, delay, or defraud Kupper and BAPTKO as creditors of FA ND CHEV and FA ND SUB. These transfers should be voided by the Court as to Kupper and BAPTKO.

[29]   The judgment amounts against FA ND CHEV and FA ND SUB were of record in Federal District Court on November 7, 2024 (Doc. 490, Case No. 1:20-cv-00183) and in Morton County District Court on December 12, 2024 (Doc. 2, Case No. 30-2024-cv-01337). On December 13, 2024 (Burleigh County Recorder Doc. 973451) and December 16, 2024 (Morton County Recorder Doc. 522761), Starion Bank first recorded a mortgage on the real estate associated with the Mandan Dealerships. On December 16, 2024 (Morton County Recorder Doc. 522761), Bravera Bank first recorded a mortgage on the real estate associated with the Mandan Dealerships. As the judgments in favor of BAPTKO of record as of November 7, 2024 and December 12, 2024, predated the mortgages of Starion Bank and Bravera Bank, the BAPTKO judgment has legal priority and is first in line to be paid before either mortgage of Starion Bank or Bravera Bank.

[30]   The transfers of the remaining non-real estate assets of Mandan Dealership to EAGAL3 LLC and EAGAL4 LLC were also made with the actual intent to hinder, delay, or defraud Kupper and BAPTKO as creditors of FA ND CHEV and FA ND SUB. These transfers should be voided by the Court as to Kupper and BAPTKO.

[^31]   The Uniform Voidable Transactions Act provides a non-exclusive list of factors to determine whether a transfer was made with the actual intent to hinder, delay, or defraud a creditor of the debtor. N.D.C.C. § 13-02.1-04. Many factors support the finding of actual intent, including but not limited to:

> b. The debtor retained possession or control of the property transferred after the transfer (FA ND CHEV and FA ND SUB sold the real estate during the federal case but continued to operate their businesses there, and later bought back the property after judgment was entered to then sold/transferred the property to PMKC).
>
> c. The transfer or obligation was disclosed or concealed (BAPTKO was forced to bring a motion to compel and for sanctions in the Federal case to attempt to obtain documents and information about the sale).
>
> d. Before the transfer was made or obligation was incurred, the debtor had been sued or threatened with suit (the transfer of the real estate occurred during federal case, and the complete sale of the Mandan Dealerships and divesting of the funds occurred within weeks of judgment being entered in the federal case).
>
> e. The transfer was of substantially all the debtor's assets (upon information and belief, the Mandan Dealerships were substantially all of FA ND CHEV and FA ND SUB's assets, and according to the Declaration of Derek Slemko *(Exhibit C),* FA ND CHEV and FA ND SUB were left with only a "nominal" amounts after the proceeds were disbursed).
>
> …
>
> i. The debtor was insolvent or became insolvent shortly after the transfer was made or the obligation was incurred (according to the Declaration of Derek Slemko *(Exhibit C),* FA ND CHEV and FA ND SUB were left with only a "nominal" amounts after the proceeds were disbursed, without any apparent assets to pay the judgment debt to Kupper and BAPTKO).
>
> j. The transfer occurred shortly before or shortly after a substantial debt was incurred (the transfer of the real estate occurred during the federal case, and the complete sale of the Mandan Dealerships and divesting of funds occurred within weeks of judgment being entered).

N.D.C.C. § 13-02.1-04(2).

[TJ32]   WHEREFORE, Plaintiffs pray for relief as follows:

> 1.       Avoidance of the subject transfers to the extent necessary to satisfy Kupper and

BAPTKO's claims;

2.      An order allowing Kupper and BAPTKO to levy execution on the assets transferred and/or their proceeds;

3.      For costs, expenses, disbursements and attorneys' fees as allowable by law or contract, and for pre-judgment and post-judgment interest;

4.      An order from the Court determining that because the recorded judgment of BAPTKO pre-dated the mortgages of both Starion Bank and Bravera Bank, that the BAPTKO judgment has legal priority and is first in line to be paid before either mortgage of Starion Bank or Bravera Bank; and

5.      For such other and further relief as the Court deems just and proper under the circumstances.

[TT33]  PLAINTIFFS HEREBY DEMAND A JURY OF NINE JURORS ON ALL ISSUES TRIABLE TO A JURY.

Dated this 11th day of June, 2025.

BAKKE GRINOLDS WIEDERHOLT

By:/y/ *Randall J. Bakke*
        Randall J. Bakke (#03989)
        David R. Phillips (#06116)
        300 West Century Avenue
        P.O. Box 4247
        Bismarck, ND 58502-4247
        (701)751-8188
        fbakkei^bgwattonteys.com
        dphillipsffibgwaUomcys.com

        Attorneys for Plaintiffs