**STATE OF NORTH DAKOTA**                **IN DISTRICT COURT**

**COUNTY OF MORTON**               **SOUTH CENTRAL JUDICIAL DISTRICT**

---

| | |
|---|---|
| BAPTKO, Inc.; and Robert Kupper, <br><br>     Plaintiffs, <br><br> v. <br><br> FA ND CHEV, LLC; FA ND SUB, LLC; EAGAL3 LLC; EAGAL 4 LLC; PMKC Mandan LLP; Starion Bank; and Bravera Bank, <br><br>     Defendants. | CASE NO. 30-2025-CV-00652 <br><br> **REPLY BRIEF IN SUPPORT OF DEFENDANTS FA ND CHEV, LLC, FA ND SUB, LLC, EAGAL 3 LLC, AND EAGAL4 LLC'S JOINT MOTION TO DISMISS PLAINTIFFS' AMENDED COMPLAINT** |

[¶1]    Defendants FA ND CHEV, LLC, FA ND SUB, LLC, EAGAL3 LLC, and EAGAL4 LLC respectfully submit this Reply Brief in Support of their Joint Motion to Dismiss Plaintiffs' Amended Complaint.

## INTRODUCTION

[¶2]    BAPTKO, Inc. ("BAPTKO") and Robert Kupper's ("Kupper") Response fails to rescue their Amended Complaint from dismissal. Their arguments distort settled principles of law, mischaracterize the nature of their claims, and ignore dispositive procedural facts.

[¶3]    Here, Plaintiffs attempt to frame this case as a legitimate enforcement of creditor rights under the North Dakota Uniform Voidable Transactions Act ("UVTA"). In reality, their Response serves only to reinforce the fundamental defects identified in the Defendants' Motion to Dismiss. Indeed, Plaintiffs improperly seek to sidestep federal appellate jurisdiction, fail to plead actual fraud with particularity, and ask this Court to unwind a good-faith, market-based commercial transaction in the absence of credible allegations of misconduct. Such a lawsuit, built only on conclusory allegations of fraud, is procedurally improper and substantively deficient. Just

**EXHIBIT 13**

as important, it fails to meet the heightened pleading requirements of N.D. R. Civ. P. 9(b). The Court should dismiss the Amended Complaint in its entirety.

## ARGUMENT

**A.    PLAINTIFFS' STATE COURT ACTION IS A REDUNDANT AND IMPROPER COLLATERAL ATTACK AND SHOULD BE DISMISSED.**

### 1.    Plaintiffs' claims circumvent federal jurisdiction and appellate review.

[¶4]    Plaintiffs argue that this case is not a collateral attack, claiming that post-judgment discovery under Fed. R. Civ. P. 69 justifies this state court action. (Response, at pp. 8-10, ¶¶ 17-19.) However, their attempt to enforce a federal judgment—under direct appeal to the Eighth Circuit—by initiating duplicative litigation in state court disrupts comity and invites conflicting rulings. The Federal Court's jurisdiction to stay or enforce its own judgments remains intact. *See* Fed. R. Civ. P. 62; Wright & Miller, § 3954 (5th ed.) ("The taking of an appeal does not by itself suspend the operation or execution of a district-court judgment or order during the pendency of the appeal.").

[¶5]    Further, Plaintiffs ignore the direct challenge to their status as creditors of the FA ND Entities—an issue that is central to the pending federal appeal and the foundation of their UVTA claim. Plaintiffs' effort to use a state court to enforce a judgment that is the subject of direct appellate review is a textbook collateral attack and a disruption of federal jurisdiction.

[¶6]    Even more troubling, Plaintiffs seek to implicate nonparties to the Federal Case—EAGAL3 and EAGAL4—in a post-judgment dispute that the Federal Court is best positioned to adjudicate under their Federal Rule of Civil Procedure 69 authority. Plaintiffs' forum-shopping undermines both judicial efficiency and fairness.

2

### 2.  Plaintiffs' parallel litigation strategy highlights forum shopping.

[¶7]    Plaintiffs' litigation strategy exposes a broader pattern of forum shopping and procedural abuse. During the post-judgment proceedings in the Federal Case, counsel for the FAND Entities explicitly raised concerns that BAPTKO would misuse discovery obtained through Fed. R. Civ. P. 69 to launch a separate lawsuit. Those concerns proved prescient. Plaintiffs filed this state court action before receiving any ruling on their pending motion to compel or for sanctions in the Federal Case.

[¶8]    Plaintiffs initiated this UVTA case using the same allegations and legal theories presented in their federal filings seeking to compel discovery and for sanctions. Plaintiffs' failure to await the Federal Court's ruling confirms that their intent was not to pursue post-judgment discovery in good faith, but to manufacture parallel litigation and forum shop their way to an outcome. This tactical end-run not only disrupts judicial efficiency but undermines the Federal Court's ability to supervise its own judgment enforcement processes.

[¶9]    Adding to the redundancy, Plaintiffs then filed a separate lawsuit in the District Court in Harris County, Texas (Cause No. 2025-44872) on similar grounds against Foundation Automotive US Corp., a non-party to the Federal Case. These concurrent proceedings—all arising from the same alleged transaction—fracture judicial efficiency and risk inconsistent outcomes, while actively undermining the federal court's jurisdiction to oversee post-judgment discovery and enforcement efforts.

### B.  PLAINTIFFS FAIL TO PLEAD ACTUAL FRAUD WITH PARTICULARITY AS REQUIRED UNDER RULE 9(B).

[¶10]    While Plaintiffs cite N.D.C.C. § 13-02.1-04(2) and list badges of fraud (Response, at 14–15, ¶ 29), they fail to provide particularized facts as required by N.D. R. Civ. P. 9(b). A review of the Amended Complaint reveals only vague assertions and a recitation of statutory

language without particularized facts. For example, allegations such as "[t]he Eide Parties did not take the assets in good faith" or "the transfers were made with actual intent to hinder, delay, or defraud" are legal conclusions, not factual allegations. (Am. Compl. ¶¶ 25, 29; *see, e.g., id.* ¶ 26 (concluding that "[t]he Eide Parties did not take the assets for reasonably equivalent value."), *id.* ¶ 28 ("[t]he transfers of the real estate associated with the Mandan Dealerships … were made with the actual intent to hinder, delay, or defraud Kupper and BAPTKO…."), *id.* ¶ 29 ("[t]he transfers of the remaining non-real estate assets of Mandan Dealership … were also made with the actual intent to hinder, delay, or defraud Kupper and BAPTKO….").) These assertions do not meet Rule 9(b)'s requirement to plead who, what, when, where, and how to show actual fraudulent intent. The only alleged facts are drawn from conclusory inferences and public declarations—none of which show bad faith by the EAGAL Entities or a scheme to defraud creditors by the FA ND Entities.

[¶11]    Moreover, Plaintiffs fail to address the uncontroverted evidence that the Eide Transaction was negotiated months before any judgment was entered, involved professional valuations, and reflected market-based consideration. (Am. Compl., Exhibit C, Declaration of Derek Slemko, at pp. 1-3, ¶¶ 5-17.) That timeline alone defeats any inference of actual intent to defraud. The Eide Transaction was initiated well in advance of the Federal Judgment and was part of a strategic shift, not a reaction to adverse litigation outcomes. Listing factors under the statute, without factual allegations linking those factors to intentional misconduct, does not meet Rule 9(b).

## C.    PLAINTIFFS FAIL TO ALLEGE LACK OF REASONABLY EQUIVALENT VALUE OR BAD FAITH IN THE TRANSFER.

[¶12]    Plaintiffs cite Mr. Slemko's statement that the sale proceeds were largely used to pay debts and that only a "nominal" amount remained (Response, at p. 5, ¶ 7), but they ignore the

4

legal significance: payment of existing obligations does not indicate fraudulent intent. Plaintiffs admit the Mandan Dealerships were "profitable businesses with good cash flow" (Response, at p. 5, ¶ 8), which only reinforces the legitimacy of the sale—not fraud.

[¶13]   Further, Plaintiffs make no credible showing that the EAGAL Entities failed to provide reasonably equivalent value. Specifically, Plaintiffs' argument that a 2021 verbal offer proves the Eide Transaction was undervalued is meritless. (*See* Response, at p. 17, ¶ 33.) This informal, unaccepted offer—predating the actual sale by three years—lacks any weight or implication of fraud. *See Morgan v. Ackerman*, 964 S.W.2d 865, 869 (Mo. Ct. App. 1998) ("Market conditions and changing economic circumstances can render assets that had been valuable months or years earlier virtually worthless in the present, and vice versa."); *In re Samson Res. Corp.,* 2023 WL 4003815, at *25 (Bankr. D. Del. 2023) ("A wealth of authority teaches that when a willing buyer and a willing seller transact… the sale price establishes fair market value."). Mr. Slemko's Declaration shows that the Mandan Dealerships were marketed professionally, appraised independently, and sold for value consistent with prevailing market conditions. North Dakota law requires more than speculation to support a UVTA claim. Plaintiffs offer no alternative valuation, no appraisals, and no facts undermining the legitimacy of the price or negotiation process.

**D.     THE ABSENCE OF A SUPERSEDEAS BOND IS IRRELEVANT.**

[¶14]   Plaintiffs argue that they may proceed with state enforcement because no bond was posted under Federal Rule of Civil Procedure 62. (Response, at pp. 7–8, ¶¶ 13–15.) Not only does this argument improperly imply that the FA ND Entities were required to post a supersedeas bond, but it ignores the central point: the Federal Appeal (Case No. 25-1741) includes threshold questions about whether the FA ND Entities are liable at all. Allowing Plaintiffs' case to move forward would create conflicting rulings, waste judicial resources, and burden nonparties with defending a judgment that may not ultimately bind them.

**CONCLUSION**

[¶15]   Plaintiffs' Amended Complaint rests on tenuous legal grounds and insufficient factual allegations. It seeks to circumvent the federal appellate process, improperly invokes the UVTA without satisfying Rule 9(b), and fails to allege any plausible basis for voiding a legitimate, arms-length transaction.

[¶16]   For the foregoing reasons, and those stated in the original brief, Defendants respectfully request that the Court grant their Motion to Dismiss the Amended Complaint in its entirety, with prejudice, and enter judgment in favor of Defendants FA ND CHEV, LLC, FA ND SUB, LLC, EAGAL3 LLC, and EAGAL4 LLC.

Respectfully submitted,

Dated: July 18, 2025                    **LARSON · KING, LLP**

By *s/ Jack E. Zuger*
     Jack E. Zuger #06987
30 E. Seventh Street
2800 Wells Fargo Place
St. Paul, MN  55101
(651) 312-6500
jzuger@larsonking.com

*Attorneys for Defendants FA ND CHEV, LLC, FA ND SUB, LLC, EAGAL3 LLC, EAGAL4 LCC and PMKC Mandan LLP*

6