STATE OF NORTH DAKOTA                                          IN DISTRICT COURT

COUNTY OF MORTON                          SOUTH CENTRAL JUDICIAL DISTRICT

CIVIL NO. 30-2025-CV-00652

| | | |
|---|---|---|
| BAPTKO, Inc. and Robert Kupper | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | |
| | ) | **PLAINTIFFS' BRIEF IN SUPPORT OF** |
| FA ND CHEV, LLC; FA ND SUB, LLC; | ) | **MOTION FOR PROTECTIVE ORDER** |
| EAGAL3 LLC; EAGAL4 LLC; PMKC | ) | |
| Mandan LLP; Starion Bank, and Bravera | ) | |
| Bank, | ) | |
| | ) | |
| Defendants. | ) | |

***      ***      ***

## I.    INTRODUCTION

[¶1]    BAPTKO, Inc. and Robert Kupper (collectively "Plaintiffs") submit this brief in support of their motion for protective order. A protective order is necessary at this stage in the proceedings, as it would allow the parties to file documents with the Court under seal which have been sealed in a previous lawsuit in the District of North Dakota involving several of the parties, namely BAPTKO, Inc., Robert Kupper, FA ND CHEV, LLC, and FA ND SUB, LLC. These documents need to be filed with the Court in this case for several reasons, including because they: (1) are responsive to the arguments raised in Defendants Starion Bank and Bravera Bank's (collectively "Banks") motion for more definitive statement; (2) would allow reference to the documents in any future amended complaint; and (3) would be relevant and useful to the Court's consideration of the motions to dismiss brought by Defendants FA ND CHEV, LLC, FA ND SUB, LLC, EAGAL3 LLC, EAGAL4 LLC, and PMKC Mandan LLP.

## II.    BACKGROUND

[¶2]    On September 27, 2021, BAPTKO commenced a federal lawsuit against Foundation

- 1 -

**EXHIBIT 14**

Automotive, FA ND CHEV, and FA ND SUB in the United States District Court for the District of North Dakota, Western Division (Case No. 1:21-cv-00183) ("federal lawsuit"), alleging breach of contract, and seeking to recover unpaid earn out amounts plus interest, costs, disbursements, expenses, and attorneys' fees. The federal lawsuit was later consolidated with an earlier filed federal lawsuit filed by Foundation Automotive Corp., FA ND CHEV,LLC, and FA ND SUB, LLC (collectively "Foundation") against Kupper, Bismarck Motor Company, and BMC Marine LLC d/b/a Moritz Sport & Marine in the United States District Court for the District of North Dakota, Western Division (Case No. 1:20-cv-00183). A protective order was entered in the federal lawsuit (**Ex. A**),[1] which was subsequently amended (**Ex. B**). The documents filed under the protective order and amended protective order in the federal lawsuit continue to be sealed, as the federal lawsuit is currently on appeal to the Eighth Circuit Court of Appeals.

[¶3]    In the federal lawsuit, FA ND CHEV, LLC and FA ND SUB, LLC filed numerous documents which they designated Attorney's Eyes Only and Confidential under the protective order and amended protective order. In this case, Plaintiffs wanted to file some of the protected documents in conjunction with its Complaint (Doc. ID# 2) and subsequently its Amended Complaint (Doc. ID# 19), but they were unable to do so given that the documents are subject to the protective orders in place in the federal lawsuit, and given that there is no protective order in place which would allow the parties to file documents under seal in this case.

[¶4]    In the federal lawsuit, the Court and jury rejected Foundation's lawsuit claims in their entirety and the Court determined BAPTKO was entitled to be paid the earnout amount due BAPTKO, plus interest, and entered judgment in BAPTKO's favor. BAPTKO was awarded

---

[1] A true and correct copy of each exhibit referenced herein is attached to the Affidavit of Randall J. Bakke, August 4, 2025 ("Bakke Aff."), filed herewith.

$3,000,000 and further awarded prejudgment interest in the amount of $123.29 per day at a rate of 6% for a total of $364,195.67. (Doc. ID# 20). Following the jury verdict rejecting Foundation's claims, the Court entered an Amended Judgment awarding most of BAPTKO's attorney's fees and costs. An Amended Judgment (Doc. ID# 21) in the amount of $4,672,710.82 was entered by the Court on November 7, 2024. The Judgment was then properly docketed in Morton County District Court, Case No. 30-2024-cv-01337, Doc. ID# 2). Interest continues to accrue on this judgment. Foundation has appealed the jury verdict and Judge Traynor's judgment against Foundation and in favor of BAPTKO. During the course of post-judgment discovery in the federal court action in aid of execution of the judgment (which is allowed in federal court), BAPTKO learned there was significant evidence of intentional conduct by Foundation to hinder, delay, and defraud BAPTKO. These allegations are more fully described in BATPKO's Amended Complaint (Doc. ID# 19). Because Foundation chose not to file a bond or other security to assure payment of the Judgment in BAPTKO's favor during the pendency of the appeal, despite assuring the Court it would do so (*see* Doc. ID# 74 at pg. 3), BAPTKO filed this action under the Uniform Voidable Transactions Act under state law (N.D.C.C. ch. 13-02.1) against Foundation and other parties who claim an interest in the fraudulently conveyed assets who are not parties to the federal court action to claw back fraudulent transactions and to collect on the Judgment in BAPTKO's favor. *See* F. R. Civ. P. 62(b) (providing procedure to extend the stay of enforcement of judgment after automatic 30-day stay following entry of judgment expires); Fed. R. Civ. P. 69(a)(1) ("The procedure on execution – and in proceedings supplementary to and in aid of judgment or execution – must accord with the procedure of the state where the court is located); *Holkesvig v. Grove*, 2014 ND 57, ¶ 16, 844 N.W.2d 557, 563 ("It is well settled in this State that an appeal does not operate to stay proceedings for the enforcement of a judgment." (quoting *Verry v. Murphy,* 163 N.W.2d 721, 725

(N.D.1968)).

[¶5]    On June 27, 2025, Defendants FA ND CHEV, LLC, FA ND SUB, LLC, EAGAL3 LLC, EAGAL4 LLC, and PMKC Mandan LLP filed motions to dismiss Plaintiffs' Amended Complaint. Doc. ID## 40, 44. The Banks thereafter filed a motion for more definitive statement (Doc. ID# 58) on July 11, 2025.

[¶6]    On July 17, 2025, the undersigned sent an email (**Ex. C**) to counsel for each of the Defendants requesting that they stipulate to enter a protective order in this case. *Id.* at pp. 4-5. As indicated, there is also already an existing stipulated protective order in the federal court action which protects the documents produced in that case that are designated as Confidential. As with protective orders in most cases, the federal lawsuit stipulated protective order governs that lawsuit only and not a subsequent state court lawsuit for collection on the judgment in a federal court lawsuit. A proposed stipulated protective order (**Ex. D**) was included with that email, which included the following provision which would allow documents filed under seal in the federal lawsuit to also be filed under seal in the present case, as follows:

> **12.** Documents produced by BAPTKO, Inc., Robert Kupper, FA ND CHEV, LLC and/or FA ND SUB, LLC in prior federal court cases can be used in this case and parties in this case must re-designate any documents deemed to be confidential in accordance with this Stipulated Protective Order.

**Ex. D** at p. 5.

[¶7]    Counselor Kensye Wood for FA ND CHEV, LLC, FA ND SUB, LLC, EAGAL3 LLC, EAGAL4 LLC, and PMKC Mandan LLP responded on July 21, and indicated her clients would not stipulate to a protective order at this stage in the case. **Ex. C** at pp. 3-4. In an attempt to resolve this issue the undersigned continued to discuss a protective order via email with Ms. Wood, but the parties remain at an impasse. *Id.* at pp. 1-3. The undersigned also discussed this matter with counsel for the Banks, Blaine Johnson via telephone, at which time counselor Johnson indicated

- 4 -

his clients would likely agree that a protective order is necessary at this stage in the proceedings, but counselor Johnson has not confirmed the same as of the date of this filing nor provided any edits to the proposed protective order, if any. Bakke Aff. at ¶ 8. It is important that a protective order be approved now by the Court so Plaintiffs can provide to the Court, under seal, certain documents previously produced by FA ND CHEV, LLC and FA ND SUB, LLC that are pertinent to the separate pending motions by the Defendants in this case. In addition, once the documents previously produced by FA ND CHEV, LLC and FA ND SUB, LLC can be used in this case, subject to a Court order requiring any such documents to be filed with the Court as confidential. Once those documents can be filed with the Court, its probable Plaintiffs would file an amended complaint, which may moot the Bank Defendants' motion for more definitive statement (Doc. ID# 58). This would benefit both the Court and the parties by saving Court and party time and resources.

## III.   ARGUMENT

[¶8]    Plaintiffs request that the Court enter the protective order filed herewith as **Exhibit E** pursuant to North Dakota Rule of Civil Procedure 26(c), andthe Court's inherent power in this case and because good cause exists to enter the protective order provided to the Court with this motion, which is **Exhibit E** to the Affidavit of Randall J. Bakke.  *See Nelson v. Nelson*, 2019 ND 221, ¶ 27, 932 N.W.2d 386, 396 ("The district court has authority to stem abuses of the judicial process, which comes not only from applicable rules and statutes, such as N.D.R.Civ.P. 11, but 'from the court's inherent power to control its docket and to protect its jurisdiction and judgments, the integrity of the court, and the orderly and expeditious administration of justice.' " (quoting *Estate of Pedro v. Scheeler*, 2014 ND 237, ¶ 14, 856 N.W.2d 775, quoting *Federal Land Bank v. Ziebarth*, 520 N.W.2d 51, 58 (N.D. 1994)).  A protective order is necessary in this

case to respond to Defendants Starion Bank and Bravera Bank's motion for more definitive statement, in which they request that the Court either dismiss the Amended Complaint or require Plaintiffs to file a more definite statement pursuant to Rule 12(e), clarifying:

1. The specific parcels of real estate alleged to have been fraudulently transferred;

2. The real property interest owned by FA ND SUB and FA ND CHEV;

3. The identity of the transferors and transferees in each purported transaction;

4. The dates and instruments by which the alleged transfers occurred; and

5. How such transfers are connected to any alleged claims under the Uniform Voidable Transfers Act.

Doc. ID# 59 at ¶ 13. Documents directly responsive to Defendants Starion Bank and Bravera Bank's motion for more definitive statement have been filed under seal by FA ND SUB and FA ND CHEV in the federal court. Plaintiffs' hands should not be tied in responding to the Banks' motion simply because other party defendants in this case have filed the relevant responsive documents under seal in another lawsuit.

[¶9]     Further, Plaintiffs will undoubtedly seek to file some of the documents filed under seal in the federal lawsuit with any further amended complaint in this case, and would have done so with the complaint and amended complaint already filed in this lawsuit were such documents not filed under seal in the federal lawsuit. A protective order—applicable to documents filed by any party in this lawsuit—will quell any concerns that any of the parties may have regarding the public filing of documents in this case.

[¶10]    Finally, a protective order is appropriate at this stage in the proceedings so that the Court may determine whether it should consider the sealed documents in ruling on the motions to dismiss filed by Defendants FA ND CHEV, LLC, FA ND SUB, LLC, EAGAL3 LLC, EAGAL4 LLC, and PMKC Mandan LLP. These documents are already in the possession of Plaintiffs and Defendants

FA ND CHEV, LLC and FA ND SUB, LLC by nature of their participation in the federal lawsuit. These Defendants are represented by the same attorneys in this case that represented, and continue to represent them, in the underlying lawsuit. Plaintiffs assert the sealed documents are embraced by the Amended Complaint and should be considered by the Court in ruling upon the motions to dismiss. *See Etemad v. State*, 2023 ND 108, ¶ 5, 992 N.W.2d 1 (quoting *Krile v. Lawyer*, 2020 ND 176, ¶ 13, 947 N.W.2d 366) (providing, "[I]n deciding a motion under Rule 12(b)(6), courts 'may consider, in addition to the pleadings, materials embraced by the pleadings and materials that are part of the public record, without converting the motion to a summary judgment under Rule 56'"). In determining whether it will consider the sealed documents in ruling upon the motions to dismiss, the Court obviously must first receive the documents. Absent a protective order, Plaintiffs have no mechanism to submit the sealed documents for the Court's consideration. Defendants should not be permitted to gatekeep which documents may be reviewed by the Court in its determination of the merits of the motion to dismiss (Doc. ID#s 40, 44), and the Bank Defendants motion for more definitive statement (Doc. ID# 58).

## IV. CONCLUSION

[¶11]   For the foregoing reasons, Plaintiffs request that the Court enter the proposed protective order filed herewith as **Exhibit E**.

Dated this 4th day of August, 2025.

BAKKE GRINOLDS WIEDERHOLT

By: */s/ Randall J. Bakke*
Randall J. Bakke (#03989)
David R. Phillips (#06116)
300 West Century Avenue
P.O. Box 4247
Bismarck, ND 58502-4247
(701) 751-8188

- 8 -

rbakke@bgwattorneys.com
dphillips@bgwattorneys.com

Attorneys for Plaintiffs