STATE OF NORTH DAKOTA

COUNTY OF MORTON

IN DISTRICT COURT

SOUTH CENTRAL JUDICIAL DISTRICT

CIVIL NO. 30-2025-CV-00652

| | | |
|---|---|---|
| BAPTKO, Inc. and Robert Kupper | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | |
| | ) | **PROPOSED PROTECTIVE ORDER** |
| FA ND CHEV, LLC; FA ND SUB, LLC; | ) | |
| EAGAL3 LLC; EAGAL4 LLC; PMKC | ) | |
| Mandan LLP; Starion Bank, and Bravera | ) | |
| Bank, | ) | |
| | ) | |
| Defendants. | ) | |

***                    ***                    ***

Plaintiffs BAPTKO, Inc. and Robert Kupper anticipate that, during the course of this litigation, it may be necessary for the parties or third parties to disclose certain sensitive, confidential, or personal information (hereinafter "Confidential Information").

Accordingly, pursuant to North Dakota Rules of Civil Procedure 26(c) and 29 and North Dakota Rules of Court 3.1(g) and 3.4, and upon a showing of good cause in support of the entry of a Protective Order to govern the production, discovery, and dissemination of Confidential Information, IT IS HEREBY ORDERED:

1.    **Scope.** This Protective Order shall apply to all documents and materials produced during this litigation, including, but not limited to, initial disclosures, the production of documents, responses to discovery requests, deposition testimony and exhibits, and other information derived directly therefrom or otherwise disclosed pursuant to the North Dakota Rules of Civil Procedure.

2.    **Confidential Information.** The parties, or any third party producing materials in response to requests related to this civil action, may in good faith designate documents or

**Exhibit E**

EXHIBIT 15

information as "Confidential." "Confidential Information" includes the following: documents and information that may be protected by statute, regulation, rule, or other authority; personally identifying information protected by the Privacy Act of 1974, 5 U.S.C. § 552a (the "Privacy Act"); sensitive law-enforcement or investigative materials; trade secrets or proprietary business information; medical information concerning any individual; and personnel or employment records of an individual. The parties may amend this list to include other categories of documents or information prior to disclosure, if all parties agree in writing.

3.      **Privacy Act Order.** If the parties, or any third party producing materials in response to a request related to this civil action, disclose a document or information that would otherwise be protected by the Privacy Act, this Protective Order is an order of the Court which allows for such disclosure.

4.      **Form of Designation.** Any party or non-party producing documents or information may designate as Confidential any document or information that the producing party or non-party reasonably and in good faith believes to contain "Confidential Information" by marking or placing the word "Confidential" on each page of the document so-designated. In the case of Confidential Information disclosed in a non-paper medium or other medium on which a page-by-page Confidential designation is impracticable (*e.g.*, video tape, audio tape, computer disks, tapes, or other storage media), the producing party or non-party may designate the information as Confidential by marking or placing the word "Confidential" on the outside of the medium or container and/or by identifying the contents or portions thereof as Confidential in the cover letter or communication accompanying the production. Any reproduction of Confidential Information must retain its Confidential designation.

5.      **Depositions.** Deposition testimony and exhibits may be designated as Confidential either on the record at the time the deposition is taken by the designating party.

Such designation must be specific as to the portions of the transcript to be designated as confidential and/or any exhibits to be protected.

6. **Inadvertent Failure to Designate.** Inadvertent failure to designate any document or material as containing Confidential Information will not constitute a waiver of an otherwise valid claim of confidentiality pursuant to this Order, so long as a claim of confidentiality is asserted within a reasonable time after discovery of the inadvertent failure.

7. **Protection of Confidential Material.** Confidential Information shall not be used or disclosed for any purpose except the litigation of this action.

8. **Challenges to Designations.** A party may object to or challenge the designation of a document as Protected Material by giving written notice to all parties (including written notice to any nonparty that have made the challenged designation). In challenging the designation of any document as Protected Material, the challenging party must identify in the written notice the document or documents challenged and must provide the basis for said challenge. Following such notice, the parties must first meet and confer in good faith in order to attempt informal resolution of their differences over the challenged designation. If they cannot agree on an informal resolution to the challenged designation, they may present the issue to the Court. The party seeking the designation of material as confidential shall have the burden of proving the designation is necessary. Documents that have been designated and which are subject to challenge shall maintain their designation and shall maintain their protected status under the terms of this Protective Order as Protected Material until such time as the Court rules on the challenge.

9. **Privilege Logs.** If a party withholds information that is responsive to a discovery request by claiming that it is privileged or otherwise protected from discovery, that

party shall promptly prepare and provide a privilege log that is sufficiently detailed and informative for the opposing party to assess whether a document's designation as privileged is justified.

10.    **Who May View Designated Confidential Information**. Except with the prior written consent of the designating party or prior order of the Court, designated Confidential Information may only disclosed to and shared only among the following persons:

a.    The parties;

b.    Attorneys actively working on this matter;

c.    Persons regularly employed or associated with the attorneys actively working on this case, including in-house or agency counsel, whose assistance is required by said attorneys in the preparation for trial, at trial, or at other proceedings in this case;

d.    Law students, interns, or externs employed or associated with the attorneys actively working on this case, including clinical law students;

e.    The employees (including in-house or agency counsel) of any party to whom disclosure is reasonably necessary for litigation or settlement of these cases;

f.    Authors and persons who were the original addressees or recipients of the document containing Confidential Information;

g.    Expert witnesses or consultants specially employed in connection with this proceeding, to the extent such disclosure is necessary for preparation for trial, at trial, or at other proceedings in this case;

h.    Personnel providing graphics, design, photocopy, document imaging, document processing, translation, or database services to the parties' counsel;

- 5 -

**i.** Any mediator or special master appointed by the Court or agreed upon by parties and such mediator's or special master's employees and staff;

**j.** Witnesses and court reporting personnel during or in preparation for depositions or other testimony;

**k.** The Court, officers of the Court, and court personnel, including administrative staff and judicial law clerks;

**l.** Accountants, tax professionals, estate planning attorneys or staff or other experts retained by the parties; and

**m.** Other persons by prior written agreement of the parties or order of the Court.

11. Prior to disclosing any information designated as "Confidential" to any person listed in Paragraph 8(f), (g), (h), or (l) the disclosing party shall provide each such person with a copy of this Protective Order and obtain from such person a signed written acknowledgment stating that he or she has read this Protective Order and agrees to be bound by its provisions; such acknowledgement shall be in substantially the same form as the Acknowledgement and Agreement to be Bound attached hereto as Attachment A. All such acknowledgments shall be retained and shall be subject to in camera review by the Court if good cause for review is demonstrated.

12. Documents produced by BAPTKO, Inc., Robert Kupper, FA ND CHEV, LLC and/or FA ND SUB, LLC in prior federal court cases can be used in this case and parties in this case must re-designate any documents deemed to be confidential in accordance with this Stipulated Protective Order.

13. **Permission To Disclose Material Designated As Confidential.** In the event that the Receiving Party wishes to disclose, by filing with the Court or otherwise, any material designated as CONFIDENTIAL under the terms of this Order, the Receiving Party shall send a

written request or notice to the Producing Party  in relation to any Confidential Documents or Information to be filed with the Court.  Any opposition to filing Confidential Documents or Information shall be made in writing.  The disputed Confidential Information shall be treated as Confidential until the Court rules on the request. The burden to prove the need to maintain confidentiality shall be on the Producing Party. If the intended use is filing in court, the standards to be applied are the standards for maintaining material on the Court's docket under seal. No party shall file information designated as CONFIDENTIAL unless (1) the Court orders that the party may file it publicly or (2) it is filed under seal pursuant to North Dakota Rule of Court 3.4.

**14.** **Discovery.** Nothing in this Order shall be deemed to affect the scope of discovery permitted by the North Dakota Rules of Civil Procedure. The disclosure and designation of any documents as Confidential pursuant to this Order by any party or non-party shall not, for the purposes of this proceeding or any other proceeding in any other court, constitute a waiver of any legally-recognized privilege or protection applicable to those documents. For the avoidance of doubt, the terms of this Order shall in no way affect the right of any person: (a) to make any objection to discovery permitted by the North Dakota Rules of Civil Procedure, or by any statute or other authority; (b) to withhold information on grounds of immunity from discovery, such as the attorney-client or deliberative-process privilege or the work-product doctrine; or (c) to raise or assert any defenses or objections with respect to the use, authenticity, relevance, or admissibility at trial of any evidence or documents containing Confidential Information produced pursuant to this Protective Order.

**15.** **Third-party requests for Confidential Information**. If information designated Confidential in this action is requested in a subpoena or other process, including but not limited to the Freedom of Information Act or the North Dakota Open Records Statute, by

someone who is not a party in this action, the party to whom the subpoena or other process is directed shall: (a) promptly give written notice to the designating party and include a copy of the subpoena or other process seeking disclosure; (b) promptly notify in writing the requester who caused the subpoena or other process to issue that some or all of the requested material is subject to this Order, which notification shall include a copy of this Order; and (c) cooperate with respect to reasonable procedures sought to be pursued by the designating party whose Confidential Information has been requested. Once notified, the designating party seeking to maintain the confidentiality of any information shall have the sole responsibility for seeking, within a reasonable amount of time, any order it believes necessary to prevent disclosure of the information that has been subpoenaed, requested, or ordered. The party to which the subpoena or other process is directed will not produce any of the material designated as Confidential while a motion for an order brought by the designating party pursuant to this paragraph is pending, or while an appeal from or request for appellate review of such motion is pending, unless a court orders production of materials that are subject to this agreement, in which case production of such materials pursuant to that order shall not be deemed a violation of this Protective Order.

16.    **Obligations on Conclusion of Litigation.** Unless otherwise agreed or ordered, all provisions of this Order will remain in effect and continue to be binding after conclusion of the litigation. Within 60 days of the conclusion of this litigation, whether by settlement or final order and judgment of this Court and any appeal(s), all copies of documents that include Confidential Information shall be destroyed, permanently deleted, or returned to the producing party, except with respect to: (a) material that becomes a part of the public Court record in this matter or any appeals; (b) archival copy of all pleadings, motions, discovery responses, deposition transcripts and exhibits, hearing transcripts and exhibits, correspondence, and expert

reports, even if such materials contain Confidential Information; (c) work product of counsel; (d) any transcripts, exhibits, or other documents required to be maintained under the Federal Records Act, 44 U.S.C. § 3101 et seq., any party law firm's record-retention policy, or other legal obligation, to the extent not covered in sub-section 15(b); (e) copies of documents containing Confidential Information that are stored on electronic media that is not reasonably accessible, such as disaster recovery backup media, *but* if such data are made accessible (*e.g.*, if a disaster recovery backup containing Confidential Information is restored), the receiving party must take reasonable steps to return, destroy, or permanently delete the restored Confidential Information or documents as provided herein; and (f) United States' law-enforcement agencies may, if in receipt of Confidential Information that would otherwise be subject to this Protective Order, retain Confidential Information for law-enforcement purposes. The termination of this action shall not relieve counsel, the parties, or other persons obligated hereunder from their responsibility to maintain the confidentiality of Confidential Information pursuant to this Protective Order. Although the Court will not retain jurisdiction of this matter following the final disposition of this case, a party or non- party whose information has been designated as Confidential pursuant to this Protective Order may file a motion to seek leave to reopen the case to enforce the provisions of this Order.

17.      **Use of a Party's Own Confidential Information.** Nothing contained in this Protective Order shall preclude any party or designating non-party from using its own Confidential Information in any manner it sees fit.

18.      **Order Subject to Modification.** This Order is subject to modification by the Court *sua sponte* or on motion of any party or any other person with standing concerning the subject matter upon a showing of good cause. If a request or motion for modification is made,

- 8 -

- 9 -

then the non-movant(s) shall receive notice and an opportunity to be heard before the Court rules on the proposed modification.

19. **No Prior Judicial Determination.** This Order is entered based on the representations and agreements of the parties and for the purpose of facilitating discovery. Nothing in this Order will be construed or presented as a judicial determination that any document or material designated as Confidential Information by counsel or the parties is entitled to protection under North Dakota Rule of Civil Procedure 26(c) or otherwise until such time as the Court may rule on a specific document or issue.

20. **Persons Bound by Protective Order.** This Order will take effect when entered and is binding upon the parties, all counsel of record, and any party later joined to this lawsuit, which joined party shall be provided with a copy of this Order.

IT IS SO ORDERED.

Dated this_____ day of_____, 2025.

So ordered:

_____
Hon. Daniel Borgen
District Court Judge

Dated this _____ day of August, 2025.

BAKKE GRINOLDS WIEDERHOLT

By:_____

Randall J. Bakke (#03989)
David R. Phillips (#06116)
300 West Century Avenue
P.O. Box 4247
Bismarck, ND 58502-4247
(701) 751-8188
rbakke@bgwattorneys.com
dphillips@bgwattorneys.com

Attorneys for Plaintiffs

- 10 -

**EXHIBIT 1**

**ACKNOWLEDGMENT**

I certify that I have read and I understand the provisions of the Stipulated Protective Order ("Protective Order") entered on the ____ day of _____, 2025 by the Court in the civil lawsuit entitled BAPTKO, Inc. and Roberg Kupper v. FA ND CHEV, LLC; FA ND SUB, LLC; EAGAL3 LLC; EAGAL4 LLC; PMKC Mandan LLP; Starion Bank, and Bravera Bank, venued in Morton County District Court, State of North Dakota, Civil No. 30-2025-CV-00652.

As a condition precedent to my receipt and examination of information designated as "Confidential" or "Confidential Information" pursuant to the Protective Order, or of obtaining information derived from such, I agree that the Protective Order shall be deemed to be directed to and shall include me, and that I shall be bound by, shall observe, and shall comply with the terms and provisions of the Protective Order. I further agree that I shall be subject to the Court's enforcement and jurisdiction for any violation or attempted violation of the provisions of the Protective Order.

Dated: _____

_____
Name (Printed)

_____
Relationship to this Litigation

**SUBSCRIBED AND SWORN BEFORE ME THIS ___ DAY OF _____, 20___**

_____
**Notary Public**

- 11 -