STATE OF NORTH DAKOTA

COUNTY OF MORTON

IN DISTRICT COURT

SOUTH CENTRAL JUDICIAL DISTRICT

BAPTKO, Inc. and Robert Kupper,

      Plaintiffs,

    vs.

FA ND CHEV, LLC; FA ND SUB, LLC;
EAGAL3 LLC; EGAL4 LLC; PMKC
Mandan LLP; Starion Bank, and Bravera
Bank;

      Defendants.

Civil No. 30-2025-CV-00652

**Defendants Starion Bank and Bravera Bank's Responsive Brief to Plaintiff's Motion for Protective Order**

## INTRODUCTION

[¶1.]    Defendants Starion Bank and Bravera Bank (the "Bank Defendants") submit this brief in response to Plaintiffs' Motion for Protective Order.

[¶2.]    Plaintiffs acknowledge their Amended Complaint is deficient and claim they wanted to file documents subject to the Stipulated Protective Order in the federal lawsuit with their state court Complaint. *Plaintiff's Brief in Support of Motion for Protective Order*, Dkt. No. 96 at ¶¶ 3, 9. They argue their Motion for Protective Order is needed to respond to the Bank Defendants' motion for a more definite statement. *Id.* at ¶8. In doing so, Plaintiffs admit that the Bank Defendants are unable to discern or defend against the claims brought by Plaintiffs due the confidentiality of the information which Plaintiffs rely upon.

[¶3.]    However, instead of amending the stipulated Protective Order in the federal lawsuit to permit the disclosure of certain documents in this litigation or even moving for adoption by this

<span style="color:red">**EXHIBIT 16**</span>

Court of the existing Stipulated Protective Order, Plaintiffs instead ask this Court to disregard what is currently in place and supplant terms more favorable to Plaintiff.

[¶4.]    While this is largely a dispute between the parties to the federal lawsuit, the Bank Defendants have a legitimate interest in protecting the value of its collateral, the dealership's going concern and ability to repay the debt owed, and protect the confidential nature of sensitive data handled by financial institutions.   The Bank Defendants are amenable to a protective order but see no basis for deviating from the terms and provisions of the existing Protective Order.

## ARGUMENT

[¶5.]    A party may move for an order protecting disclosure or discovery, which is granted only upon a showing of good cause.  N.D.R. Civ. P.  26(c). The party moving for the protective order has the burden to demonstrate good cause for issuance of the order.  *Id.* In order to make the requisite showing of good cause, the moving party must make "a particular and specific demonstration of fact, as distinguished from stereotype and conclusory statements." *See Gulf Oil Co. v. Bernard*, 452 U.S. 89, 102 (1981) citing 8 Wright & Miller, Federal Practice and Procedure §2035, p.265 (1970).  Thus, for good cause to exist, the parties seeking protection must show that specific prejudice or harm will result if no protective order is granted.   Where a stipulated protective order is agreed to by the parties before its presentation to the court, there is a higher burden on the movant to justify the modification of the order.  *See Jochims v. Isuzu Motors, Ltd.*, 145 F.R.D. 499,  (S.D.Iowa, 1992). The courts' rationale for this standard is that a party which in good faith negotiates a stipulated protective order and then proceeds to produce documents pursuant to that protective order is entitled to the benefit of its bargain; namely, to rely upon the terms of the stipulated protective order. *Id.* at 502.

[¶6.]    Plaintiffs' argument that a protective order is necessary to respond to the underlying motion for a more definite statement is a red herring and not indicative of good cause – especially as it pertains to alleged fraudulent transfers of real estate.  North Dakota is a race-notice jurisdiction. N.D.C.C. 47-19-41.  "An unrecorded conveyance of real estate is void as against any subsequent purchaser in good faith, and for a valuable consideration…" *Id.* A properly noticed transfer of real property is public record and therefore not subject to a protective order.

[¶7.]    Plaintiff's inability to produce a non-confidential record evidencing the acquisition of or fraudulent transfer of real property by the judgment debtors bolsters the fact that PKMC and Defendant Banks are without notice.  Plaintiffs have produced no recorded instrument conveying a fee interest in real property to the judgment debtors or the fraudulent transfer thereof) and Defendant Banks' search of the public records likewise revealed no such conveyance of fee title to or from the judgment debtors. Despite having a heightened burden to plead fraud, Plaintiffs instead assert vague and unsupported claims that the debtors own unidentified parcels of real property, while refusing to disclose the basis of those claims on the ground that the information is "secret" under the Protective Order.

[¶8.]    To the extent judgment creditors had an unrecorded equitable interest in real property, the mere docketing of a judgment does not create a lien on an equitable interest.  *Cummings v. Duncan*, 22 N.D. 534 (1912).  Plaintiffs' claim that the judgment lien has priority over the Defendant Banks' security interests is without merit as the judgment lien has not attached to such an equitable interest.

[¶9.]    Citing *Etemad v. State,* 2023 ND 108, Plaintiff argues that the sealed documents are somehow embraced by the Amended Complaint and should be considered in ruling upon the motion to dismiss.  We note that Defendants FA ND CHEV, LLC; FA ND SUB, LLC; EAGAL3

LLC; EGAL4 LLC; PMKC Mandan LLP did not attach documents to their motion to dismiss, do not rely on those documents, and no one has requested this Court convert the 12(b)(6) motion to a Rule 56 motion for summary judgment.

[¶10.] It is unnecessary for a protective order to be adopted at this early juncture for Plaintiffs to respond to the motions before this Court. More importantly, Plaintiffs (i) have not satisfied the heightened standard to modify the existing Stipulated Protective Order, and (ii) should not be allowed to circumvent the Stipulated Protective Order by attempting to relitigate confidentiality issues in a new forum.

[¶11.] The Stipulated Protective Order issued by Magistrate Judge Hochhalter and agreed to by Plaintiff's counsel expressly prohibits the use of any documentation designated as "Confidential" or "Confidential Attorneys' Eyes Only" except for the prosecution or defense of the federal litigation unless authorized by further order of the U.S. District Court. *See Protective Order*, Ex. A to Aff. of Randall Bakke, Dkt. 98 at ¶11 *and Amended Protective Order*, Ex. B, Dkt. No. 99, at ¶16. The parties to the federal lawsuit similarly agreed to be bound by the terms of the Protective Order and the Amended Protective Order in determining what constituted Confidential Information or Confidential Attorneys' Eyes Only Information, the process for objecting to an improper classification, the permissible uses and individuals authorized for disclosure, rules for filing under seal, and inadvertent disclosure. *Id.* The parties to the federal lawsuit relied upon the Protective Order in classifying information while safeguarding their legitimate business interests.

[¶12.] Plaintiffs' proposed protective order seeks to expand access to documents previously deemed confidential. For example, the Amended Protective Order defines the scope of confidential information to include "[s]ensitive commercial information, proprietary information, financial information, private information, and otherwise confidential information." *Id.* at ¶11. Plaintiff

proposes limiting the scope of such information to personally identifying information protected by the Privacy Act (wholly inapplicable as it concerns the regulation of information kept by federal agencies), sensitive law-enforcement or investigative materials (wholly inapplicable), medical information (wholly inapplicable), and personnel or employment records of an individual (wholly inapplicable).  Plaintiffs' proposal provides protection only for trade secrets and proprietary business information, thereby modifying the agreed upon rules established in the federal lawsuit and undoing the classified nature of many of the documents, materials and information previously exchanged.  Not only does this change the rules of engagement resulting in prejudice to parties' reliance upon those terms, but also eliminates the efficiencies inherent with adopting the existing Protection Order.

## CONCLUSION

[¶13.]  Defendant Banks request this Court to deny Plaintiff's Motion for a Protective Order as it is untimely and seeks to deviate from the terms and conditions of the stipulated Protective Order issued in the federal lawsuit.  If a protective order is to be issued, Defendant Banks are willing to adopt the terms of the stipulated Protective Order issued in the federal lawsuit.

Dated this 18th day of August, 2025.

**CROWLEY FLECK PLLP**
Attorneys for Defendant Banks
100 W. Broadway Ave., Ste. 250
P.O. Box 2798
Bismarck, ND 58502-2798
Telephone No.: 701-223-6585

  */s/ Blaine T. Johnson*
Blaine T. Johnson (ND Bar ID #07080)
bjohnson@crowleyfleck.com
Benjamin J. Sand (ND Bar ID #07981)
bsand@crowleyfleck.com