CAUSE NO. 202544872

COPY OF PLEADING PROVIDED BY PLT

TRACKING NO: 74502212

RECEIPT NO: 1031272

Plaintiff:
BAPTKO INC
vs.
Defendant:
FOUNDATION AUTOMOTIVE US CORP

In The 151st
Judicial District Court of
Harris County, Texas
201 CAROLINE
Houston, Texas

## CITATION CORPORATE

**THE STATE OF TEXAS**
**County of Harris**

To:    **FOUNDATION AUTOMOTIVE US CORP (A DELAWARE CORPORATION) MAY BE SERVED WITH PROCESS BY SERVING ITS REGISTERED AGENT CORPORATE CREATIONS NETWORK INC 5444 WESTHEIMER 100, HOUSTON TX 77056**

Attached is a copy of: PLAINTIFF'S ORIGINAL PETITION

This instrument was filed on June 27, 2025 in the above cited cause number and court.  The instrument attached describes the claim against you.

**YOU HAVE BEEN SUED.**  You may employ an attorney.  If you or your Attorney do not file a written answer with the District Clerk who issued this citation by 10:00 a.m. on the Monday next following the expiration date of 20 days after you were served this citation and petition, a default judgment may be taken against you.  In addition to filing a written answer with the clerk, you may be required to make initial disclosures to the other parties of this suit.  These disclosures generally must be made no later than 30 days after you file your answer with the clerk.  Find out more at TexasLawHelp.org.

This citation was issued on July 1, 2025, under my hand and seal of said court.

Issued at the request of:

HELLBERG, JEFFREY W (JR)
3131 MCKINNEY AVE. SUITE 500

DALLAS, TX  75204
214-692-6200
Bar Number: 00796738

*Marilyn Burgess*
Marilyn Burgess, District Clerk

Harris County, Texas
201  CAROLINE     Houston  Texas
77002
(PO  Box  4651,  Houston,  Texas
77210)

Generated By:TIANNI WILLIAMS

**EXHIBIT 17**

Tracking Number: 74502212

## CAUSE NUMBER: 202544872

PLAINTIFF: BAPTKO INC

   vs.

DEFENDANT: FOUNDATION AUTOMOTIVE US CORP

In the 151st

Judicial District Court of

Harris County, Texas

---

OFFICER – AUTHORIZED PERSON RETURN

Came to hand at _____ o'clock ____. M. on the _____ day of _____, 20_____. Executed at

(Address)_____
_____ in

_____ County at o'clock ____. M. On the _____ day of _____, 20_____, by

Delivering to _____defendant, in person, a true copy of this Citation together with the accompanying _____ copy (ies) of the «Attachment». Petition attached thereto and I endorsed on said copy of the Citation the date of delivery.

To certify which I affix my hand officially this _____day of _____, 20.

Fees $_____

_____

   By_____
         Affiant                                      Deputy

On this day, _____, known to me to be the person whose signature appears on the foregoing return, personally appeared. After being by me duly sworn, he/she stated that this citation was executed by him/her in the exact manner recited on the return.

SWORN TO AND SUBSCRIBED BEFORE ME, On this _____ day of _____, 20___.

_____

                                          Notary Public

6/27/2025 2:21 PM
Marilyn Burgess - District Clerk Harris County
Envelope No. 102532898
By: Tianni Williams
Filed: 6/27/2025 2:21 PM

## 2025-44872 / Court: 151

CAUSE NO. _____

| | | |
|---|---|---|
| BAPTKO, INC. | § | IN THE DISTRICT COURT |
| | § | |
| Plaintiff | § | |
| | § | |
| v. | § | ____ JUDICIAL DISTRICT |
| | § | |
| FOUNDATION AUTOMOTIVE US | § | |
| CORP. | § | |
| | § | |
| Defendant | § | HARRIS COUNTY, TEXAS |

### PLAINTIFF'S ORIGINAL PETITION

Plaintiff, BAPTKO, Inc. ("BAPTKO" or "Plaintiff"), hereby files this Original Petition against Defendant Foundation Automotive US Corp. ("Foundation" or "Defendant"), and would respectfully show the Court as follows:

### I.
### DISCOVERY CONTROL PLAN

1.     Plaintiff intends to conduct discovery under Level 3 of the Texas Rules of Civil Procedure.

2.     In accordance with TEX. R. CIV. P. 47, Plaintiff seeks monetary relief over $1,000,000.

### II.
### PARTIES

3.     Plaintiff BAPTKO, Inc., is a North Dakota corporation having its principal place of business at 400 First Street NE, Mandan, North Dakota 58554.

4.     Defendant Foundation Automotive US Corp. is a Delaware corporation with its principal place of business in Harris County, Texas at 211 Highland Cross Dr., Suite 260, Houston, Texas 77073. Foundation may be served with process by serving its registered agent Corporate Creations Network, Inc. at 5444 Westheimer # 100, Houston, Texas 77056.

*PLAINTIFF'S ORIGINAL PETITION*

*PAGE 1*

## III.
## JURISDICTION & VENUE

5.    The Court has subject-matter jurisdiction over the lawsuit because the amount in controversy exceeds this Court's minimum jurisdictional requirements.

6.    Venue is proper in this Court as Defendant maintains its principal place of business in Harris County, Texas.

## IV.
## FACTS

7.    On November 7, 2024, the United States District Court for the District of North Dakota, in the case styled *FA ND CHEV, LLC and FA ND SUB, LLC v. Robert Kupper; Bismarck Motor Company; and BMC Marine LLC d/b/a Moritz Sport & Marine*, Case No: 1:20-cv-00138 (lead case) and *BAPTKO, Inc. v. Foundation Automotive Corp., an Alberta Corporation, FA ND Chev, LLC, and FA ND Sub, LLC.*, Case No. 1:21-cv-183 (consolidated case), entered a judgment on November 7, 2024, in favor of BAPTKO and against Foundation Automotive Corp., an Alberta Corporation, FA ND Chev, LLC ("FAND Chev"), and FA ND Sub, LLC. ("FAND Sub"), jointly and severally, in the amount of $3 million, plus an additional amount for interest. *See* Exhibit A (the "Judgment").

8.    On December 11, 2024, approximately one month after entry of the Judgment, both FAND Chev and FAND Sub sold all or substantially all of their assets to third-party purchasers (EAGAL3 LLC, EAGAL4 LLC, and PMKC Mandan LLP). FAND Chev and FAND Sub received substantial proceeds from the sale of its assets to these third parties.

9.    The proceeds received by FAND Chev and FAND Sub were initially deposited into a deposit account with BMO bank in the name of FAND Chev and FAND Sub, respectively. Immediately upon receipt of those funds, FAND Chev and FAND Sub transferred those funds to

a BMO bank account owned by Foundation US. Upon information and belief, the transfers were made to avoid the claims of Plaintiff, as a judgment creditor at the time of the transfer.

10.    Foundation US owns both FAND Chev and FAND Sub, and therefore is both an insider and an affiliate of FAND Chev and FAND Sub.[1]

11.    Upon information and belief, the transfers of funds from FAND Chev and FAND Sub, respectively, to Foundation US on or about December 11, 2024 were made without receiving reasonably equivalent value in exchange for the transfers and both FAND Chev and FAND Sub became essentially insolvent as a result of the transfer or obligation.

12.    On April 7, 2025, the United States District Court for the District of North Dakota entered an Amended Final Judgment, amending the prior judgment to add an award of attorney's fees in the amount of $1,085,186.44 and costs in the amount of $223,328.71. *See* Exhibit B (the "Amended Judgment"). The total amount of the Amended Judgment as of April 7, 2025, was $4,672,710.82, with statutory interest of 6% accruing on that amount. *Id.*

13.    As of the date this Petition is filed, no payments have been made by the judgment debtors to Plaintiff in satisfaction of the Amended Judgment.

## V.
## CLAIMS AND CAUSES OF ACTION

### Count I
### Fraudulent Transfer under TEX. BUS. & COMM. CODE § 24.005

14.    Plaintiff re-alleges and incorporates herein by reference each and every allegation set forth above.

15.    The transfers from FAND Chev and FAND Sub to Foundation US identified above are fraudulent as to Plaintiff, a known creditor existing at the time of the transfer, because the

---

[1]    *See* TEX. BUS. & COMM. CODE §24.002.

*PLAINTIFF'S ORIGINAL PETITION*                                                        *PAGE 3*

transfers were made with actual intent to hinder, delay, or defraud Plaintiff.[2] In particular, actual intent may be determined by considering that: (i) the transfer was made to an insider; (ii) the judgment debtor had been sued and judgment entered before the transfer was made; (iii) the transfer was of substantially all of the judgment debtors remaining assets; and (iv) the judgment debtors received no value in consideration for the asset transferred.

16.     The transfers from FAND Chev and FAND Sub to Foundation US identified above are fraudulent as to Plaintiff because FAND Chev and FAND Sub failed to receive reasonably equivalent value in exchange for the transfers, and FAND Chev and FAND Sub: (i) were engaged or were about to engage in a business or transaction for which the remaining assets of the debtors were unreasonably small in relation to the business or transaction; or (ii) intended to incur, or believed or reasonably should have believed that FAND Chev and FAND Sub would incur, debts beyond the debtors ability to pay as they became due.[3]

**Count II**
**Fraudulent Transfer under TEX. BUS. & COMM. CODE § 24.006**

17.     Plaintiff re-alleges and incorporates herein by reference each and every allegation set forth above.

18.     The transfers from FAND Chev and FAND Sub to Foundation US identified above are fraudulent as to Plaintiff, a known creditor existing at the time of the transfer, because the transfers were made without receiving a reasonably equivalent value in exchange for the transfers and the debtors were insolvent at the time of the transfer or the debtors became insolvent as a result of the transfer or obligation.[4]

---

[2]     *See* TEX. BUS. & COMM. CODE §24.005(a)(1).

[3]     *See* TEX. BUS. & COMM. CODE §24.006(a).

[4]     *See* TEX. BUS. & COMM. CODE §24.006(b).

*PLAINTIFF'S ORIGINAL PETITION*                                                                 *PAGE 4*

19.    Alternatively, the transfers from FAND Chev and FAND Sub to Foundation US identified above are fraudulent as to Plaintiff because the transfers were made to an insider for an antecedent debt, the debtors were insolvent at that time, and the insider had reasonable cause to believe that the debtors were insolvent.[5]

## Requested Remedies

20.    Plaintiff re-alleges and incorporates herein by reference each and every allegation set forth above.

21.    Plaintiff seeks the following remedies as provided under the Texas Uniform Fraudulent Transfer Act:[6]

    a.    Avoidance of the transfers to the extent necessary to satisfy Plaintiff's claim.

    b.    An attachment or other provisional remedy against the asset transferred or other property of the transferee in accordance with the Texas Rules of Civil Procedure and the Civil Practices and Remedies code relating to ancillary proceedings.

    c.    An injunction against further disposition by the transferee of the asset transferred or other property.

    d.    The appointment of a receiver to take charge of the asset transferred or of other property of the transferee.

    e.    Any other relief the circumstances may require.

## Attorneys' Fees

22.    It has been necessary for Plaintiff to engage counsel to represent it in this suit. Plaintiff has agreed to pay the undersigned law firm a reasonable fee for their services rendered. Therefore, Plaintiff is entitled to recover its attorneys' fees from Defendant pursuant to TEX. BUS. & COMM. CODE § 24.013.

---

[5]    *See* TEX. BUS. & COMM. CODE §24.005(a)(2).

[6]    *See* TEX. BUS. & COMM. CODE §24.008.

*PLAINTIFF'S ORIGINAL PETITION*                                                              *PAGE 5*

## PRAYER

Plaintiff prays that this citation issue and be served upon Defendant in a form and manner prescribed by law, requiring that Defendant appears and answers, and that upon final hearing, Plaintiff have judgment against Defendant in a total sum in excess of the minimum jurisdictional limits of this Court for all damages allowable under law, plus pre-judgment and post-judgment interest, recoverable attorneys' fees, all costs of Court, and all such and further relief, to which Plaintiff may show itself justly entitled.

Respectfully submitted,

/s/ *Jeffrey W. Hellberg, Jr.*

Jeffrey W. Hellberg, Jr.
State Bar No. 00796738
jeff.hellberg@wickphillips.com
Justin G. Bates
State Bar No. 24131246
justin.bates@wickphillips.com

**WICK PHILLIPS GOULD & MARTIN, LLP**
3131 McKinney Ave., Suite 500
Dallas, Texas 75204
(214) 692-6200 (office)
(214) 692-6255 (facsimile)

**ATTORNEYS FOR PLAINTIFF**

# Exhibit A

Local AO 450 (rev. 1/23)

# United States District Court
## *District of North Dakota*

FA ND Chev, LLC, and
FA ND Sub, LLC,
        Plaintiffs,

v.

Robert Kupper; Bismarck Motor Company;
and BMC Marine LLC, d/b/a Moritz Sport & Marine,
        Defendants.

BAPTKO, Inc.,
        Plaintiff and
        Counterclaim Defendant.

v.

Foundation Automotive Corp. an Alberta Corporation,
FA ND Chev, LLC; and FA ND Sub, LLC,

        Defendants and
        Counterclaimants.

JUDGMENT IN A CIVIL CASE

Case No.   1:20-cv-138 (lead case)

           1:21-cv-183 (consolidated case)

---

☑ **Jury Verdict**. This action came before the Court for a trial by jury. The issues have been tried and the jury has rendered its verdict.

☐ **Decision by Court**. This action came to trial or hearing before the Court. The issues have been tried or heard and a decision has been rendered.

☑ **Decision on Motion**. This action came before the Court on motion. The issues have been considered and a decision rendered.

☐ **Stipulation**. This action came before the court on motion of the parties. The issues have been resolved.

☐ **Dismissal**. This action was voluntarily dismissed by Plaintiff pursuant to Fed. R. Civ. P. 41(a)(1)(ii).

## IT IS ORDERED AND ADJUDGED:

Pursuant to the jury's verdict entered on November 5, 2024, Judgment is hereby entered in favor of BAPTKO, Inc. against Foundation Automotive Corp., FA ND Chev, LLC, and FA ND Sub, LLC on the Counterclaim of breach of contract regarding disclosing confidential information about the sale of the dealership to third parties and breach of contract relating to the operations of the dealership and inventory levels.

Pursuant to the Court's oral Order on October 28, 2024, BAPTKO, Inc. is awarded $3,000,000 against Foundation Automotive Corp., FA ND Chev, LLC, and FA ND Sub, LLC.

Pursuant to the Court's Order at Docket 480 entered on October 29, 2024, BAPTKO, Inc. is awarded prejudgment interest in the amount of $123.29 per day at a rate of 6% for a total of $364,195.67 against Foundation Automotive Corp., FA ND Chev, LLC, and FA ND Sub, LLC.

(Continued on page 2.)

Date: November 7, 2024

KARI M. KNUDSON, CLERK OF COURT

by: /s/ Roxanne Muffenbier, Deputy Clerk

1

**Exhibit A**
30-2025-CV-00652

Pursuant to the Court's Order at Docket 373 entered on August 5, 2024, Claims II, III, IV, and V in the Complaint in case number 1:20-cv-138 are DISMISSED with prejudice.

Pursuant to the Court's Orders at Docket 373 entered on August 5, 2024, and Docket 482 entered on November 1, 2024, Count I of the Complaint in case number 1:20-cv-138 is DISMISSED with prejudice.

Pursuant to the Court's Order at Docket 373 entered on August 5, 2024, insofar as the Counterclaim in case number 1:21-cv-183 alleges claims for breach of contract against BAPTKO, Inc., for Robert Kupper's breach of the non-solicitation agreement relating to hiring Foundation employees and the claim BAPTKO breached Robert Kupper's non-competition agreement, the Counterclaim is DISMISSED with prejudice.

Pursuant to the Court's Order at Docket 482 entered on November 1, 2024, insofar as the Counterclaim in case number 1:21-cv-183 alleges a claim for breach of contract for BAPTKO's failure to disclose bonus schedules, the Counterclaim is DISMISSED with prejudice.

2

# Exhibit B

Local AO 450 (rev. 1/23)

# United States District Court
### *District of North Dakota*

FA ND Chev, LLC, and
FA ND Sub, LLC,
               Plaintiffs,

v.

Robert Kupper; Bismarck Motor Company;
and BMC Marine LLC, d/b/a Moritz Sport & Marine,
               Defendants.

BAPTKO, Inc.,
               Plaintiff and
               Counterclaim Defendant.

v.

Foundation Automotive Corp. an Alberta Corporation,
FA ND Chev, LLC; and FA ND Sub, LLC,

               Defendants and
               Counterclaimants.

AMENDED
JUDGMENT IN A CIVIL CASE

Case No.   1:20-cv-138 (lead case)

            1:21-cv-183 (consolidated case)

☑ **Jury Verdict**. This action came before the Court for a trial by jury. The issues have been tried and the jury has rendered its verdict.

☐ **Decision by Court**. This action came to trial or hearing before the Court. The issues have been tried or heard and a decision has been rendered.

☑ **Decision on Motion**. This action came before the Court on motion. The issues have been considered and a decision rendered.

☐ **Stipulation**. This action came before the court on motion of the parties. The issues have been resolved.

☐ **Dismissal**. This action was voluntarily dismissed by Plaintiff pursuant to Fed. R. Civ. P. 41(a)(1)(ii).

## IT IS ORDERED AND ADJUDGED:

Pursuant to the jury's verdict entered on November 5, 2024, Judgment is hereby entered in favor of BAPTKO, Inc. against Foundation Automotive Corp., FA ND Chev, LLC, and FA ND Sub, LLC on the Counterclaim of breach of contract regarding disclosing confidential information about the sale of the dealership to third parties and breach of contract relating to the operations of the dealership and inventory levels.

Pursuant to the Court's oral Order on October 28, 2024, BAPTKO, Inc. is awarded $3,000,000 against Foundation Automotive Corp., FA ND Chev, LLC, and FA ND Sub, LLC.

Pursuant to the Court's Order at Docket 480 entered on October 29, 2024, BAPTKO, Inc. is awarded prejudgment interest in the amount of $123.29 per day at a rate of 6% for a total of $364,195.67 against Foundation Automotive Corp., FA ND Chev, LLC, and FA ND Sub, LLC.

(Continued on page 2.)

Date:  April 7, 2025

KARI M. KNUDSON, CLERK OF COURT

by:  */s/ Janelle Brunner, Deputy Clerk*

1

# Exhibit B
30-2025-cv-00652

Pursuant to the Court's Order at Docket 373 entered on August 5, 2024, Claims II, III, IV, and V in the Complaint in case number 1:20-cv-138 are DISMISSED with prejudice.

Pursuant to the Court's Orders at Docket 373 entered on August 5, 2024, and Docket 482 entered on November 1, 2024, Count I of the Complaint in case number 1:20-cv-138 is DISMISSED with prejudice.

Pursuant to the Court's Order at Docket 373 entered on August 5, 2024, insofar as the Counterclaim in case number 1:21-cv-183 alleges claims for breach of contract against BAPTKO, Inc., for Robert Kupper's breach of the non-solicitation agreement relating to hiring Foundation employees and the claim BAPTKO breached Robert Kupper's non-competition agreement, the Counterclaim is DISMISSED with prejudice.

Pursuant to the Court's Order at Docket 482 entered on November 1, 2024, insofar as the Counterclaim in case number 1:21-cv-183 alleges a claim for breach of contract for BAPTKO's failure to disclose bonus schedules, the Counterclaim is DISMISSED with prejudice.

Pursuant to the Court's Order at Docket 543 entered on April 7, 2025, Kupper Parties' Motion for Costs and Attorneys' Fees and Costs is GRANTED, in part, and DENIED, in part. Kupper Parties attorneys' fees in the amount of $1,085,186.44 and costs totaling $223,328.71 are awarded.

2

## Automated Certificate of eService

This automated certificate of service was created by the efiling system. The filer served this document via email generated by the efiling system on the date and to the persons listed below. The rules governing certificates of service have not changed. Filers must still provide a certificate of service that complies with all applicable rules.

Barbara Morgan on behalf of Jeffrey Hellberg, Jr.
Bar No. 00796738
barb.morgan@wickphillips.com
Envelope ID: 102532898
Filing Code Description: Petition
Filing Description: Plaintiff's Original Petition
Status as of 6/27/2025 3:43 PM CST

Case Contacts

| Name | BarNumber | Email | TimestampSubmitted | Status |
|---|---|---|---|---|
| Justin Bates | | justin.bates@wickphillips.com | 6/27/2025 2:21:55 PM | SENT |
| Lanette Fidone | | lanette.fidone@wickphillips.com | 6/27/2025 2:21:55 PM | SENT |
| Jeffrey W.Hellberg, Jr | | jeff.hellberg@wickphillips.com | 6/27/2025 2:21:55 PM | SENT |
| Barb Morgan | | barb.morgan@wickphillips.com | 6/27/2025 2:21:55 PM | SENT |