## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF NORTH DAKOTA

| | |
|---|---|
| FA ND CHEV, LLC and FA ND SUB, LLC, <br><br> Plaintiffs, <br><br> v. <br><br> Robert Kupper; Bismarck Motor Company; and BMC Marine LLC d/b/a Moritz Sport & Marine, <br><br> Defendants. <br><br> BAPTKO, Inc., <br><br> Plaintiff and Counterclaim Defendant, <br><br> v. <br><br> Foundation Automotive Corp, an Alberta Corporation, FA ND CHEV, LLC and FA ND SUB, LLC, <br><br> Defendants and Counterclaimants. | **ORDER** <br><br><br> Case No. 1:20-cv-138 |

On September 29, 2025, BAPTKO, Inc. ("BAPTKO") and Robert Kupper ("Kupper") (collectively "the Kupper Parties") filed a "Motion to Compel Kevin Kuschinski's Appearance to Testify at October 7, 2025, Hearing." (Doc. No. 609). For the reasons that follow, the motion is denied.

**I.   BACKGROUND**

This consolidated action concerned, inter alia, the operation of five Chevrolet and Subaru

1

dealerships in and around Mandan, North Dakota, that FA ND Chev, LLC and FA ND Sub, LLC purchased from Kupper. Pursuant to the jury's verdict entered on November 5, 2024, the court entered judgment on November 7, 2024, in favor of BAPTKO, Inc. on its counterclaims against FA ND Chev, LLC, FA ND Sub, LLC, and their parent company, Foundation Automotive Corp., for breach of contract. (Doc. Nos. 489, 490). The judgment was amended on April 7, 2025, to include an award of attorney's fees and costs to the Kupper Parties. (Doc. No. 545).

Foundation Automotive Corp., FA ND Chev, LLC, and FA ND Sub, LLC (collectively the "Foundation Parties") have appealed the amended judgment. FA ND Chev, LLC, and FA ND Sub, LLC have also sold two of the dealerships they purchased from Kupper to a third party.

According to the Kupper Parties, they learned of this sale through local media reports and its own investigation. They also learned through post-judgment discovery that FA ND CHEV, LLC and FA ND SUB, LLC had transferred the proceeds from the sale of the two dealerships to Foundation Automotive US Corp. and Foundation Auto Holdings, LLC shortly after judgment was entered in this case. Asserting that this transfer of assets was intended to hinder their ability to collect on their judgment and therefore fraudulent, they have filed, inter alia, motions to compel and for sanctions, and to use documents and information obtained in post-judgment discovery in state actions they have filed in North Dakota and Texas. The Foundation Parties have in turn filed, inter alia, motions to enforce an existing protective order, to stay, and for attorney's fees. The court has scheduled a hearing on the parties' pending motions for October 7, 2025.

The Kupper Parties subpoenaed Kevin Kutschinski ("Kutschinski") to testify at the October 7 hearing either in person or remotely. Kutschinski is the president/CEO of Foundation Automotive US Corp., the non-party corporation to which the Kupper Parties assert that FA ND CHEV, LLC

2

and FA ND SUB, LLC fraudulently transferred some or all of their assets following their sale of the two Mandan dealerships to a third party.

On September 29, 2025, the Kupper Parties filed a motion to compel Kuschinski's appearance at the hearing on October 7, 2025. They assert Kutschinski's testimony is critical because: (1) he is the primary owner and decision maker for all of the Foundation entities; and (2) the Foundation Parties did not disclose FA ND CHEV, LLC's and FA ND SUB, LLC's transfer of assets and have been less than forthcoming when responding to post-judgment discovery requests. Acknowledging that Derek Slemko, Foundation Automotive Corp's chief financial officer, will be available to testify at the hearing in his capacity as the Foundation Parties' designated corporate representative, they assert that Slemko's testimony is unlikely to be sufficient as he does not have an ownership interest in the Foundation entities and given what they characterize as his evasive testimony at trial and his vague, evasive declarations that the Foundation Parties have submitted to the court regarding FA ND CHEV, LLC's and FA ND SUB, LLC's transfer of assets to Foundation Automotive US Corp. and Foundation Auto Holdings, LLC. They go on to advise of their intent to question Kutschinski about what they assert is the Foundation Parties' breach of the asset purchase agreement with BAPTKO after the sale of the Mandan dealerships to a third party.

The Foundation Parties filed their response on October 2, 2025. (Doc. No. 621). They assert that Kutschinski's subpoena must be quashed as it exceeds the geographical limits of Fed. R. Civ. P. 45(c) and is otherwise defective as the Kupper Parties did not obtain prior authorization to take remote testimony much less demonstrate the existence of good cause to warrant remote testimony. Next, they assert that the subpoena creates "jurisdictional chaos and procedural uncertainty" as it does not specify the location at which Kutschinski is to appear but rather gives Kutschinski the

option of either appearing in person at the federal courthouse in Bismarck or at an unspecified federal courthouse near his residence in the Southern District of Texas. In so doing they intimate their intent to file motions to quash in this district as well as the Southern District of Texas. Taking issue with the Kupper Parties' characterization of Slemko's trial testimony and declarations, they go on to assert that the Kupper Parties concerns regarding Slemko's anticipated hearing testimony are at best speculative, that Slemko is prepared to testify about corporate matters such as asset transfers, dealership sales, and related transactions, and that the Kupper Parties' assertions regarding breaches of the parties' asset purchase agreement are beyond the scope of the hearing scheduled by the court and are otherwise legally frivolous. Finally, they assert that the subpoena served by the Kupper Parties on Kutschinski was designed simply to harass Kutschinski.

In their reply dated October 3, 2025, the Kupper Parties assert that Kutschinski would not be unduly burdened if required to appear virtually at the hearing on October 7 and that the Foundation Parties objections to the validty of the subpoena are "deliberately obtuse." Dismissing the Foundation Parties' assertion that Kutschinski is outside this court's reach, attributing any confusion regarding the subpoena and its provision for a choice on where/how to appear to the Foundation Parties lack of communication, and noting that to date that no motion to quash has been filed by the Foundation Parties in this district or the Southern District of Texas, they request that "this Court adopt the view that Kutschinski can be compelled to appear remotely in a North Dakota hearing from a location in Texas within the geographical limits of Rule 45(c)" and in so doing require Kutschinski's appearance at the October 7 hearing.

## II.    APPLICABLE RULES

Rule 69 of the Federal Rules of Civil Procedure provides "a judgment creditor . . . may

obtain discovery from any persons–including the judgment debtor–as provided in these rules or by the procedure of the state where the court is located." Fed. R. Civ. P. 69(a)(2).

Rule 43 of the Federal Rules of Civil Procedure provides the following in relevant part: "At trial, the witnesses' testimony must be taken in open court unless a federal statute, the Federal Rules of Evidence, these rules, or other rules adopted by the Supreme Court provide otherwise. For good cause in compelling circumstances and with appropriate safeguards, the court may permit testimony in open court by contemporaneous transmission from a different location." Fed. R. Civ. P. 43(a).

Rule 45(c) of the Federal Rules of Civil Procedure provides in relevant part that a subpoena may command a person to attend a trial, hearing, or deposition only as follows: "(A) within 100 miles of where the person resides, is employed, or regularly transacts business in person; or (B) within the state where the person resides, is employed, or regularly transacts business in person, if the person (i) is a party or a party's officer; or (ii) is commanded to attend a trial and would not incur substantial expense." Fed. R. Civ. P. 45(c)(1).

### III. DISCUSSION

There is a distinct split amongst the courts that have considered whether the geographic limitations on Rule 45 hinder the scope and applicability of Rule 43 and the ability to present remote testimony. Some district courts have permitted remote testimony of a witness located anywhere in the United States. See Bioconvergence LLC v. Attariwala, No. 1:19-cv-1745, 2023 WL 4494020, at *1 (S.D. Ind. June 29, 2023) (collecting cases). In so doing they have held "that a party may use a Rule 45 subpoena to compel remote testimony by a witness from anywhere so long as the place of compliance (where the testimony will be given by the witness and not where the trial will take place) is within the geographic limitations of Rule 45(c) because the 100-mile limitation now found

in Rule 45(c) has to do with the place of compliance, not the location of the court from which the subpoena issue." Id. (quoting In re: 3M Combat Arms Earplug Prod. Liab. Litig., No. 3:19-md-2885, 2021 WL 2605957, at *4 (N.D. Fla. May 28, 2021)).  Other courts have required that remote testimony is subject to the same geographic limitations as any other subpoena under Rule 45. See In re: 3M Combat Arms Earplug Prod. Liab. Litig., No. 3:19-md-2885, 2021 WL 2605957, at *2 (N.D. Fla. May 28, 2021) (collecting cases).  In their view, ignoring the geographic limitations of Rule 45 runs contrary to the text of the rule, contrary to the Advisory Committee Notes, and purports to "somehow move a trial to the physical location of the testifying person." Broumand v. Joseph, 522 F. Supp. 3d 8, 10 (S.D.N.Y. Feb. 27, 2021). It does not appear that the Eighth Circuit has weighed in on this issue.

This court is disinclined to take the expansive view.  Rule 43 permits remote testimony in certain circumstances while Rule 45 excludes witnesses from outside the geographical limitation of 100 miles from the courthouse.  Although these rules appear at first blush to conflict, they provide distinct and different directives; Rule 43 focuses on *how* a witness testifies whereas the focus of Rule 45 is from *where* the witness may testify.  See In re Kirkland, 75 F.4th 1030, 1043 (9th Cir. 2023) ("Stated another way, Rule 45(c) governs the court's power to require a witness to testify at trial, and Rule 43(a) governs the mechanics of how trial testimony is presented."). "And logically, determining the limits of the court's power to compel testimony precedes any determination about the mechanics of how such testimony is presented."  Id. Consequently, Rule 43 is applicable only if the witness is properly subpoenaed under Rule 45. The court cannot compel how a person may testify if it cannot first ensure the witness is within the court's reach to compel.

Several courts have agreed that any textual reading reaches this mandatory conclusion.  See,

e.g., Black Card LLC v. Visa USA Inc., No. 15-CV-27-SWS, 2020 WL 9812009, at *4 (D. Wyo. Dec. 2, 2020); Broumand, 522 F. Supp. 3d 8; In re: Epipen (Epinephrine Injection, USP) Marketing, Sale Practices and Antitrust Litigation, No. 17-md-2785, 2021 WL 2822535, at *4 (D. Kan. July 7, 2021); Bioconvergence LLC, 2023 WL 4494020; Rochester Drug Coop., Inc. v. Campanelli, No. 23 Misc. 89, 2023 WL 2945879 (S.D.N.Y. Apr. 14, 2023). "If this provision is construed to mean that a person residing anywhere (at least anywhere within the United States) can be compelled to provide testimony virtually via Zoom from a spot with an Internet connection within 100 miles of their home, that would mean virtually everyone in the United States could be compelled to 'attend' hearings in this matter." Singh, 2021 WL 3710442 at *3. Such a reading would completely negate the purpose of Rule 45.

As the Ninth Circuit observed in In re Kirkland, the Advisory Committee Notes substantiate this plain, textual interpretation. See In re Kirkland, 75 F.4th at 1043. Notably, the singular mention of Rule 45 and 43 together in the Advisory Committee Notes is the following: "When an order under Rule 43(a) authorizes testimony from a remote location, the witness can be commanded to testify from any place described in Rule 45(c)(1)." Fed. R. Civ. P. 45 (Advisory Committee's Note, 2013 amendment). This comment emphasizes the plain language interpretation that Rule 43(a) permits remote, video testimony but only from the places permitted by a court's subpoena powers under Rule 45. "The note clarifies that Rule 45(c)'s geographical limitations apply even when remote testimony is allowed, and a witness is not required 'to attend' a trial or other proceedings in the traditional manner." In re Kirkland, 75 F.4th at 1043.[1]

---

[1] Rule 45(c)(1)(B)(i) provides that a subpoena may command a person to attend a hearing within the state that the person regularly transacts business *in person*, if that person is the party's officer. (emphasis added). Here, there is no indication that Kuschinski regularly transacts business in person within the state of North Dakota, and so cannot be subpoenaed under this subsection.

The court appreciates the practicality and appeal of having a witness, Kutschinski in this instance, appear and participate live via video on October 7, particularly given the ease at which this can be accomplished with minimal if any prejudice.  Regrettably, the practical is not necessarily permissible.

### III.     CONCLUSION

Finding that Kutschinski is beyond this court's reach as he resides in the Southern District of Texas, the Kupper Parties' motion to compel Kutschinski's appearance at the hearing scheduled at the federal courthouse in Bismarck on October 7, 2025 (Doc. No. 609) is **DENIED** and the subpoena is **QUASHED**.

**IT IS SO ORDERED.**

Dated this 6th day of October, 2025.

*/s/ Clare R. Hochhalter*
Clare R. Hochhalter, Magistrate Judge
United States District Court