## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF NORTH DAKOTA

| | |
|---|---|
| FA ND CHEV, LLC and FA ND SUB, LLC,  )<br>  )<br>      Plaintiffs,  )<br>  )<br>      v.  )<br>  )<br>Robert Kupper; Bismarck Motor Company; and BMC Marine LLC d/b/a Moritz Sport & Marine,  )<br>  )<br>      Defendants.  )<br>_____ )<br>  )<br>BAPTKO, Inc.,  )<br>  )<br>      Plaintiff and<br>      Counterclaim Defendant,  )<br>  )<br>      v.  )<br>  )<br>Foundation Automotive Corp, an Alberta Corporation, FA ND CHEV, LLC and FA ND SUB, LLC,  )<br>  )<br>      Defendants and<br>      Counterclaimants.  ) | **ORDER**<br><br><br><br><br><br><br><br><br>Case No. 1:20-cv-138 |

On October 7, 2025, the court held hearing on the pending motions filed by BAPTKO, Inc. and Robert Kupper (collectively "BAPTKO") and by FA ND CHEV, LLC, FA ND SUB, and Foundation Automotive Corp. (collectively "the Foundation Parties"). At the close of the hearing, there was the following discussion between the court and regarding the production of documentation pertaining to debts guaranteed by the Foundation Parties:

> MR. BAKKE: Now they say Foundation via FA ND entities were owed part of this money. We have no idea. Mr. Slemko hasn't said how much that is or whether --

1

>THE COURT: Well, there's going to be documentation of these different security interests that if they haven't been disclosed, they can be.
>
>MR. BAKKE: Which we don't have.
>
>THE COURT: Right. I get that. But, Mr. Shaffer, you'd agree that there's -- there is documentation to substantiate the claims that these various creditors had to the proceeds from the sale of these two dealerships?
>
>MR. SHAFFER: Yes, Your Honor. And –
>
>THE COURT: And -- and has that been disclosed?
>
>MR. SHAFFER: The actual credit agreements for the facilities have not been disclosed and out -- my understanding –
>
>THE COURT: Because it seems to me that that's part of what is required to be disclosed.
>
>MR. SHAFFER: I don't disagree, Your Honor.
>
>THE COURT: Okay.
>
>\* \* \*
>
>MR. SHAFFER: May I just make the point quickly, Your Honor. That the testimony came out that both the FA ND entities, the Foundation Automotive, were either parties to the credit facility or guarantors of the total debt. And if what we need to do is to, you know, produce copies of those credit facilities, first, if I could just have the opportunity to review them and determine what confidentiality obligations there are, then maybe we can address it with the Court. But conceptually, again, I don't think that's a problem providing them with that –
>
>THE COURT: Within the next seven days.
>
>MR. SHAFFER: Okay. Yeah. Absolutely, Your Honor.

(Doc. No. 628 at pp. 180 and 181).

Accordingly, the court **ORDERS** that the Foundation Parties shall produce by October 17, 2025 (if they have not already) all documents, including but not limited to promissory notes, loans, or other financial agreements with creditors, to substantiate that other creditors had a right or claim

to the proceeds from the sale of FA ND CHEV, LLC's and FA ND SUB, LLC's dealerships in Mandan, North Dakota.

At the court's direction, the entire transcript of the October 7, 2025, evidentiary hearing has been filed under seal pending further. The court is not inclined to keep the entire transcript under seal in perpetuity, however, and so will give the parties until October 20, 2025, to submit any proposed redactions to it. Proposed redactions may be emailed to the court at ndd_J-Hochhalter@ndd.uscourts.gov

**IT IS SO ORDERED.**

Dated this 14th day of October, 2025.

<u>/s/ Clare R.</u> Hochhalter
Clare R. Hochhalter, Magistrate Judge
United States District Court