IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NORTH DAKOTA

| | |
|---|---|
| FA ND CHEV, LLC and FA ND SUB, LLC, ) <br> ) <br>     Plaintiffs, ) <br> ) <br> v. ) <br> ) <br> Robert Kupper; Bismarck Motor Company; ) <br> and BMC Marine LLC d/b/a Moritz Sport ) <br> & Marine, ) <br> ) <br>     Defendants. ) <br> _____ ) <br> ) <br> BAPTKO, Inc., ) <br> ) <br>     Plaintiff and Counter-Defendant, ) <br> ) <br> v. ) <br> ) <br> Foundation Automotive Corp., an Alberta ) <br> Corporation; FA ND CHEV, LLC; and ) <br> FA ND SUB, LLC, ) <br> ) <br>     Defendants and Counterclaimants. ) | **ORDER DENYING MOTIONS FOR LEAVE TO FILE UNDER SEAL AND FOR THE FILING OF THE UNREDACTED OCTOBER 7, 2025, HEARING TRANSCRIPT** <br><br><br> Case No.: 1:20-cv-00138 |

On October 7, 2025, the parties convened for an in-person hearing to discuss BAPTKO Inc., and Robert Kupper's (collectively "BAPTKO") *Motion to Compel Discovery and for Sanctions and for Expedited Decision* (Doc. No. 552), and to discuss all remaining pending motions filed by the parties. (*See* Doc. No. 605). At the conclusion of the hearing, the court ordered the parties to submit post-hearing briefs. (Doc. No. 625).

Pursuant to the court's order, the parties filed their post-hearing briefs, albeit with redactions, and requested leave to file under seal the unredacted post-hearing briefs, responses, and replies. (Doc. Nos. 632, 634, 637, 639). The parties were also ordered to submit any proposed redactions of the hearing transcript to the court for its review by October 20, 2025. (Doc. No. 629).

BAPTKO informed the court that there were no requested redactions for the hearing transcript, while FA ND CHEV, LLC, FA ND SUB, LLC, and Foundation Automotive Corp. (collectively "the Foundation Parties") provided the court with proposed redactions that were intended to protect propriety and confidential commercial information. In response, BAPKTO submitted objections to the proposed redactions.

On October 23, 2025, BAPTKO filed a *Motion for Leave to File Under Seal Post-Hearing Brief* (Doc. No. 632) an unredacted post-hearing brief, and an exhibit with portions designated as "Confidential" by the Foundation Parties. Notably, BAPTKO advised that it had no alternative but to request leave to file under seal due to the designation of information pertaining to the purchase price of the Mandan Dealerships by the Foundation Parties, banking information, and other financial information as "Confidential." The same day, the Foundation Parties filed a *Motion for Leave to File Under Seal Unredacted Post-Hearing Brief.* (Doc. No. 634). Therein, the Foundation Parties requested the court permit it to file the unredacted post-hearing brief under seal as public disclosure of the redacted material would "risk significant harm to the Foundation Parties' business relationships, creditor negotiations, and competitive standing." The Foundation Parties further argued that the redacted version of the brief would preserve public access to the legal arguments, procedural context, and core factual background without disclosing the confidential financial and commercial information. On November 3, 2025, BAPTKO filed a *Motion for Leave to File Under Seal Post-Hearing Reply Brief*. (Doc. No. 637). BAPTKO advised that the post-hearing reply brief and included exhibits contained information the Foundation Parties asserted was confidential. The same day, the Foundation Parties filed a Motion for Leave to File Under Seal Unredacted Post-Hearing Response Brief. (Doc. No. 639). Therein, the Foundation Parties again asserted public disclosure off the redacted information could result in significant harm.

As previously noted by this court on numerous occasions, the public has a common-law right of access to judicial records. (*See* Doc. No. 62); *see also Nixon v. Warner Communications, Inc.*, 435 U.S. 589, 597 (1978). Only the most compelling of reasons may justify the non-disclosure of judicial records, and even where there is a compelling reason why documents should be sealed, the seal must be narrowly tailored. *In re Neal*, 461 F.3d 1048, 1053 (8th Cir. 2006); *Shane Group Inc. v. Blue Cross Blue Shield of Mich.*, 825 F.3d 299, 305 (6th Cir. 2016). Accordingly, the party requesting the seal is required to "analyze in detail, document by document, the propriety of secrecy, providing reasons and legal citations." *Baxter Int'l Inc. v. Abbott Labs*, 297 F.3d 544, 548 (7th Cir. 2002).

This is a situation where BAPTKO has requested leave to file under seal due to the terms of the parties' Amended Protective Order and based on information designated as confidential by the Foundation Parties. The Foundation Parties assert the information should be filed under seal as the public dissemination of the information could risk significant harm to its business relationships, creditor negotiations, and competitive standing. The court has reviewed the parties' unredacted post-hearing briefs and corresponding exhibits and attachments and does not find there is a compelling reason for the documents to be filed under seal. While the court is cognizant of the fact the Foundation Parties have asserted their redacted post-hearing brief is narrowly tailored to reflect confidential financial and commercial information, the court remains unconvinced that beyond the parties' identification of the documents as confidential, there is not sufficient justification for the proposed sealed documents to be kept under seal.

Much of the information the parties have requested be filed under seal, or unsealed with redactions was referenced in open court at the time of the October 7, 2025, hearing. Moreover, upon reviewing the redacted documents and proposed redactions to the hearing transcript, it

appears to the court that a layperson would be able to ascertain much of the information the parties' have proposed be sealed. Notably, much of the redacted portions that appear unredacted in the proposed sealed post-hearing briefs are one-to-two-word statements or dollar figures, many of which were discussed openly at the October 7, hearing.

Turning to the October 7, 2025, hearing transcript, the court finds no justification to redact or keep under seal portions of the transcript or the entire transcript itself. The October 7 hearing was an open hearing, meaning anyone from the public had the opportunity to sit in and listen to what was discussed at the time of the hearing. There was no request from either party to have a closed hearing, and a closed hearing did not occur. Accordingly, any information the parties may be attempting to keep from public disclosure already could have been publicly disseminated based on the fact it was discussed in open court, and members of the public may have had the opportunity to sit in and observe.

For the reasons articulated above, the parties' various motions for leave to filed under seal are **DENIED**. (*See* Doc. Nos. 632, 634, 637, 639). The court further **ORDERS** that the October 7, 2025, hearing transcript be filed unsealed, with no redactions.

**IT IS SO ORDERED.**

Dated this 2nd day of January, 2026.

                                              */s/ Clare R. Hochhalter*
                                              Clare R. Hochhalter, Magistrate Judge
                                              United States District Court