IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NORTH DAKOTA

| | |
|---|---|
| FA ND Chev, LLC, and<br>FA ND Sub, LLC,<br><br>                                           Plaintiffs,<br><br>vs.<br><br>Robert Kupper et al.,<br><br>                                           Defendants.<br><br>BAPTKO, Inc.,<br><br>                              Plaintiff and<br>                      Counterclaim Defendant,<br><br>vs.<br><br>Foundation Automotive Corp. et al.,<br><br>                            Defendants and<br>                            Counterclaimants. | Case No. 1:20-cv-00138 |

**ORDER ADOPTING REPORT AND RECOMMENDATION**

[¶ 1]   THIS MATTER comes before this Court on a Report and Recommendation filed by United States Magistrate Judge Clare R. Hochhalter on February 11, 2026. Doc. No. 642. Magistrate Judge Hochhalter recommends Kupper Parties' Motion to Compel Discovery, For Sanctions, and For Expedited Decision (Doc. No. 552) be granted, in part, and the Motion to Use Documents and Information Obtained in Post-Judgment Discovery (Doc. No. 590) be granted. The Foundation Parties' motion to Enforce Protective Order (Doc. No. 602) be denied, and their

Motino for Attorney's Fees and to Stay Pending appeal (Doc. No. 604) be granted, in part. Both Parties filed Objections on February 18, 2026. Doc. Nos. 643–44.

[¶ 2] After a review of the entire record, the Court finds the Report and Recommendation to be persuasive and does not find the objections persuasive. Kupper Parties' objections regarding sanctions do not consider the entirety of the case, which has been complex from the start. See, e.g., Doc. No. 170 (noting that Kupper Parties are partly to blame for choosing to file a separate lawsuit instead of bringing up the issue in the same case). Foundation Parties restate the arguments made before the Magistrate Judge. Both consolidated cases are from the same set of circumstances, and the Foundation Parties chose to litigate and subject themselves to discovery. Therefore, the date of the start of their lawsuit is appropriate. As to the contention that they have already provided the desired information, Foundation seems to think that once the money was paid to the secured interest (which was held by another Foundation entity), Kupper Parties' right to discovery disappeared. As Mr. Schaffer admitted in October, Foundation Parties have not disclosed what is required to be disclosed. Doc. No. 642, p. 13.

[¶ 3] Accordingly, the Court **ADOPTS** the Report and Recommendation its entirety. Kupper Parties' Motion to Compel Discovery (Doc. No. 552) is **GRANTED**. The Court orders Foundation Parties to submit all substantive responses and documents to Kupper Parties' requests from July 31, 2020, to the present within seven (7) days from the date of this Order. Foundation Parties may provide objections but are required to substantively respond. Kupper Parties' Motion to Expedite (Doc. No. 552) is **found as MOOT** and the Motion for Sanctions (Doc. No. 552) is **DENIED**. However, this Court notes the extensive discovery problems in this case, both before trial and post-judgment. If the parties continue to raise the same arguments that Magistrate Judge Hochhalter has already addressed multiple times, the issue of sanctions may have a different result.

[¶ 4] The Motion to Use Documents (Doc. No. 590) is **GRANTED**. The Protective Order is extended for use in the state court proceedings and the list of individuals to whom information may be disclosed shall be expanded to include all counterparts during the North Dakota and Texas state court proceedings. The state court counterparts shall be dictated by the list on pages 5–6 at paragraph 18 of the Amended Protective Order. See Doc. No. 275, pp. 5–6.

[¶ 5] Foundation Parties' Motion to Enforce Amended Protective Order (Doc. No. 602) is **DENIED**, Motion to Attorney Fees (Doc. No. 604) is **DENIED**, and Motion to Stay Pending Appeal (Doc. No. 604) is **GRANTED, in part**. The Court orders as follows:

- The Defendants shall deposit $5,139,981.90 with the Clerk of Court in accordance with Local General Rule 1.10(A)(2) and (B)(2) for deposit in the Court Registry Investment System ("CRIS"). The check shall be made payable to the United States District Court and must be forwarded to the Fargo Clerk's Office at:
    - United States District Court
      Clerk of Court
      655 1st Avenue North, Suite 130
      Fargo, North Dakota 58102-4932.

- The custodian of the CRIS is authorized to deduct the applicable fees and taxes, without further order of the Court.

- The funds shall be held in CRIS until further order of this Court.

- Upon deposit of the bond, the Order and Judgment shall be **STAYED** pending appeal.

[¶ 6] **IT IS SO ORDERED**.

Dated February 23, 2026.

Daniel M. Traynor, District Judge
United States District Court