# IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF NORTH DAKOTA

| | |
|---|---|
| FA ND CHEV, LLC and FA ND SUB, LLC, )<br><br>Plaintiffs, )<br><br>v. )<br><br>Robert Kupper; Bismarck Motor Company; )<br>and BMC Marine LLC d/b/a Moritz Sport )<br>& Marine, )<br><br>Defendants. )<br>_____ )<br><br>BAPTKO, Inc., )<br><br>Plaintiff and Counter-Defendant, )<br><br>v. )<br><br>Foundation Automotive Corp., an Alberta )<br>Corporation; FA ND CHEV, LLC; and )<br>FA ND SUB, LLC, )<br><br>Defendants and Counterclaimants. ) | **ORDER DIRECTING DISCLOSURE AND TO SHOW CAUSE**<br><br><br><br><br><br><br><br><br><br><br><br><br>Case No.: 1:20-cv-00138 |

On March 16, 2026, the parties convened for a status conference to discuss discovery issues and concerns pertaining to the court's February 23, 2026, Order as to the deposit of bond.

For the reasons articulated at the time of the status conference, the court **ORDERS** FA ND CHEV, LLC, FA ND SUB, LLC, and Foundation Automotive Corp. (collectively "Foundation Parties") to provide Robert Kupper and BAPTKO, Inc. (collectively "BAPTKO") with all available information pertaining to the receipt and transfer of all proceeds of the Mandan dealership sales. Such disclosures shall be made formally and under penalty of perjury, and shall include specific dollar amounts accounting for all proceeds and identifying each recipient. To the

extent the discovery issues are not resolved by March 31, 2026, BAPTKO may file a motion to compel, including a detailed description of any requested sanctions.

The court further **ORDERS** the Foundation Parties to show cause why the Foundation Parties, their officers, directors, and representatives should not be held in contempt for failing to abide by the February 23, 2026, Order requiring it to post bond in the amount of $5,139,981.90 by March 31, 2026. BAPTKO has ten (10) days from the date of filing to respond to the Foundation Parties. The Foundation Parties have seven (7) days from the filing of BAPTKO's response to reply.

The parties should contemplate all available remedies in their briefing, including options for receivership, dismissal of appeal, civil and criminal contempt, writs of execution, involuntary bankruptcy, and any other possible relief provided by federal and state law.[1]

**IT IS SO ORDERED.**

Dated this 17th day of March, 2026.

*/s/ Clare R. Hochhalter*
Clare R. Hochhalter, Magistrate Judge
United States District Court

---

[1] This is not to assume that the court will or will not find the Foundation Parties in contempt, rather to ensure appropriate remedies are contemplated.