**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NORTH DAKOTA
WESTERN DIVISION**

| | |
|---|---|
| FA ND CHEV, LLC and FA ND SUB, LLC, | Civil No. 1:20-CV-00138-DMT-CRH |
| Plaintiffs, | |
| v. | |
| Robert Kupper; Bismarck Motor Company; and BMC Marine LLC d/b/a Moritz Sport & Marine, | **THE FOUNDATION PARTIES' RESPONSE TO BAPTKO, INC. AND ROBERT KUPPER'S MOTION FOR WRIT OF EXECUTION** |
| Defendants. | |
| BAPTKO, Inc., | |
| Plaintiff and Counter-Defendant, | |
| v. | |
| Foundation Automotive Corp., an Alberta Corporation; FA ND CHEV, LLC; and FA ND SUB, LLC, | |
| Defendants and Counterclaimants. | |

Foundation Automotive Corp. ("Foundation"), FA ND CHEV, LLC ("FA ND CHEV"), and FA ND SUB, LLC ("FA ND SUB," and together with FA ND CHEV, the "FA ND Entities") (collectively, the "Foundation Parties"), respectfully submit this response to BAPTKO, Inc. ("BAPTKO") and Robert Kupper's ("Kupper") Motion for Writ of Execution (Docs. 650-51, the "Motion"), and state as follows:

**INTRODUCTION**

BAPTKO and Kupper seek a writ of execution that lacks any connection to identified property, is devoid of competent evidence, and is inconsistent with both the requirements of Federal Rule of Civil Procedure 69 and North Dakota governing execution on a judgment. Rather than presenting a legally sufficient request grounded in the relevant statutory framework, they offer only generalized assertions that certain unidentified funds "may" be subject to levy and propose a writ that would authorize seizure of all property of all judgment debtors.

Rule 69 does not permit a generalized enforcement order. It requires adherence to state-law procedures and a targeted request directed to identifiable property subject to levy. BAPTKO and Kupper have done neither. The Motion should, therefore, be denied.

## ARGUMENT

**I.    THE MOTION FAILS TO COMPLY WITH RULE 69 BECAUSE IT DOES NOT APPLY NORTH DAKOTA EXECUTION LAW.**

A writ of execution is the traditional and standard method of enforcing a money judgment. *See* FED. R. CIV. P. 69(a)(1). Federal Rule of Civil Procedure 69(a)(1) governs the enforcement of money judgments in federal court. It provides that a money judgment "is enforced by a writ of execution, unless the court directs otherwise," and that the "procedure on execution—and in proceedings supplementary to and in aid of judgment or execution—must accord with the procedure of the state where the court is located, but a federal statute governs to the extent it applies." FED. R. CIV. P. 69(a)(1). Rule 69 does not create an independent federal enforcement mechanism. It incorporates North Dakota law as controlling. That framework imposes specific, mandatory requirements.

Under North Dakota law, an execution must be issued in proper form, must describe the judgment, and must be directed to the sheriff of a county where the judgment is docketed or where the property is located. N.D.C.C. §§ 28-21-05, 28-21-06. The sheriff is then authorized to satisfy the judgment from the debtor's property in accordance with the statute. N.D.C.C. § 28-21-06.

Execution is not a generalized remedy. It operates only against "an interest in property of the judgment debtor not exempt by law," and the governing statute delineates the method of levy based on the nature of the property. N.D.C.C. § 28-21-08. With respect to money and other intangible assets, levy is accomplished exclusively by serving the execution on the entity in possession or control of the property. *Id*.

These requirements are not procedural formalities. They define the scope of relief available. A writ must be tied to identifiable property, directed to the proper officer, and capable of being executed in the manner the statute requires.

BAPTKO, Inc. and Robert Kupper do not satisfy any of these requirements. Their Motion does not identify the county in which any allegedly executable property is located. It does not establish that the judgment has been docketed in any particular county for purposes of execution. It does not request issuance of an execution directed to a specific sheriff, as required by statute.

The Motion likewise fails to comply with the statutory requirements governing the contents of an execution. It does not present a properly framed execution that describes the judgment in the manner required by N.D.C.C. § 28-21-06 or demonstrates compliance with the issuance requirements.

Most importantly, the Motion does not apply the statutory framework governing what property may be executed upon or how a levy would occur. It does not identify any property, classify it under N.D.C.C. § 28-21-08, or explain how the sheriff could effect a levy consistent with the statute.

Instead, BAPTKO and Kupper ask the Court to authorize a broad writ based on the assertion that funds "may" exist and "may" be subject to execution. That is not sufficient under Rule 69. The Rule requires compliance with North Dakota's execution procedures. A motion that does not engage with those procedures provides no basis for the Court to grant the requested relief. For that reason alone, the Motion should be denied.

## II.   BAPTKO AND KUPPER HAVE NOT MADE THE REQUIRED SHOWING IDENTIFYING PROPERTY SUBJECT TO EXECUTION

Even if BAPTKO AND Kupper had properly invoked the governing framework, their Motion would still fail because they have not identified any specific property subject to execution or shown how a lawful levy could be carried out.

North Dakota law does not permit execution in the abstract. It authorizes execution only against "an interest in property of the judgment debtor not exempt by law," and it requires that a levy be performed in a manner dictated by the type of property at issue. N.D.C.C. § 28-21-08. The statutory scheme assumes that the creditor has identified the property and can direct the executing officer to it.

That requirement is especially strict for money and other intangible property. Such property may be taken on execution only "by serving a copy of the execution to the person who has custody of the property." N.D.C.C. § 28-21-08(1)(c). A valid levy therefore requires, at minimum, identification of the asset and the entity that holds it. Without that information, the sheriff cannot execute the writ.

The remaining execution provisions reinforce the same point. An execution must be directed to the sheriff of a county where the property is located or where the judgment is docketed. N.D.C.C. § 28-21-05. The sheriff is then tasked with satisfying the judgment out of the debtor's property. N.D.C.C. § 28-21-06. These requirements presuppose that the creditor has identified the property and its location with sufficient specificity to permit execution. BAPTKO AND Kupper have not made that showing.

Their Motion does not identify any financial institution holding the alleged funds. It does not identify the account holder for any such account. It does not identify the location or situs of any account. It does not establish whether any funds are held in North Dakota. It does not attach

the bank statements on which it purports to rely. And it does not identify any custodian on whom an execution could be served.

Instead, the Motion rests on the assertion that certain funds "may" exist and "may" be subject to execution. That is not sufficient. Execution is not an investigative device. It is the mechanism by which a creditor reaches identified property through a statutorily defined process.

Absent identification of specific, nonexempt property and a showing of how that property may be lawfully levied under N.D.C.C. § 28-21-08, there is no basis for issuing a writ of execution.

For this independent reason, the Motion should be denied.

## III.    THE PROPOSED WRIT IS IMPERMISSIBLY OVERBROAD.

Even setting aside BAPTKO and Kupper's failure to comply with state procedural requirements, the proposed writ is facially overbroad. The instrument (Doc. 651-1) directs the United States Marshal to "levy upon the property of Foundation Automotive Corp., FA ND CHEV, LLC and FA ND SUB, LLC to satisfy the Original Judgment and Costs Judgment." It contains no limitation by asset type, account, institution, or location. It does not restrict levy to the specific bank accounts referenced in the Motion. It applies to all property of all three judgment debtors, wherever located.

This is not a writ of execution. It is a general enforcement order. Execution under Rule 69 is not a generalized collection device. It is a targeted remedy directed at specific property and governed by the statutory method of levy applicable to that property. North Dakota law requires that the execution process operate against identifiable assets and that the levy be carried out in a manner consistent with the nature of those assets. N.D.C.C. § 28-21-08. Where a judgment requires the sale of property, a special execution must direct the sale and application of proceeds in conformity with the judgment. N.D.C.C. § 28-21-04. The proposed writ does not satisfy these requirements.

The Motion is premised on the assertion that certain funds allegedly exist in accounts associated with FA ND CHEV, LLC and FA ND SUB, LLC. Yet the proposed writ seeks authorization to levy on all property of all judgment debtors, including Foundation Automotive Corp. It is not limited to any identified account, institution, or category of assets. It does not describe the property to be seized. It does not direct a levy in the manner required for the type of property at issue. And it does not provide the information necessary for a sheriff to carry out a lawful execution.

That breadth is inconsistent with the statutory framework. A writ must be capable of execution. It must direct the officer to identifiable property and enable the officer to perform a levy in accordance with N.D.C.C. § 28-21-08.  A writ that authorizes seizure of "all property" leaves the executing officer without guidance and invites enforcement beyond what the statute permits.

BAPTKO and Kupper cannot obtain a writ that exceeds the scope of the property they have identified—particularly where they have not identified any property at all. The proposed writ is not a permissible execution under North Dakota law. It is an open-ended authorization to search for and seize assets, which Rule 69 does not allow.

Accordingly, the Motion should be denied on this basis as well.

## IV.    BAPTKO AND KUPPER SEEK RELIEF THAT RULE 69 DOES NOT REQUIRE AND THE COURT SHOULD NOT GRANT.

Even apart from the deficiencies above, the Motion fails because BAPTKO and Kupper seek a form of relief that is neither required by Rule 69 nor necessary to enforce the judgment under North Dakota law.

Rule 69 does not require a motion for a writ of execution. It provides that a money judgment "is enforced by a writ of execution," but the process itself is governed by state procedure. FED. R. CIV. P. 69(a)(1). Under North Dakota law, an execution is issued by the clerk and directed to the

6

appropriate sheriff upon compliance with statutory requirements. N.D.C.C. §§ 28-21-05, 28-21-06.

Nothing in Rule 69 or Chapter 28-21 requires the Court to enter a separate order authorizing execution against a debtor's property—much less a broad order untethered to specific assets. To the contrary, the statutory scheme contemplates a ministerial issuance of execution that is then carried out through the procedures prescribed for levy. *Id.*

BAPTKO and Kupper ignore that structure. Rather than seeking issuance of a properly framed execution directed to specific property and the appropriate sheriff, they ask the Court to enter a sweeping enforcement order authorizing levy on all property of multiple entities. That is not what Rule 69 contemplates, and it is not what North Dakota law permits.

If BAPTKO and Kupper believe they have identified executable property, the proper course is straightforward: comply with the statutory requirements, obtain an execution in proper form, and direct it to the sheriff in the county where the property is located. N.D.C.C. §§ 28-21-05, 28-21-06. The levy would then proceed in the manner required by N.D.C.C. § 28-21-08.

They have not done that. Instead, they seek a judicial order that expands the scope of execution beyond what the statute allows and relieves them of the obligation to comply with the procedural framework that governs enforcement. Rule 69 does not authorize that shortcut. Because the relief requested is procedurally improper and substantively overbroad, the Motion should be denied.

**<u>CONCLUSION</u>**

BAPTKO, Inc. and Robert Kupper seek a writ of execution without satisfying the requirements imposed by Federal Rule of Civil Procedure 69 and North Dakota law. Their Motion does not identify specific, nonexempt property subject to execution, does not establish how any levy could be lawfully carried out under N.D.C.C. § 28-21-08, and does not comply with the

7

statutory requirements governing issuance and direction of an execution under N.D.C.C. §§ 28-21-05 and 28-21-06.

For the forgoing reasons, Foundation Automotive Corp., FA ND CHEV, LLC, and FA ND SUB, LLC respectfully request that the Court deny BAPTKO, Inc. and Robert Kupper's Motion for Writ of Execution.

Dated this 22nd day of April, 2026.

Respectfully submitted,

*/s/ Kensye N. Wood*
Maxwell N. Shaffer
Kensye N. Wood
LELAND SHAFFER LLP
8694 E. 28th Avenue
Denver, Colorado 80238
(720) 556-1872
Maxwell.Shaffer@lelandshaffer.com
Kensye.Wood@lelandshaffer.com

*Attorneys for Foundation Automotive Corp.,*
*FA ND CHEV, LLC, and FA ND SUB, LLC*