IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NORTH DAKOTA
WESTERN DIVISION

|  |  |  |
|---|---|---|
| | | Civil No. 1:20-CV-00138-DMT-CRH |
| FA ND CHEV, LLC and FA ND SUB, LLC, | ) ) ) | |
| Plaintiffs, | ) ) ) | |
| v. | ) ) ) | |
| Robert Kupper; Bismarck Motor Company; and BMC Marine LLC d/b/a Moritz Sport & Marine, | ) ) ) ) ) ) | |
| Defendants. | ) ) ) | |
| _____ | ) ) | **REPLY MEMORANDUM OF LAW IN SUPPORT OF ROBERT KUPPER AND BAPTKO, INC.'S MOTION FOR WRIT OF EXECUTION** |
| BAPTKO, Inc., | ) ) ) | |
| Plaintiff and Counterclaim Defendant, | ) ) ) | |
| v. | ) ) ) | |
| Foundation Automotive Corp, an Alberta Corporation, FA ND CHEV, LLC and FA ND SUB, LLC, | ) ) ) ) | |
| Defendants and Counterclaimants. | ) ) ) | |

\*\*\*          \*\*\*          \*\*\*

## INTRODUCTION

[¶1]    Judgment Creditors Robert Kupper and BAPTKO, Inc. submit this memorandum of law in reply to *The Foundation Parties' Response to BAPTKO, Inc. and Robert Kupper's Motion for Writ of Execution* (doc. 656) and in support of *Robert Kupper and BAPTKO Inc.'s Motion for Writ of Execution* (doc. 650). The Foundation Parties argue the requested writ of execution "lacks any

1

connection to identified property, is devoid of competent evidence, and is inconsistent with both the requirements of Federal Rule of Civil Procedure 69 and North Dakota law governing execution on a judgment." (Doc. 656 at p. 1.) As explained below, all of the Foundation Parties' arguments against issuance of the requested writ of execution are without merit and the writ should be issued at this time.

## ARGUMENT

### I.    THE REQUESTED WRIT COMPLIES WITH APPLICABLE RULES

[¶2]    The Foundation Parties argue the proposed writ of execution fails to comply with applicable procedural rules without actually identifying any procedural rule, whether federal or state, not complied with. Contrary to the Foundation Parties argument, all applicable procedural rules have been complied with.

[¶3]    Rule 69 of the Federal Rules of Civil Procedure provides, in relevant part, as follows:

> **(a)    In General**.
>
> > **(1)    Money Judgment; Applicable Procedure**. A money judgment is enforced by a writ of execution, unless the court directs otherwise. The procedure on execution – and in proceedings supplementary to and in aid of judgment or execution – must accord with the procedure of the state where the court is located, but a federal statute governs to the extent it applies.
>
> \*\*\*

(Fed. R. Civ. P. 69(a)(1) (bold in original)). Therefore, to the extent federal law addresses any aspect pertaining to writs of execution, federal law applies.

[¶4]    Chapter 28-21 of the North Dakota Century Code governs executions upon judgments under state law. "If the judgment requires the payment of money or the delivery of property, the judgment may be enforced by execution." N.D.C.C. § 28-21-03.1. Although

2

N.D.C.C. § 28-21-05 provides that "[a]n execution may be issued by the clerk of court in which the judgment was entered to the sheriff of any county where the judgment is docketed[,]" there is a federal statute governing who is to execute lawful writs issued by a federal court, specifically 28 U.S.C.A. § 566(c).  The United States Marshals Service is tasked with executing all lawful writs issued under the authority of the United States as follows:

> **(c)** Except as otherwise provided by law or Rule of Procedure, the United States Marshals Service shall execute all lawful writs, process, and orders issued under the authority of the United States, and shall command all necessary assistance to execute its duties.

28 U.S.C.A. § 566(c).

[¶5]     Although the undersigned has not located any North Dakota federal or Eighth Circuit appellate decision directly addressing this issue, as explained by the United States Court of Appeals for the Eleventh Circuit, writs of execution on federal judgements are to be served by a United States marshall:

> Defendants argue that the district court lacked authority under Rule 69(a) of the Federal Rules of Civil Procedure to order the Fulton County Sheriff to levy on Defendants' property and that only a U.S. marshal could levy on their property.
>
> Rule 69(a) addresses writs of execution in postjudgment proceedings in federal courts. *See* Fed.R.Civ.P. 69(a)(1). Under Rule 69(a), "[a] money judgment is enforced by a writ of execution, unless the court directs otherwise." *Id*. Thus, the amended money judgment here is enforced by way of a writ of execution. The question in this appeal, though, is who can carry out the writ of execution and levy on Defendants' property: stated another way, who can execute the federal writ.
>
> A federal statute expressly addresses who can execute the federal writ of execution.  Specifically, 28 U.S.C. § 566 provides that "[e]xcept as otherwise provided by law or Rule of Procedure, the United States Marshals Service shall execute all lawful writs, process, and orders issued under the authority of the United States...." 28 U.S.C. § 566(c) (emphases added). Plaintiff has failed to point us to any statute or procedural rule providing *924 that someone other than a U.S. marshal may levy on property in the course of executing a federal writ, and we can find none.  Thus, we conclude that, under Rule 69(a) and § 566(c), only a U.S. marshal may execute the federal writ of execution by levying on and selling Defendants' property.

We recognize that Rule 69(a) also provides that "[t]he procedure on execution—and in proceedings supplementary to and in aid of judgment or execution—must accord with the procedure of the state where the court is located, but a federal statute governs to the extent it applies." *Id*. Rule 69(a) therefore adopts state procedures for execution only to the extent that there is no applicable federal statute or rule. *See id*.; 12 Charles A. Wright, Arthur R. Miller & Edward H. Cooper, Federal Practice and Procedure § 3012 (2d ed.1992). But, as noted above, there is a federal statute stating that the U.S. Marshals Service "shall execute all lawful writs," and thus, that federal statute governs here. *See* 28 U.S.C. § 566(c); *see also Yazoo & M.V.R. Co. v. City of Clarksdale*, 257 U.S. 10, 18, 24, 42 S.Ct. 27, 29, 31, 66 L.Ed. 104 (1921) (interpreting Rule 69's predecessor, § 916 of the Revised Statutes, and determining that judgment creditors were entitled only to remedies "similar" to those of the state court and that the officer executing a federal writ of execution "must be the marshal, and not the sheriff" (emphasis added)); Fed.R.Civ.P. 69(a), advisory committee notes (providing that Rule 69 follows in substance former 28 U.S.C. § 727, the predecessor of which was R.S. § 916).

*Branch Banking & Tr. Co. v. Ramsey*, 559 F. App'x 919, 923–24 (11th Cir. 2014).

[¶6]   Similarly, as explained by the United States Court of Appeals for the Second Circuit in denying a sheriff's request for fees associated with service and levy upon a federal judgment:

We first note that Rule 69(a) adopts state procedures for execution only to the extent that they do not conflict with any applicable "statute of the United States." This term includes the Federal Rules of Civil Procedure, since they have the force and effect of federal statutes. 28 U.S.C.A. § 2072 (West 1994); *see also Oklahoma Radio Assocs. v. Fed. Deposit Ins. Corp.,* 969 F.2d 940, 942 (10th Cir.1992); Charles A. Wright & Arthur R. Miller, *Federal Practice and Procedure* § 3012 (1973 & 1994 Supp.). Thus, under Rule 69(a) "if there is an applicable federal statute, it is controlling, as is also any relevant Civil Rule, since those rules have the force of a statute." Wright & Miller § 3012.

Rule 69(a) is thereby made subject to Rule 4(c), and Rule 4(c) trumps state law to the extent that it determines *who* can levy on a writ of execution issued by a federal court. *United States ex rel. Tanos v. St. Paul Mercury Ins. Co.,* 361 F.2d 838, 839 (5th Cir.) (Rule 4(c), not state rule, governs service of writs of garnishment issued in federal court), *cert. denied,* 385 U.S. 971, 87 S.Ct. 510, 17 L.Ed.2d 435 (1966); *see also Heritage House Frame and Moulding Co. v. Boyce Highlands Furniture Co.,* 88 F.R.D. 172, 174 (E.D.N.Y.1980) ("[I]t is clear that FRCP 4(c) is not affected by the strictures of state law. Thus service must be made by a United States Marshal...."). Rule 4(c)—which has since been re-designated as **\*20** Rule 4.1(a)—does not give blanket authority for service of process by state sheriffs:

Process, other than a subpoena or a summons and complaint, shall be served by a United States marshal or deputy United States marshal, or by a person specially appointed for that purpose.

4

> Fed.R.Civ.P. 4(c)(1) (West 1992). "Process" under this provision includes writs of execution. *See* 28 U.S.C.A. Rule 4 Practice Commentary at 108 (West 1992) ("Process other than a subpoena or summons includes such things as executions and attachments...."). Because Sheriff Miller was not specially appointed, his execution of the writ and levy on Amtrak's property violated Rule 4(c) and was thus defective. We hold that, because service was defective, Amtrak is not liable for Miller's fee. The district court properly denied Miller's motion.

*Schneider v. Nat'l R.R. Passenger Corp.*, 72 F.3d 17, 19–20 (2d Cir. 1995).

[¶7]    Although North Dakota state procedural rules provide for service of writs of execution by the sheriff in the county where the property is located, as explained in the foregoing cases, 28 U.S.C.A. § 566(c) trumps state law in this regard.  The requested Writ of Execution in this case is directed to a United States marshall located within the jurisdiction of this Court (North Dakota) and is therefore procedurally correct.  The proposed writ also describes the judgments to which the requested writ pertains and lists the last-known addresses of the judgment debtors as directed by N.D.C.C. § 28-21-06 and directs a United States marshall to return the writ to the clerk within sixty days pursuant to N.D.C.C. § 28-21-07, and is otherwise procedurally proper under North Dakota law.  The Foundation Parties have not identified any procedural deficiency in the proposed writ.

[¶8]    The proposed writ also complies with federal rules pertaining to the contents of a writ of execution.   28 U.S.C.A. § 3203(c)(2)(A), entitled "Form of writ", "General contents", provides in relevant part, "A writ of execution shall specify the date that the judgment is entered, the court in which it is entered, the amount of the judgment if for money, the amount of the costs, the amount of interest due, the sum due as of the date the writ is issued, the rate of post-judgment interest, the name of the judgment debtor, and the judgment debtor's last known address."  The requested Writ of Execution includes all of this information.

II.    **IDENTIFICATION OF SPECIFIC PROPERTY SUBJECT TO EXECUTION IS NOT REQUIRED AS TO MONEY, AND THE FOUNDATION PARTIES HAVE**

**IDENTIFIED BANK ACCOUNTS WITH BANKS HAVING LOCATIONS IN NORTH DAKOTA CONTAINING MONEY**

[¶9]     The Foundation Parties cite no law for the incorrect proposition that a writ of execution itself must specifically identify an interest in specific property to be levied upon.  That proposition is false.  Instead, a general writ (as compared to a special writ which directs that a specific item of property be sold or delivered) must only contain the information described in paragraph 8 above.  A general writ of execution is issued by the Court to the requesting attorney who is then responsible to deliver the writ to a United States marshall within the jurisdiction of the Court along with instructions as to what property of the Judgment Debtor to seek levy upon.  The Court is not typically involved with the specifics in this regard, particularly where a levy is upon money located in bank accounts.  Identification of specific assets upon which to attempt levy is provided by the Judgment Creditor to a United States marshall based upon available information – information which may change over time.  Such specifics are not typically included in the writ itself.  The requested Writ of Execution directs the writ to be returned to the Court within sixty (60) days of its issuance.

[¶10]   As explained in BAPTKO, Inc. and Robert Kupper's principal brief, the writ of execution in this case is being requested as Judgment Debtors FA ND CHEV, LLC and FA ND SUB, LLC disclosed in post-judgment written discovery the existence of bank accounts with financial institutions which are either located in North Dakota, or have a branch location in North Dakota, including BMO Bank, NA, and Starion Bank, and produced bank statements therefrom disclosing funds remaining in some of those accounts.  BAPTKO, Inc. and Robert Kupper's assertion in their principal brief that such funds "may" be subject to levy simply reflects the possibility the disclosed funds may no longer remain in those accounts.  Whether any funds have been transferred and the appropriateness of any such transfer has yet to be determined.

## III.     THE WRIT IS NOT IMPERMISSIBLY OVERBROAD

[¶11]   The Foundation Parties' assertion that the requested Writ of Execution is overly broad is also without merit.  As explained above, there is no requirement that a writ of execution specifically identify any particular asset upon which to seek execution.  The requested writ is limited to property located within North Dakota – within this Court's jurisdiction.  In the event the Court disagrees, BAPTKO, Inc. and Robert Kupper request leave to revise the requested writ to specifically identify the bank accounts identified by the judgment debtors.

## IV.     THE FOUNDATION PARTIES' PROCEDURAL ATTACK ON THE PENDING MOTION IS NONSENSICAL AS THE COURT DIRECTED A MOTION BE FILED

[¶12]   The Foundation Parties' assertion the filing of the pending motion is not procedurally correct ignores the fact this motion was requested by the Court.  Initially, and at the direction of the Clerk of Court, the originally requested Writ of Execution was emailed to Magistrate Judge Hochhalter (copying in all counsel) on April 2, 2026.  Pursuant to an email of April 7, 2026 at 2:42 p.m. from Magistrate Judge Hochhalter's Law Clerk Brian Gumeringer, Judge Traynor had reviewed the proposed writ and requested a motion for writ of execution be filed.  An updated proposed Writ of Execution with updated interest calculations and inserting the last known addresses for the judgment debtors was filed with the pending motion on April 8, 2026.

## CONCLUSION

[¶13]   For the reasons explained above, Judgment Creditors Robert Kupper and BAPTKO, Inc. request the Court issue the proposed Writ of Execution, or other writ of execution as the Court may deem appropriate.

[¶14]   Dated this 29th day of April, 2026.

BAKKE GRINOLDS WIEDERHOLT

By: _/s/ Randall J. Bakke_

7

Randall J. Bakke (#03989)
Shawn A. Grinolds (#05407)
David R. Phillips (#06116)
300 West Century Avenue
P.O. Box 4247
Bismarck, ND 58502-4247
(701) 751-8188
rbakke@bgwattorneys.com
sgrinolds@bgwattorneys.com
dphillips@bgwattorneys.com

*Attorneys for Judgment Creditors Robert
Kupper and BAPTKO, Inc.*

## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the foregoing **REPY MEMORANDUM OF LAW IN SUPPORT OF ROBERT KUPPER AND BAPTKO, INC.'S MOTION FOR WRIT OF EXECUTION** was on the 29th day of April, 2026, was filed electronically with the Clerk of Court through ECF.

Maxwell Shaffer
Kensye Wood
Leland Shaffer LLP
8694 E. 28th Ave.
Denver, Colorado 80238
maxwell.shaffer@lelandshaffer.com
kensye.wood@lelandshaffer.com


By: */s/ Randall J. Bakke*
    RANDALL J. BAKKE

8