**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF NORTH DAKOTA**

FA ND Chev, LLC, and
FA ND Sub, LLC,

                                        Plaintiffs,

vs.

Robert Kupper et al.,

                                        Defendants.

_____

BAPTKO, Inc.,

                            Plaintiff and
                    Counterclaim Defendant,

vs.

Foundation Automotive Corp. et al.,

                            Defendants and
                            Counterclaimants.

Case No. 1:20-cv-00138

---

**ORDER GRANTING MOTION FOR WRIT OF EXECUTION**

---

[¶ 1]    THIS MATTER comes before this Court upon a Motion for Writ of Execution filed by Kupper Parties on April 8, 2026. Doc. No. 650. Foundation Parties filed a Response on April 22, 2026. Doc. No. 656. Kupper Parties replied on April 29, 2026. Doc. No. 658.

[¶ 2]    Pursuant to Federal Rule of Civil Procedure 69, Kupper Parties requests a writ to facilitate collecting on the Amended Judgment filed on April 7, 2024. Doc. No. 545. The judgment entitles Kupper Parties to $3,364,195.67, plus post-judgment interest at 4.28% per annum until the judgment is satisfied, which totals $213,419.09 as of the date of this Order (541 days x $394.49

- 1 -

per day). In addition, Kupper Parties were awarded attorney costs and fees totaling $1,308,515.15, plus post-judgment interest at 3.97% per annum until the judgment is satisfied, which totals $76,995.12 as of the date of this Order (541 days x $142.32 per day).

[¶ 3]    "A money judgment is enforced by a writ of execution," which follows "the procedure of the state where the court is located, but a federal statute governs to the extent it applies." Fed. R. Civ. P. 69(a)(1). The United States Marshals Service executes federal writs of execution. 28 U.S.C. § 566(c). North Dakota law requires writs to describe the judgment (including location, date, and time filed), parties' names, and the last-known address of judgment debtor. N.D.C.C. § 28-21-06. The law also lists requirements for a specific writ. Id.

[¶ 4]    Foundation Parties argue the motion does not comply with N.D. law for several reasons.

[¶ 5]    First, the Foundation Parties argue the motion is not specific. N.D.C.C. § 28-21-06 outlines the requirements of a specific writ but does not contain any guidance as to a general writ. But because Kupper Parties do not ask for a specific writ, N.D.C.C. § 28-21-06's requirements for a special writ do not apply.

[¶ 6]    Second, the Foundation Parties argue the motion is not directed to a proper official. While there may be some room for debate as to whether a state official can serve a federal writ,[1] there is no room to argue that a federal officer cannot serve a federal writ of execution. U.S. Code dictates

---

[1] Federal Rule of Civil Procedure 4.1 says process must be served by a U.S. marshal or someone specially appointed to serve, while Rule 69 says writs of execution must follow state procedure, which directs a writ to be served by a sheriff. See, e.g., N.D.C.C. § 28-16-06. The Second Circuit held 4.1 "trumps" 69 and, therefore, even if the writ follows state procedure it must be served by a U.S. marshal. See Schneider v. Nat'l R.R. Passenger Corp., 72 F.3d 17, 19–20 (2d Cir. 1995). The Sixth Circuit allows for state officials or federal officials to serve the writ. Apostolic Pentecostal Church v. Colbert, 169 F.3d 409, 414–15 (6th Cir. 1999). The Eleventh Circuit more recently said that only U.S. marshals may serve federal writs of execution. Branch Banking & Tr. Co. v. Ramsey, 559 F. App'x 919, 923–24 (11th Cir. 2014).

that U.S. Marshals execute federal writs. The Motion is, therefore, directed toward a proper official.

[¶ 7]   Third, the Foundation Parties argue the writ would not be capable of being executed according to statutory requirements of specifically identifying property to be levied. Kupper Parties, however, ask for a general writ, which does not require specific identification. It is in their interest to provide the most specific information they have so the Marshals will not return the writ unexecuted. Kupper Parties have shown that there is property in North Dakota, and Foundation Parties made no argument these accounts are not subject to a writ.

[¶ 8]   Last, Foundation Parties argue the entire motion is improper because the rule does not require a motion before the court. However, Federal Rule of Civil Procedure 69 does not prohibit a motion, and other courts have granted a motion for a writ of execution. See BMO Bank N.A. v. KDW Construction, LLC, Case No. 1:24-cv-00141, Doc. No. 13 (D.N.D. May 12, 2025).

[¶ 9]   The Court has carefully reviewed the entire record. For good cause shown, the Court **GRANTS** the Motion for Writ of Execution (Doc. No. 650). The Clerk of Court is directed to issue the requested general writ of execution directing the U.S. Marshals Service to provide assistance in the execution of the writ as provided by 28 U.S.C. §§ 566(c) and 564 and as described in the motion.

[¶ 10]  **IT IS SO ORDERED**.

   Dated May 1, 2026.

   Daniel M. Traynor, District Judge
   United States District Court