**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NORTH DAKOTA**

| | |
|---|---|
| FA ND CHEV, LLC and FA ND SUB, LLC, )<br>)<br>    Plaintiffs, )<br>)<br>v. )<br>)<br>Robert Kupper; Bismarck Motor Company; )<br>and BMC Marine LLC d/b/a Moritz Sport )<br>& Marine, )<br>)<br>    Defendants. )<br>_____ )<br>)<br>BAPTKO, Inc., )<br>)<br>    Plaintiff and Counter-Defendant, )<br>)<br>v. )<br>)<br>Foundation Automotive Corp., an Alberta )<br>Corporation; FA ND CHEV, LLC; and )<br>FA ND SUB, LLC, )<br>)<br>    Defendants and Counterclaimants. ) | **ORDER DISCHARGING<br>ORDER TO SHOW CAUSE**<br><br><br><br><br><br><br><br><br><br><br><br><br><br><br><br>Case No.: 1:20-cv-00138 |

On February 11, 2026, the undersigned issued a Report and Recommendation on a variety of motions. (Doc. No. 642). This included a recommendation that FA ND CHEV, LLC, FA ND SUB, LLC, and Foundation Automotive Corp. (collectively "Foundation Parties") be required to post a supersedeas bond for the full amount of judgment, plus 10% for post-judgment interest, costs, and damages.

On February 23, 2026, the Court adopted the Report and Recommendation in its entirety and directed that the Foundation Parties deposit $5,139,981.90 with the Clerk of Court, at which time the Order and Judgment would be stayed pending appeal. (Doc. No. 645).

On March 16, 2026, the parties participated in a status conference with the undersigned to

discuss pending discovery issues and concerns raised pertaining to the February 23, 2026, Order as to the deposit of a bond. (Doc. No. 647). At the conclusion of the conference, the undersigned directed the Foundation Parties to provide Robert Kupper and BAPTKO, Inc. (collectively "BAPTKO") with all available information pertaining to the receipt and transfer of the proceeds from the sale of the Mandan dealerships, and for the Foundation Parties to show cause why they, their officers, directors, and representatives should not be held in contempt for failing to post bond as directed by the February 23, 2026, Order. (Doc. No. 648).

On March 31, 2026, the Foundation Parties filed a *Response to Order to Show Cause*. (Doc. No. 649). BAPTKO filed its *Response to Order to Show Cause* on April 9, 2026. (Doc. No. 652). On April 23, 2026, the Foundation Parties filed a *Further Response to Order to Show Cause*. (Doc. No. 657).

## I.    LEGAL STANDARD AND DISCUSSION

As an initial matter, both the Foundation Parties and BAPTKO put forth arguments outside the scope of the Court's March 17, 2026, Order. This Court ordered the parties "to show cause why the Foundation Parties, their officers, directors, and representatives should not be held in contempt for failing to abide by the February 23, 2026, Order requiring it to post bond in the amount of $5,139, 981.90." (Doc. No. 648 at 2). Accordingly, the Court will not consider any argument outside the scope of determining whether contempt is warranted and any associated remedies.

BAPTKO provided several available remedies the Court may consider in determining whether civil or criminal contempt is appropriate. Such remedies include receivership, a writ of execution, an award of attorneys' fees and costs and/or monetary fine, incarceration of the Foundation Parties' CEO Kevin Kutschinski and CFO Derek Slemko, dismissal of the Foundation Parties' appeal, or involuntary bankruptcy. (*See generally* Doc. No. 652 at 26-49). In response, the Foundation Parties argued that if the Court were to conclude that contempt is warranted, the

available remedies have no reasonable relationship to the present circumstances as the relief sought by BAPTKO is both punitive and disproportionate. (Doc. No. 657 at 21).

Here, it is worth noting that BAPTKO sought a writ of execution on April 8, 2026, after the Court directed the parties to show cause. (*See* Doc. Nos. 648, 650). Since this Court's Order and BAPTKO's motion, Judge Daniel M. Traynor granted the motion, and a writ of execution was issued. (*See* Doc. Nos. 659, 660 ("For good cause shown, the Court [grants] the Motion for Writ of Execution (Doc. No. 650). The Clerk of Court is directed to issue the requested general writ of execution directing the U.S. Marshals Service to provide assistance in the execution of the writ as provided by 28 U.S.C. §§ 566(c) and 564 and as described in the motion.")).

Because relief has already been contemplated by the Court in the form of the writ of execution, it is not presently reasonable to consider any additional relief or contempt. Moreover, this Court is inclined to agree with the Foundation Parties that another civility reminder is required. (*See* Doc. No. 657 at 1-2, 24). This Court previously issued a reminder that "the parties' counsel are encouraged to recall their civility and remember that they are working in the best interests of their clients, not ad hominem attacks on one another." (Doc. No. 642). Based on the briefing, the Court again stresses the importance of civility and that collateral attacks are not warranted, necessary, or helpful in the successful representation of one's client.

## II.    CONCLUSION

For the reasons articulated above, the Court discharges its previous *Order to Show Cause*. (*See* Doc. No. 648).

**IT IS SO ORDERED.**

Dated this 19th day of May, 2026.

> */s/ Clare R. Hochhalter*
> Clare R. Hochhalter, Magistrate Judge
> United States District Court